DARLENE C. VIGIL
State Bar No. 223442
BARRETT DAFFIN FRAPPIER
TREDER & WEISS, LLP
3990 E. Concours Street, Suite 350
Ontario, California 91764
(626) 371-7000 – Phone
(972) 661-7726 - Fax
File No. 10595817
cdcaecf@BDFGroup.com

Attorneys for Defendants
WILMINGTON TRUST, NATIONAL ASSOCIATION,
NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY
AS TRUSTEE OF MFRA TRUST 2015-2 and BARRETT
DAFFIN FRAPPIER TREDER & WEISS, LLP

## UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>MAJED FAKHOURY,<br><br>    Debtor.<br>_____<br>MAJED FAKHOURY,<br><br>    Plaintiff,<br><br>vs.<br><br>WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF MFRA TRUST 2015-2;  BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP,<br><br>    Defendants. | CASE NO.:  6:25-bk-15967-SY<br><br>CHAPTER:  7<br><br>ADV NO.:  6:25-ap-01104-SY<br><br>NOTICE OF AMENDED MOTION AND AMENDED MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Documents Filed Herewith:<br>1. Request for Judicial Notice<br><br>Hearing Date:<br>Date:  TBA<br>Time:  TBA<br>Ctrm:  302 |

Defendants Wilmington Trust, National Association, Not in its Individual Capacity, But

Solely as Trustee of MFRA Trust 2015-2 ("Wilmington") and Barrett Daffin Frappier Treder &

Weiss, LLP ("BDFTW") (collectively "Defendants") hereby move this Court for an order dismissing Plaintiff Majed Fakhoury's ("Plaintiff") Adversary Complaint filed on September 8, 2025 ("Complaint").

This Motion is brought pursuant to Federal Rule of Civil Procedure ("FRCP"), Rule 12(b)(6), made applicable to bankruptcy cases by Federal Rule of Bankruptcy Procedure ("FRBP"), Rule 7012(b)(6) and FRCP Rule 12(b)(1), made applicable to bankruptcy cases by FRBP Rule 7012(b(1). The Motion is based on the grounds that the Complaint and each of its causes of action fail to state a claim against Defendants upon which relief may be granted.   Such motion will be brought on the grounds that, after reviewing the non-conclusive allegations of the Complaint, Plaintiff has not pled essential facts which give rise to his claims and/or  the claims are barred (1) on their face and/or (2) as a result of matter which may properly be judicially noticed by the court.

This Motion is based upon this Notice, the Memorandum of Points and Authorities, Request for Judicial Notice and Exhibits filed concurrently herewith, and such other papers and pleadings and arguments of counsel as may be presented to the Court at or before the hearing on the Motion.

Pursuant to Local Bankruptcy Rule 9013-1(f), any written response to Defendants' Motion must be filed and served at least fourteen (14) days before the hearing on the Motion.

Respectfully submitted,

BARRETT DAFFIN FRAPPIER
TREDER & WEISS, LLP

Dated:  December 4, 2025          By:    /s/ Darlene C. Vigil_____
DARLENE C. VIGIL
Attorneys for Defendants
WILMINGTON TRUST, NATIONAL
ASSOCIATION, NOT IN ITS INDIVIDUAL
CAPACITY, BUT SOLELY AS TRUSTEE OF
MFRA TRUST 2015-2 and BARRETT DAFFIN
FRAPPIER TREDER & WEISS, LLP

ii

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.      INTRODUCTION -** On January 25, 2019, non-filing Borrower Lara Fakhoury obtained a mortgage loan from Wilmington's predecessor in interest Citadel Servicing Corporation in the principal amount of $780,000.00, secured by a first priority Deed of Trust against the real property located at 1243 Jacaranda Place, Upland, CA 91784 ("Property") (the "Loan"). **Lara Fakhoury is the sole borrower on the Loan.**   The terms of the Loan provide for monthly loan payments commencing March 1, 2019, and continuing on the first day of each consecutive month thereafter until February 1, 2049, when all outstanding amounts became due and payable.

Lara Fakhoury failed to pay as agreed under the terms of the Loan.  In September, 2024, Wilmington commenced non-judicial foreclosure proceedings against the Property.  On September 13, 2024, BDFTW, as foreclosure trustee, recorded a Notice of Default reflecting the Loan was due for April 1, 2024 and, as of September 20, 2024, the past due amount totaled $34,923.57.  On April 15, 2025, BDFTW recorded a Notice of Trustee's Sale setting a foreclosure sale date of May 19, 2025.  The Notice of Sale reflected the unpaid balance owing on the Loan in the amount of $803,402.29.

Plaintiff Majed Fakhoury's current underlying bankruptcy case is the fourth bankruptcy affecting the Property since August 12, 2022 and the third bankruptcy filed to delay Wilmington's ability to enforce its state law default remedies against the Property.  Three of the prior bankruptcies were filed by Lara Fakhoury.  Lara Fakhoury's Schedules reflect she is the sole owner of the Property and sole obligor on the Loan.  Her Schedules do not reflect the Property is community property.

On September 4, 2025, BDFTW conducted a non-judicial foreclosure sale of the Property.  A third party purchaser submitted the prevailing bid and acquired the Property.  On September 8, 2025, Plaintiff filed the instant adversary complaint advising he and Lara Fakhoury were married in 1998

and have been married continuously.  Plaintiff also alleged he held a community property interest in the Property.

At no time prior to September 8, 2025 was BDFTW or Wilmington aware that Plaintiff alleged a community property interest in the Property.  And, at no time prior to the September 4, 2025 Trustee Sale did BDFTW or Wilmington receive any documents or communications advising or reflecting Plaintiff's purported community property interest in the Property.  The trustee's sale was conducted in good faith, without prior knowledge of Plaintiff's purported interest in the Property.

Plaintiff's underlying bankruptcy case was filed in an effort to delay or otherwise seek to interfere with Wilmington's ability to proceed with its state law remedies.  This case as well as the other three cases, were filed to delay and hinder creditors.  Balancing of the equities weighs in favor of annulment of the automatic stay to validate the September 4, 2025 foreclosure sale to the third party purchaser.  On October 14, 2025, Wilmington filed a Motion for Annulment of the Automatic Stay Retroactive to the Petition filing date ("MFR").  On November 5, 2025 the MFR was granted and the Order entered on November 13, 2025 ("Order").  On November 18, 2025 the Trustee's Deed Upon Sale was recorded in the Official Records of San Bernardino County. Six days later, on November 24, 2025, Lara Fakhoury appealed the Order to the Ninth Circuit Bankruptcy Appellate Panel ("BAP").  That appeal is pending.

The Complaint alleges five causes of action against Defendants Wilmington and BDFTW for completing the trustee's sale on September 4, 2025, including willful violation of the automatic stay, avoidance of unauthorized postpetition transfer, turnover of the Property, declaratory and injunctive relief to stop the sale.  Because cause exists to annul the automatic stay retroactively to the petition filing date, each of Plaintiff's causes of action fail to state a claim.  In addition, due to the appeal of the Order to the BAP, the bankruptcy court is divested of its control over those aspects of the case

involved in the appeal which is the entirety of the adversary complaint.  The Court should therefore dismiss the Complaint in its entirety.

## II.    FACTS AND PROCEDURAL HISTORY

A.    <u>Non-Filing Borrower Lara Fakhoury's Loan Obligation</u> - On January 25, 2019, non-filing borrower Lara Fakhoury ("Borrower") executed a Fixed/Adjustable Rate Note in the original principal amount of $780,000.00 in favor of Defendant Wilmington Trust, National Association, Not in its Individual Capacity But Solely as Trustee of MFRA Trust 2015-2's ("Wilmington") predecessor in interest, Citadel Servicing Corporation ("Note").[1]  At the same time as security for the Note, Lara Fakhoury, a Single Woman, executed a Deed of Trust ("Deed of Trust") against the real property generally known as **1243 JACARANDA PLACE, UPLAND, CA 91784** ("Property") (the "Loan Obligation").  (RJN, Exhibit  2).  The Deed of Trust recorded as a first priority lien against the Property. (*Id.*)  On February 11, 2022, the Deed of Trust was assigned to Wilmington. (RJN, Exhibit 3).  **The Note identifies one borrower, Lara Fakhoury, and the Deed of Trust identifies Lara Fakhoury, a single woman as the only borrower.  Lara Fakhoury is the sole borrower on the Loan**.

B.    <u>Lara Fakhoury's Default and Related Foreclosure Activity</u>  - Commencing in April, 2024, Borrower failed to pay as agreed under the terms of the Loan Obligation.  (RJN, Exhibit 4).  On April 29, 2024, Defendant Barrett Daffin Frappier Treder & Weiss, LLP ("BDFTW") was appointed as Substitute Trustee under said Deed of Trust.  (RJN, Exhibit 6).  On September 24, 2024, non-judicial foreclosure proceedings were commenced and a Notice of Default was recorded against the Property reflecting loan arrears of over $34,923.57 as of September 20, 2024.  (RJN, Exhibit 4).  In

---

[1] A true and correct copy of the endorsed Note is attached as Exhibit 2 to Wilmington's Motion for Relief from the Automatic Stay filed on October 14, 2025 in the underlying bankruptcy filed by Plaintiff Majed Fakhoury (Dkt. #42) and attached as **Exhibit 1** to the Request for Judicial Notice filed concurrently herewith ("RJN").

April, 2025, a Notice of Trustee's Sale was recorded scheduling a sale date for May 19, 2025.  (RJN, Exhibit 5).

C.    <u>Multiple Bankruptcies Affecting the Property Since August 12, 2022</u> - Plaintiff's underlying bankruptcy case is the fourth bankruptcy affecting the Property since August 12, 2022 and the third bankruptcy filed to delay the scheduled foreclosure sale set forth as follows:

1.    <u>Lara Fakhoury's 2022 Bankruptcy Case</u> - On August 12, 2022, Lara Fakhoury filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code commencing United States Bankruptcy Court, Central District of California, Case No. 6:22-bk-13036-SY (the "2022 Case").

On August 12, 2022, she filed Schedules A, D and H (Dkt. #1).  (RJN, Exhibit 7).  Lara Fakhoury's Schedules A, D and H reflect she is the sole owner of the Property, sole obligor on the mortgage and she has no co-debtors.  Lara Fakhoury's Schedules do not reflect the Property is community property.  On May 10, 2023 Wilmington's Motion for Relief from the Automatic stay was granted and the 2022 Case dismissed (Dkt. #66).  (RJN, Exhibit 8).

**Three Bankruptcies Timed to Delay the Foreclosure Sale**

After Wilmington commenced non-judicial foreclosure proceedings against the Property, the following three bankruptcies were filed to delay the foreclosure sale:

2.    <u>The First Case – Lara Fakhoury's May 15, 2025 Bankruptcy</u> - On May 15, 2025, four days before the scheduled foreclosure sale, Lara Fakhoury filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code and was assigned Case No. 6:25-bk-13166-SY (the "First Case").  Due to the filing of the First Case the foreclosure sale was subsequently postponed to July 28, 2025.[2]

On May 29, 2025, Lara Fakhoury filed Schedules A, D and H (Dkt. #1).  (RJN, Exhibit 9). Lara Fakhoury's Schedules A, D and H reflect she is the sole owner of the Property, sole obligor on the

---

[2] *See*, RJN, Exhibit 1, Decl. of Erica Jones, ¶ 7.

mortgage and she has no co-debtors.  Lara Fakhoury's Schedules do not reflect the Property is community property.  The First Case dismissed on July 16, 2025 (Dkt. #21).  On September 17, 2025, Chapter 13 Trustee Rod Danielson filed a Final Report and Account (Dkt. #25) reflecting $0 receipts were paid by or on behalf of the Debtor during the First Case.  (RJN, Exhibit 10).

3.    <u>The Second Case – Lara Fakhoury's July 25, 2025 Bankruptcy</u> – Nine days after the dismissal of the First Case, Lara Fakhoury filed the second case.  On July 25, 2025, three days before the scheduled foreclosure sale, Lara Fakhoury filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code and was assigned  Case No. 6:25-bk-15107-SY (the "Second Case").  Due to the filing of the Second Case the foreclosure sale was subsequently posponed to August 28, 2025.[3]

On August 8, 2025, she filed Schedules A, D and H, I and J  (Dkt. #1).  (RJN, Exhibit 11).  Lara Fakhoury's Schedules A, D and H reflect she is the sole owner of the Property, sole obligor on the mortgage and she has no co-debtors.  Lara Fakhoury's Schedules do not reflect the Property is community property.  Lara Fakhoury's Schedules I and J reflect she is operating in the negative each month with a scheduled monthly net income in the amount of  - $4,463.02, an amount insufficient to fund her proposed Chapter 13 plan.

On August 20, 2025 Lara Fakhoury's Motion to Continue the Automatic Stay in the Second Case was denied. (RJN, Exhibit 12).  On September 4, 2025, she filed an Amended Motion for Reconsideration of Order Denying Motion to Continue the Automatic Stay (Dkt. #33).  (RJN, Exhibit 23).  In support of re-imposing the stay, she attached as Exhibit D a copy of correspondence allegedly from ELJO, LLC, the alleged employer of her husband Majed Fakhoury reflecting new employment with a bi-weekly salary in the amount of $7,100, resulting in a monthly gross income of

---

[3] *See*, RJN, Exhibit 1, Decl. of Erica Jones, ¶ 8.

approximately $14,200. (*Id.*) Based thereon, Lara Fakhoury alleged her proposed chapter 13 plan was now feasible.  The Exhibit D correspondence was not on letterhead and was purportedly signed by "Kal Elias, Chief Executive Officer of ELJO, LLC."  (*Id.*)  ELJO, LLC's Statement of Information filed with the California Secretary of State on August 27, 2025 reflects its Chief Executive Officer is Elias Fakhoury not Kal Elias. (RJN, Exhibit 24).  The name "Kal Elias" appears to be a combination of the first names of ELJO, LLC's Agent for Service of Process, Khalid Fakhoury, and CEO Elias Fakhoury. (*Id.*) Lara Fakhoury's motion for reconsideration was denied on October 1, 2025.   On October 2, 2025, the Second Case was dismissed with a 180-day bar to refiling (Dkt. #46).

4.    <u>The Third Case – Plaintiff Majed Fakhoury's Underlying Bankruptcy</u> - On August 25, 2025, three days before the scheduled foreclosure sale, Plaintiff filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code and was assigned Case No. 6:25-bk-15967-SY (the "Current Case").   Plaintiff's bankruptcy filing was skeletal; no schedules, plan or statement of financial affairs was filed. (RJN, Exhibit 13). Wilmington's predecessor in interest Citadel Servicing is the only creditor listed or scheduled in the Debtor's case commencement documents. (*Id.*)   On September 8, 2025, Plaintiff filed Schedules A, D, H and I (Dkt. #20).  (RJN, Exhibit 14).  Plaintiff's Schedules A and D allege the Property is community property.  (*Id.*)  On October 1, 2025, after Lara Fakhoury's motion for reconsideration was denied in the Second Case, Plaintiff converted the Current Case to Chapter 7.

D.    <u>Wilmington's September 4, 2025 Foreclosure Sale</u> –  On August 28, 2025, the foreclosure sale was postponed to September 4, 2025 at 12:00 p.m. due to AB2424 as the Property did not sell for the statutory bid minimum.[4]   On September 4, 2025, BDFTW as the duly appointed foreclosure trustee conducted a non-judicial foreclosure sale of the Property.  The sale was scheduled

---

[4] *See*, RJN, Exhibit 1, Decl. of Erica Jones, ¶ 10.

for 12:00 p.m. and cried at 1:24 p.m. (the "Trustee's Sale").[5]  A third-party purchaser submitted the prevailing bid and acquired the Property.[6]

After the sale was conducted, on September 8, 2025, BDFTW and Wilmington became apprised by way of Plaintiff's Adversary Complaint that he alleged a community property interest in the Property.[7]  On September 8, 2025, Plaintiff filed the instant adversary complaint.  In the Adversary, Plaintiff alleged he and Lara Fakhoury were married in 1998 and have been married continuously since and he held a community property interest in the Property under California Family Code §760.[8]

E.    <u>The Title Records for the Property</u> - The title records for the Property show:

- Majdey Fakhoury acquired title as a single man on 01/09/98.  (RJN, Exhibit 15).
- Majedy Fakhoury, a single man, conveyed title, to Lara Fakhoury, a single woman, on 07/11/07.  (RJN, Exhibit 16).
- Lara Fakhoury conveyed title to Ejans Investment and Development Co. on 07/16/10 (no consideration).  (RJN, Exhibit 17).
- Ejans Investment and Development Co. conveyed title to Lara Fakhoury on 08/23/11 (no consideration).  (RJN, Exhibit 18).
- Lara Fakhoury, a single woman, conveyed title to Majedy Fakhoury, a single man, on 12/05/11 (no consideration).  (RJN, Exhibit 19).
- Majedy Fakhoury, a single man, conveyed title to Anwar Fakhouri, a married man, on 12/03/13.  (RJN, Exhibit 21).
- Anwar's spouse quitclaimed her interest to Anwar Fakhouri on 12/03/13.  (RJN, Exhibit 20).
- Anwar Fakhoury, a single man, conveyed title to Lara Fakhoury, a single woman on 01/29/19 (full value deed ).  (RJN, Exhibit 22).

The marital status on the deeds appear to contradict Majed Fakhoury's allegation that he and Lara Fakhoury have been married continuously since 1998.

III.    <u>**WILMINGTON'S MOTION FOR ANNULMENT OF THE AUTOMATIC STAY RETROACTIVE TO THE PETITION FILING DATE**</u>

On October 14, 2025, Wilmington filed a Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362 requesting Annulment of the Automatic Stay Retroactive to the Petition Filing Date

---

[5] *See*, Complaint, ¶¶ 10-11.
[6] *See*, RJN, Exhibit 1, Decl. of Erica Jones, ¶ 12 and Exhibit 25, Trustee's Deed Upon Sale.
[7] *See*, RJN, Exhibit 1, Decl. of Thomas Abballe and Decl. of Erica Jones, ¶ 7.
[8] *See*, Complaint ¶¶ 10-11.

("MFR") scheduled for hearing on November 5, 2025 (Dkt. #42) (RJN, Exhibit 1). At no time prior to September 8, 2025 was BDFTW or Movant aware that Majed Fakhoury alleged a community property interest in the Property[9]. And, at no time prior to the September 4, 2025 Trustee Sale did BDFTW or Movant receive any documents or communications advising or reflecting Majed Fakhoury's purported community property interest in the Property.[10] The trustee's sale was conducted in good faith without knowledge of Plaintiff's purported interest in the Property.[11] Balancing of the equities weighs in favor of annulment of the automatic stay to validate the September 4, 2025 foreclosure sale to the third party purchaser.

## IV.  **ARGUMENT**

### A.    CAUSE EXISTS UNDER 11 U.S.C. § 362(d)(1) TO  ANNUL THE AUTOMATIC STAY RETROACTIVE TO THE PETITION FILING DATE

Bankruptcy Courts have wide latitude in crafting relief from the stay, including the power to grant retroactive relief. *In re Nat'l Envtl. Waste Corp.,* 191 B.R. 832, 836 (Bankr. C.D. Cal. 1996) subsequently aff'd 129 F.3d 1052 (9th Cir. 1997) (internal citations omitted). The analysis for retroactive annulment entails "weighing the equities" on a "case by case" basis. See *In re Fjeldsted*, 293 B.R. 12, 23 (B.A.P. 9th Cir. 2003).*Id.*

Cause exists to retroactively annul the automatic stay in this case to the petition date to validate Wilmington's September 4, 2025 non-judicial foreclosure sale of the Property to the third party purchaser. This is the fourth bankruptcy affecting the Property since August, 2022  and the third bankruptcy timed to delay or otherwise seek to interfere with Wilmington's ability to proceed with its  state law default remedies against the Property. And, at no time prior to the September 4, 2025 Trustee Sale did BDFTW or Wilmington receive any documents or communications advising or reflecting Plaintiff's purported community property interest in the Property. The trustee's sale was

---

[9] *See*, RJN, Exhibit 1, Decl. of Thomas Abballe and Decl. of Erica Jones, ¶ 15.
[10] *Id.*
[11] *See*, RJN, Exhibit 1, Decl. of Thomas Abballe and Decl. of Erica Jones, ¶ 16.

conducted in good faith, without prior knowledge of Plaintiff's purported interest in the Property. Further, the marital status on the deeds appear to contradict Majed Fakhoury's allegation that he and Lara Fakhoury have been married continuously since 1998. (RJN, Exhibits 15-22). Annulment of the automatic stay is appropriate to validate the September 4, 2025 foreclosure sale of the Property to the third party purchaser. Because cause exists to annul the stay retroactively to the petition filing date, Debtor's Complaint against Defendants fails to state a claim and should be dismissed.

## V. THE COMPLAINT LACKS A CLAIM UPON WHICH RELIEF CAN BE GRANTED

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), made applicable by Bankruptcy Rule 7012(b)(6), tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Facts properly subject to judicial notice may be used to establish that the complaint does not state a claim for relief. *Intri-Plex Techs, Inc. v. Crest Grp., Inc.*, 499 F.3d 1048. 1052 (9th Cir. 2007). In this regard, a court can properly take judicial notice of court papers filed in related litigation. *Estate of Blue*, 120 F.3d at 984.

### A. PLAINTIFF'S FIRST, SECOND AND THIRD CAUSES OF ACTION FAIL TO STATE A CLAIM

Cause exists under 11 U.S.C. § 362(d)(1) to annul the automatic stay retroactively to the petition filing date. Because cause exists to retroactively annul the automatic stay, each cause of action pertaining to Defendants Wilmington and BDFTW conducting the trustee's sale on September 4, 2025 fails to state a claim. Accordingly, Plaintiff's first cause of action, second cause of action and third cause of action fail to state a claim.

### B. PLAINTIFF'S FOURTH AND FIFTH CAUSES OF ACTION FAIL TO STATE A CLAIM

Declaratory relief is a remedy for an underlying cause of action, and is not itself a separate substantive cause of action or claim. *In re Brinson*, 485 B.R. 890, 904 (Bankr. N.D. Ill. 2013). Plaintiff's fourth cause for declaratory relief essentially seeks a declaration stating the foreclosure sale violated the automatic stay and is void. This claim is derivative of his other claims for relief in

the Complaint.  Thus, the claim fails.  Plaintiff's fifth cause of action for injunctive relief also fails to

state a claim.  An injunction is a remedy – not a cause of action. *McDowell v. Watson,* 59 Cal. App.

4th 1155, 1159, 69 Cal. Rptr. 2d 692 (Cal. Ct. App. 1997). Thus, this claim also fails.

## VI.    THE COURT LACKS SUBJECT MATTER JURISDICTION TO HEAR AND RESOLVE THE CLAIMS ALLEGED IN THE COMPLAINT WHICH ARE THE SAME CLAIMS ON APPEAL IN THE BAP

Subject matter jurisdiction is properly raised in a motion to dismiss under Federal Rule of

Civil Procedure 12(b)(1), made applicable by Bankruptcy Rule 7012(b)(1).  The filing of a notice of

appeal "is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and

divests the [bankruptcy] court of its control over those aspects of the case involved in the appeal."

*Trulis v. Barton,* 107 F.3d 685, 694-95 (9th Cir. 1995).  The purpose of this judicially-created

doctrine is to promote judicial economy and to prevent the dysfunction that could result from two

courts addressing the same issue."  *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58, 103 S.

Ct. 400, 74 L.Ed.2d 225 (1982).

In this case, the Complaint alleges five causes of action in connection with the foreclosure

sale and alleged violation of the automatic stay.  The claims in the Complaint implicate the same

issues considered by the court in granting Wilmington's MFR.  As a result, due to the pending appeal

of the Order to the BAP, the court has been divested of its subject matter jurisdiction over those

claims.  The motion to dismiss should be granted.

## VII.    CONCLUSION - For the foregoing reasons, Defendants respectfully request that the Court

grant their Motion to Dismiss Plaintiff's Adversary Complaint in its entirety, without leave to amend.

BARRETT DAFFIN FRAPPIER
TREDER & WEISS, LLP

Dated:  December 4, 2025            By:    /s/ Darlene C. Vigil_____
                                            DARLENE C. VIGIL
                                            Attorneys for Defendants

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
3990 E. Concours Street, Suite 350, Ontario, CA 91764

A true and correct copy of the foregoing document entitled (*specify*): <u>Notice of Amended Motion and Amended Motion to Dismiss Plaintiff's Complaint; Memorandum of Points and Authorities</u>  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>December 8, 2025</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

U.S Trustee/(RS):  ustpregion16.rs.ecf@usdoj.gov
Debtor's Attorney:  Benjamin Heston:  bhestonecf@gmail.com, benheston@recap.email,
      NexusBankruptcy@jubileebk.net
Chapter 7 Trustee :  Charles W. Daff:  charleswdaff@gmail.com, c122@ecfcbis.com
Attorney for Chapter 7 Trustee :  Tinho Mang:  tmang@marshackhays.com, tmang@ecf.courtdrive.com;
      alinares@ecf.courtdrive.com; cmendoza@ecf.courtdrive.com; cmendoza@marshackhays.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) <u>December 8, 2025,</u> I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Debtor:  Majed Fakhoury, 1243 Jacaranda Pl., Upland, CA 91784

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) <u>December 8, 2025</u>, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

Hon. Scott H. Yun
United States Bankruptcy Court
Central District of California
3420 Twelfth St., Suite 345
Riverside, CA 92501-3819.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/08/2025 | DARLENE VIGIL | /s/ Darlene Vigil |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.