1

2

3

4

5

6

DARLENE C. VIGIL
State Bar No. 223442
BARRETT DAFFIN FRAPPIER
TREDER & WEISS, LLP
3990 E. Concours Street, Suite 350
Ontario, California 91764
(626) 371-7000 – Phone
(972) 661-7726 - Fax
File No.10595817
cdcaecf@BDFGroup.com

7

8

9

10

Attorneys for Defendants
WILMINGTON TRUST, NATIONAL ASSOCIATION,
NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY
AS TRUSTEE OF MFRA TRUST 2015-2 and BARRETT
DAFFIN FRAPPIER TREDER & WEISS, LLP

11

12

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| 13 In re:<br><br>14 MAJED FAKHOURY,<br><br>15           Debtor.<br>16 _____<br><br>17 MAJED FAKHOURY,<br><br>18           Plaintiff,<br><br>19 vs.<br><br>20 WILMINGTON TRUST, NATIONAL<br>ASSOCIATION, NOT IN ITS INDIVIDUAL<br>21 CAPACITY, BUT SOLELY AS TRUSTEE<br>OF MFRA TRUST 2015-2;  BARRETT<br>22 DAFFIN FRAPPIER TREDER & WEISS,<br>LLP,<br>23<br>24           Defendants.<br>25<br>26<br>27 / / / | CASE NO.:    6:25-bk-15967-SY<br><br>CHAPTER:    7<br><br>ADV NO.:    6:25-ap-01104-SY<br><br>REQUEST FOR JUDICIAL NOTICE IN<br>SUPPORT OF DEFENDANTS' AMENDED<br>MOTION TO DISMISS PLAINTIFF'S<br>ADVERSARY COMPLAINT<br><br><u>Documents Filed Herewith</u>:<br>1.    Notice of Amended Motion and Amended<br>      Motion;<br>2.    Memorandum of Points & Authorities<br><br><u>Hearing Date</u>:<br>Date:        TBA<br>Time:       TBA<br>Ctrm:      302 |

28

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

Pursuant to Federal Rule of Evidence 201, which is made applicable to this proceeding by Rule 9017 of the Federal Rules of Bankruptcy Procedure, Defendants Wilmington Trust, National Association, Not in its Individual Capacity, But Solely as Trustee of MFRA Trust 2015-2 ("Wilmington") and Barrett Daffin Frappier Treder & Weiss, LLP ("BDFTW") (collectively "Defendants") hereby request that the Court take judicial notice of the following documents in support of their amended motion to dismiss Plaintiff Majed Fakhoury's ("Plaintiff") Adversary Complaint filed on September 8, 2025 ("Complaint"):

1.      On August 25, 2025, Plaintiff Majed Fakhoury filed a voluntary Chapter 13 bankruptcy petition in the United States Bankruptcy Court, Central District of California, Case No. 6:25-bk-15967-SY (the "Current Case").   On October 14, 2025, Wilmington filed its Notice of Motion and Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362 (with Supporting Declarations) re Real Property located at 1243 Jacaranda Place, Upland, CA 91784 (Dkt. #42) ("MFR").  A true and correct copy of the MFR pleading and Exhibit 2 is attached hereto as **Exhibit 1** and incorporated herein by reference.

2.      Deed of Trust dated January 25, 219 and signed by Lara Fakhoury, a Single Woman in favor of Citadel Servicing Corporation and recorded in the Official Records of San Bernardino County on January 29, 2019 as Document No. 2019-0029406 ("Deed of Trust"), encumbering the real property located at 1243 Jacaranda Place, Upland, CA 91784 ("Property"), a true and correct copy of which is attached hereto as **Exhibit 2** and incorporated herein by reference.

3.      Corporation Assignment of Deed of Trust dated February 11, 2022, and recorded in the Official Records of San Bernardino County on February 11, 2022 as Instrument Number 2022-0058290, a true and correct copy of which is attached hereto as **Exhibit 3** and incorporated herein by reference.

4.      Notice of Default and Election to Sell Under Deed of Trust dated September 20, 2024 and recorded in the Official Records of San Bernardino County on September 24, 2024 as Instrument No. 2024-0228190, a true and correct copy of which is attached hereto as **Exhibit 4** and incorporated herein by reference.

5.      Notice of Trustee's Sale, giving a sale date of May 19, 2025 at 12:00 p.m., dated April 14, 2025 and recorded in the Official Records of San Bernardino County on April 15, 2025 as Instrument No. 2025-0081262, a true and correct copy of which is attached hereto as **Exhibit 5** and incorporated herein by reference.

6.      Substitution of Trustee dated August 29, 2024 and recorded on September 3, 2024 in the Official Records of San Bernardino County as Instrument Number 2024-0206625, a true and correct copy of which is attached hereto as **Exhibit 6** and incorporated herein by reference.

## <u>MULTIPLE BANKRUPTCIES AFFECTING THE PROPERTY</u>

### Borrower Lara Fakhoury's 2022 Bankruptcy

7.      On August 12, 2022, non-filing Borrower Lara Fakhoury ("Borrower") filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code commencing United States Bankruptcy Court, Central District of California, Case No. 6:22-bk-13036-SY (the "2022 Case").   On August 12, 2022, Lara Fakhoury filed Schedules A, D and H (Dkt. #1), true and correct copies of which are attached collectively hereto as **Exhibit 7** and incorporated herein by reference.   Lara Fakhoury's Schedules A, D and H reflect she is the sole owner of the real property located at 1243 Jacaranda Place, Upland, CA 91784 ("Property"), sole obligor on the mortgage and she has no co-debtors.

8.      On May 10, 2023 Wilmington's Motion for Relief from the Automatic stay was granted and the 2022 Case dismissed (Dkt. #66).   True and correct copies of the Order Granting Wilmington Relief from the Automatic Stay entered on May 18, 2023 (Dkt. #69) and Order and Notice of Dismissal Arising from Motion to Dismiss Chapter 13 (11 U.S.C. § 1307) filed on May 10, 2023 (Dkt. #66) are

attached collectively hereto as **Exhibit 8** and incorporated herein by reference.

9.      After Wilmington commenced non-judicial foreclosure proceedings against the Property, three bankruptcies were filed to delay the foreclosure sale.

**The First Case - Lara Fakhoury's May 15, 2025 Bankruptcy**

On May 15, 2025, Borrower Lara Fakhoury filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code and was assigned Case No. 6:25-bk-13166-SY (the "First Case"). On May 29, 2025, Lara Fakhoury filed Schedules A, D and H (Dkt. #1), true and correct copies of which are attached collectively hereto as **Exhibit 9** and incorporated herein by reference.  Lara Fakhoury's Schedules A, D and H reflect she is the sole owner of the Property, sole obligor on the mortgage and she has no co-debtors.

10.      The First Case dismissed on July 16, 2025 (Dkt. #21).  On September 17, 2025, Chapter 13 Trustee Rod Danielson filed a Final Report and Account (Dkt. #25) reflecting $0 receipts were paid by or on behalf of the Debtor during the First Case, a true and correct copy of which is attached hereto as **Exhibit 10** and incorporated herein by reference.

**The Second Case - Lara Fakhoury's July 25, 2025 Bankruptcy**

11.      On July 25, 2025 Borrower Lara Fakhoury filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code and was assigned  Case No. 6:25-bk-15107-SY (the "Second Case").  On August 8, 2025, Lara Fakhoury filed Schedules A, D, H, I and J (Dkt. #1), true and correct copies of which are attached collectively hereto as **Exhibit 11** and incorporated herein by reference. Lara Fakhoury's Schedule A, D and H reflect she is the sole owner of the Property, sole obligor on the mortgage and she has no co-debtors.  Lara Fakhoury's Schedules I and J reflect she is operating in the negative each month with a scheduled monthly net income in the amount of  - $4,463.02.

12.      On August 20, 2025 Lara Fakhoury's Motion to Continue the Automatic Stay in the Second Case was denied.   A true and correct copy of the Order Denying Debtor's Motion for Order Continuing the Automatic Stay filed and entered on August 28, 2025 (Dkt. #26) is attached hereto as **Exhibit 12** and incorporated herein by reference.

13.      On September 4, 2025, Lara Fakhoury filed an Amended Motion for Reconsideration

of Order Denying Motion to Continue the Automatic Stay (Dkt. #33), a true and correct copy of which is attached hereto as **Exhibit 23** and incorporated herein by reference.

14.     ELJO, LLC's Statement of Information filed on August 27, 2025 in the Office of the California Secretary of State, a true and correct copy of which is attached hereto as **Exhibit 24** and incorporated herein by reference.

### The Third Case - Majed Fakhoury's Current Bankruptcy

15.     On August 25, 2025, Plaintiff Majed Fakhoury filed a volunttary petition under Chapter 13 of the United States Bankruptcy Code and was assigned Case No. 6:25-bk-15957-SY (the "Current Case").   Plaintiff's bankruptcy filing was skeletal; no schedules, plan or statement of financial affairs was filed, a copy of which is attached hereto as **Exhibit 13** and incorporated herein by reference.

16.     On September 8, 2025, Plaintiff filed Schedules A, D, H and I (Dkt. #20), true and correct copies of which are attached hereto as **Exhibit 14** and incorporated herein by reference.

### ORDER GRANTING WILMINGTON'S MFR

17.     On November 5, 2025 the Court granted Wilmington's MFR.  A true and correct copy of the Order Granting Wilmington Trust, National Association, Not In Its Individual Capacity, But Solely as Trustee of MFRA Trust 2015-2's MFR filed and entered on November 13, 2025 (Dkt. #53) is attached hereto as **Exhibit 23** and incorporated herein by reference.

### TRUSTEE'S DEED UPON SALE

18.     Trustee's Deed Upon Sale dated November 14, 2025 and recorded on November 18, 2025 as Document No. 2025-0283973 in the Official Records of San Bernardino County, California, a copy of which is attached hereto as **Exhibit 24** and incorporated herein by reference.

### TITLE DOCUMENTS

19.     Grant Deed executed by Gregory D. Bunch and Piedad M. Bunch transferring the Property to  Majdey Fakhoury, a single man, recorded on January 9, 1998 as Document No. 19980008353 in the Official Records of San Bernardino County, California, a copy of which is attached hereto as **Exhibit 15** and incorporated herein by reference.

20.     Grant Deed executed by Majedy Fakhoury, a single man transferring the Property to Lara Fakhoury, a single woman, recorded on July 11, 2007 as Document No. 2007-0409678 in the Official Records of San Bernardino County, California, a copy of which is attached hereto as **Exhibit 16** and incorporated herein by reference.

21.     Grant Deed executed by Lara Fakhoury transferring the Property to Ejans Investment and Development Co. recorded on July 16, 2010 as Document No. 2010-0287157 in the Official Records of San Bernardino County, California, a copy of which is attached hereto as **Exhibit 17** and incorporated herein by reference.

22.     Quitclaim Deed executed by Ejans Investment and Development Co. transferring the Property to Lara Fakhoury recorded on August 23, 2011, as Document No. 2011-0355721 in the Official Records of San Bernardino County, California, a copy of which is attached hereto as **Exhibit 18** and incorporated herein by reference.

23.     Grant Deed executed by Lara Fakhoury, a single woman, transferring the Property to Majedy Fakhoury, a single man, subject to Chase Bank and EJANS Investment  Development, recorded on December 5, 2011 as Document No. 2011-0513587, Official Records of San Bernardino County, California, a copy of which is attached hereto as **Exhibit 19** and incorporated herein by reference.

24.     Interspousal Transfer Deed executed by Abeer Fakhouri transferring the Property to Anwar Fakhouri, a married man as his sole and separate property, recorded on December 3, 2013 as Document No. 2013-0519586, Official Records of San Bernardino County, California, a copy of which is attached hereto as **Exhibit 20** and incorporated herein by reference.

25.     Grant Deed executed by Majedy Fakhoury, a single man, transferring the Property to Anwar Fakhouri, a married man as his sole and separate property, recorded on December 3, 2013 as Document No. 2013-0519587, Official Records of San Bernardino County, California, a copy of which is attached hereto as **Exhibit 21** and incorporated herein by reference.

26.     Grant Deed executed by Anwar Fakhoury, a single man, transferring the Property to Lara Fakhoury, a single woman, recorded on January 29, 2019 as Document No. 2019-0029405,

Official Records of San Bernardino County, California, a copy of which is attached hereto as **Exhibit 22** and incorporated herein by reference.

Respectfully submitted,

BARRETT DAFFIN FRAPPIER
TREDER & WEISS, LLP

Dated:  December 4, 2025          By:    /s/ Darlene C. Vigil____
                                          DARLENE C. VIGIL
                                          Attorneys for Defendants
                                          WILMINGTON TRUST, NATIONAL
                                          ASSOCIATION, NOT IN ITS INDIVIDUAL
                                          CAPACITY, BUT SOLELY AS TRUSTEE OF
                                          MFRA TRUST 2015-2 and BARRETT DAFFIN
                                          FRAPPIER TREDER & WEISS, LLP

# EXHIBIT 1

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| DARLENE C VIGIL<br>CA NO. 223442<br>BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP<br>3990 E. CONCOURS STREET, SUITE 350<br>ONTARIO, CA 91764<br>Phone: (626) 371-7000, Fax: (972) 661-7726<br>E-mail: CDCAECF@BDFGROUP.COM<br>FILE NO. 10596260 | |
| ☐ *Movant appearing without an attorney*<br>☒ *Attorney for Movant* | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION

| In re:<br><br>MAJED FAKHOURY,<br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 6:25-bk-15967-SY<br><br>CHAPTER: 7 |
|---|---|
| | **NOTICE OF MOTION AND MOTION<br>FOR RELIEF FROM THE AUTOMATIC<br>STAY UNDER 11 U.S.C. § 362<br>(with supporting declarations)<br>(REAL PROPERTY)** |
| | DATE: 11/5/2025<br>TIME: 9:30 am<br>COURTROOM: 302 |

**MOVANT :** WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF MFRA TRUST 2015-2

1. **Hearing Location**:

   ☐ 255 East Temple Street, Los Angeles, CA 90012     ☐ 411 West Fourth Street, Santa Ana, CA 92701

   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367     ☐ 1415 State Street, Santa Barbara, CA 93101

   ☒ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                     Page 1                     **F 4001-1.RFS.RP.MOTION**

EXHIBIT 1

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d). If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

   a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c. ☐ An application for order setting hearing on shortened notice was filed and remains pending. After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date:   10/14/2025

BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP
Printed name of law firm (*if applicable*)

DARLENE C. VIGIL
Printed name of individual Movant or attorney for Movant

/s/Darlene C. Vigil
Signature of individual Movant or attorney for Movant

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*      Page 2      **F 4001-1.RFS.RP.MOTION**

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO REAL PROPERTY

1. **Movant is the: \*\*PRIOR TO SEPTEMBER 4, 2025, MOVANT HELD THE FOLLOWING INTEREST:**

    ☒ Holder: Movant has physical possession of a promissory note that either (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.

    ☒ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary.

    ☐ Servicing agent authorized to act on behalf of the Holder or Beneficiary.

    ☐ Other (*specify*):

2. **The Property at Issue (Property):**

    a. Address:

    *Street address:* 1243 JACARANDA PLACE
    *Unit/suite no.:*
    *City, state, zip code:* UPLAND, CA 91784

    b. Legal description, or document recording number (including county of recording), as set forth in Movant's deed of trust (attached as Exhibit _1_): 2019-0029406   SAN BERNARDINO COUNTY

3. **Bankruptcy Case History:**

    a. A ☒ voluntary ☐ involuntary  bankruptcy petition under chapter ☐ 7 ☐ 11 ☐ 12 ☒ 13 was filed on (date) _8/25/2025_.

    b. ☒ An order to convert this case to chapter  ☒ 7 ☐ 11 ☐ 12 ☐ 13  was entered on (date) _10/1/2025_

    c. ☐ A plan, if any, was confirmed on (date) _____.

4. **Grounds for Relief from Stay:**

    a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay as follows:

    (1) ☐ Movant's interest in the Property is not adequately protected.

    (A) ☐ Movant's interest in the Property is not protected by an adequate equity cushion.

    (B) ☐ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

    (C) ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

    (2) ☒ The bankruptcy case was filed in bad faith.

    (A) ☒ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

    (B) ☐ The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

    (C) ☐ A non-individual entity was created just prior to the bankruptcy petition date for the sole purpose of filing this bankruptcy case.

    (D) ☒ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

    (E) ☐ The Debtor filed only a few case commencement documents with the bankruptcy petition.  Schedules and the statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

    (F) ☒ Other (*see attached continuation page*).

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                    Page 3                          **F 4001-1.RFS.RP.MOTION**

(3) ☐ (*Chapter 12 or 13 cases only*)

    (A) ☐ All payments on account of the Property are being made through the plan.
        ☐ Preconfirmation ☐ Postconfirmation  plan payments have not been made to the chapter 12 trustee or chapter 13 trustee.

    (B) ☐ Postpetition mortgage payments due on the note secured by a deed of trust on the Property have not been made to Movant.

(4) ☐ The Debtor filed a Statement of Intentions that indicates the Debtor intends to surrender the Property.

(5) ☐ The Movant regained possession of the Property on (*date*) _____, which is ☐ prepetition ☐ postpetition.

(6) ☒ For other cause for relief from stay, see attached continuation page.

b. ☐ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

c. ☐ Pursuant to 11 U.S.C. § 362(d)(3), the Debtor has failed, within the later of 90 days after the order for relief or 30 days after the court determined that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B) to file a reasonable plan of reorganization or to commence monthly payments.

d. ☒ Pursuant to 11 U.S.C. § 362(d)(4), the Debtor's filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

(1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

(2) ☒ Multiple bankruptcy cases affecting the Property.

5. ☒ **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor.

a. ☐ These actions were taken before Movant knew the bankruptcy case had been filed, and Movant would have been entitled to relief from the stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☒ Other (*specify*): See attached Continuation Page

6. **Evidence in Support of Motion:  (D***eclaration(s) MUST be signed under penalty of perjury and attached to this motion***)**

a. The REAL PROPERTY DECLARATION on page 6 of this motion.

b. ☒ Supplemental declaration(s).

c. ☐ The statements made by Debtor under penalty of perjury concerning Movant's claims and the Property as set forth in Debtor's case commencement documents.  Authenticated copies of the relevant portions of the case commencement documents are attached as Exhibit _____.

d. ☒ Other: Movant has incurred attorney fees and costs totaling $1,549.00 to prosecute this relief from stay motion. These legal expenses are recoverable as additional obligations payable under the Note and Deed of Trust. Request for Judicial Notice in Support of Motion filed concurrently herewith.

7. ☐ **An optional Memorandum of Points and Authorities is attached to this Motion.**

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                    Page 4                    **F 4001-1.RFS.RP.MOTION**

**Movant requests the following relief:**

1. Relief from the stay is granted under: ☒ 11 U.S.C. § 362(d)(1)  ☐ 11 U.S.C. § 362(d)(2)  ☐ 11 U.S.C. § 362(d)(3).

2. ☒ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

3. ☐ Movant, or its agents, may, at its option, offer, provide and enter into a potential forebearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement. Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

4. ☐ Confirmation that there is no stay in effect.

5. ☒ The stay is annulled retroactive to the bankruptcy petition date.  Any postpetition actions taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

6. ☐ The co-debtor stay of 11 U.S.C. §1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

7. ☐ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

8. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing on this Motion:
   ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

9. ☒ Relief from the stay is granted under 11 U.S.C. § 362(d)(4):  If recorded in compliance with applicable state laws governing notices of interests or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of the order by the court, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

10. ☐ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:
    ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

11. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be:

    ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

12. ☐ Upon entry of the order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

13. ☐ If relief from stay is not granted, adequate protection shall be ordered.

14. ☒ See attached continuation page for other relief requested.

Date: 10/14/2025_____

BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP 
Printed name of law firm (*if applicable*)

DARLENE C. VIGIL 
Printed name of individual Movant or attorney for Movant

/s/Darlene C. Vigil 
Signature of individual Movant or attorney for Movant

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**CONTINUATION TO PAGE 5, PARAGRAPH 14 OF PRAYER FOR RELIEF**

Movant requests the following relief:

14.     The 14-day stay prescribed by FRBP 4001(a)(4) is waived.

# DECLARATION OF THOMAS ABBALLE

# REAL PROPERTY DECLARATION

I, (print name of Declarant) _____Thomas Abballe_____, declare:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real property that is the subject of this Motion (Property) because (specify):

   a. ☐ I am the Movant and owner of the Property.

   b. ☐ I am employed by Movant as (state title and capacity):

   c. ☒ Other (specify): I am a/an _____Vice President_____ for ServiceMac, LLC loan servicing agent for Movant

2. a. ☒ I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor concerning the Property. I have personally worked on the books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant. These books, records and files were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the actions, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

   b. ☐ Other (see attached):

3. The Movant is: **PRIOR TO SEPTEMBER 4, 2025, MOVANT HELD THE FOLLOWING INTEREST:**

   a. ☒ Holder: Movant has physical possession of a promissory note that (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer. A true and correct copy of the note, with affixed allonges/indorsements, is attached as Exhibit  **2** .

   b. ☒ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g.,mortgage or deed of trust) or (2) is the assignee of the beneficiary. True and correct copies of the recorded security instrument and assignments are attached as Exhibit **1 & 3** .

   c. ☐ Servicing agent authorized to act on behalf of the:

      ☐ Holder.

      ☐ Beneficiary.

   d. ☐ Other (specify):

4. a. The address of the Property is:

      Street address: 1243 JACARANDA PLACE
      Unit/suite no.:
      City, state, zip code: UPLAND, CA 91784

   b. The legal description of the Property or document recording number (including county of recording) set forth in the Movant's deed of trust is:

      2019-0029406 SAN BERNARDINO COUNTY

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                    Page 6                                    F 4001-1.RFS.RP.MOTION

5. Type of property (*check all applicable boxes*):

  a. ☒ Debtor's principal residence      b. ☐ Other single family residence
  c. ☐ Multi-unit residential                d. ☐ Commercial
  e. ☐ Industrial                          f. ☐ Vacant land
  g. ☐ Other (*specify*):

6. Nature of Debtor's interest in the Property:
  a. ☐ Sole owner
  b. ☐ Co-owner(s) (*specify*):
  c. ☐ Lien holder (*specify*):
  d. ☐ Other (*specify*):
  e. ☒ Debtor    ☒ did    ☐ did not list the Property in the schedules filed in this case.
  f. ☐ Debtor acquired the interest in the Property by    ☐ grant deed    ☐ quitclaim deed    ☐ trust deed
       The deed was recorded on (*date*) :_____.

**\*\*PRIOR TO SEPTEMBER 4, 2025, MOVANT HELD THE FOLLOWING INTEREST:**

7. Movant holds a ☒ deed of trust ☐ judgment lien ☐ other (*specify*) _____
   that encumbers the Property.

  a. ☒ A true and correct copy of the document as recorded is attached as Exhibit **1**.
  b. ☒ A true and correct copy of the promissory note or other document that evidences the Movant's claim is
       attached as Exhibit **2**.
  c. ☒ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of
       trust to Movant is attached as Exhibit **3**.

8. Amount of Movant's claim with respect to the Property: : **\*\*\*On September 4, 2025, Movant foreclosed on its
secured lien obligation. Movant maintains that no amounts are due and owing as a result.**

|   |   | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|---|
| a. | Principal: | $ | $ | $N/A |
| b. | Accrued interest: | $ | $ | $N/A |
| c. | Late charges | $ | $ | $N/A |
| d. | Costs (attorney's fees, foreclosure fees, other costs): | $ | $ | $N/A |
| e. | Advances (property taxes, insurance): | $ | $ | $N/A |
| f. | Less suspense account or partial balance paid: | $[ | $[            ] | $[N/A] |
| g. | TOTAL CLAIM as of (*date*) : N/A | $ | $ | $\*\*\* |

  h. ☐ Loan is all due and payable because it matured on (*date*): _____

9. Status of Movant's foreclosure actions relating to the Property (*fill the date or check the box confirming no such action
has occurred*):
  a. Notice of default recorded on (*date*) 9/24/2024 or ☐ none recorded.
  b. Notice of sale recorded on (*date*) 4/15/2025 or ☐ none recorded.
  c. Foreclosure sale originally scheduled for (*date*) 5/19/2025 or ☐ none scheduled.
  d. Foreclosure sale currently scheduled for (*date*) _____ or ☐ none scheduled.
  e. Foreclosure sale already held on (*date*) 9/4/2025 or ☐ none held.
  f. Trustee's deed upon sale already recorded on (*date*) _____ or ☒ none recorded.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                      Page 7                   **F 4001-1.RFS.RP.MOTION**

10. Attached (*optional*) as Exhibit _is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor since the bankruptcy petition date.

11. ☐ (*chapter 7 and 11 cases only*) Status of Movant's loan:

   a.  Amount of current monthly payment as of the date of this declaration: $____for the month of ____ 20__.

   b.  Number of payments that have come due and were not made: _____. Total amount: $_____.

   c.  Future payments due by time of anticipated hearing date (*if applicable*):

   An additional payment of $_____ will come due on *(date)* _____, and on the _____ day of each month thereafter. If the payment is not received within _____ days of said due date, a late charge of $_____ will be charged to the loan.

   d.  The fair market value of the entire Property is $_____, established by:

   (1) ☐ An appraiser's declaration with appraisal is attached as Exhibit _____.

   (2) ☐ A real estate broker or other expert's declaration regarding value is attached as Exhibit _____.

   (3) ☐ A true and correct copy of relevant portion(s) of Debtor's schedules is attached as Exhibit _____.

   (4) ☐ Other (*specify*):

   e.  **Calculation of equity/equity cushion in Property:**

   Based upon ☐ preliminary title report   ☐   Debtor's admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| | Name of Holder | Amount as Scheduled by Debtor *(if any)* | Amount known to Declarant and Source |
|---|---|---|---|
| 1st deed of trust: | | $ | $ |
| 2nd deed of trust: | | $ | $ |
| 3rd deed of trust: | | $ | $ |
| Judgment liens: | | $ | $ |
| Taxes: | | $ | $ |
| Other | | $ | $ |

   **TOTAL DEBT:$**

   f.  Evidence establishing the existence of these deed(s) of trust and lien(s) is attached as Exhibit _____ and consists of:

   (1) ☐ Preliminary title report

   (2) ☐ Relevant portions of Debtor's schedules as filed in this case

   (3) ☐ Other (*specify*): _____

   g.  ☐ **11 U.S.C. § 362(d)(1) - Equity Cushion:**
   I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant's debt is $_____ and is _____% of the fair market value of the Property.

   h.  ☐ **11 U.S.C. § 362(d)(2)(A) - Equity:**
   By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 11(e) above, I calculate that the Debtor's equity in the Property is $____.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                          Page 8                                 **F 4001-1.RFS.RP.MOTION**

i.  ☐ Estimated costs of sale: $_____ (estimate based upon ____% of estimated gross sales price)

j.  ☐ The fair market value of the Property is declining because:

12. ☒ (*Chapter 12 and 13 cases only*) Status of Movant's loan and other bankruptcy case information:

***On September 4, 2025, Movant foreclosed on its secured lien obligation. Movant maintains that no amounts are due and owing as a result.**

a.  A 341(a) meeting of creditors is currently scheduled for (*or concluded on*) the following date: _____.
A plan confirmation hearing currently scheduled for (or concluded on) the following date:_____.
A plan was confirmed on the following date (*if applicable*): _____.

b.  Postpetition preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| N/A | | $N/A | $N/A |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

(See attachment for additional breakdown of information attached as Exhibit ____.)

c.  Postpetition postconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| N/A | | $N/A | $N/A |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

d.  Postpetition advances or other charges due but unpaid:                     $
(*For details of type and amount, see Exhibit _____*)

e.  Attorneys' fees and costs                                                   $
(*For details of type and amount, see Exhibit _____*)

f.  Less suspense account or partial paid balance                              $[                    ]

TOTAL POSTPETITION DELINQUENCY:                            $N/A

g.  Future payments due by time of anticipated hearing date (*if applicable*): _____.
An additional payment of $ N/A  will come due on  N/A , and on
the  N/A  day of each month thereafter. If the payment is not received by the  N/A  day of the month, a late
charge of $ N/A   will be charged to the loan.

h.  Amount and date of the last 3 postpetition payments received from the Debtor in good funds, regardless of how applied (if applicable):

$  N/A            received on (date) N/A
$  N/A            received on (date) N/A
$  N/A            received on (date) N/A

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                   Page 9                          F 4001-1.RFS.RP.MOTION

i. ☐ The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent. A plan payment history is attached as Exhibit _____. See attached declaration(s) of chapter 12 trustee or 13 trustee regarding receipt of payments under the plan (*attach LBR form F 4001-1.DEC.AGENT.TRUSTEE*).

13. ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

14. ☐ The court determined on (*date*) _____ that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B). More than 90 days have passed since the filing of the bankruptcy petition; more than 30 days have passed since the court determined that the Property qualifies as single asset real estate; the Debtor has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or the Debtor has not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

15. ☐ The Debtor's intent is to surrender the Property. A true and correct copy of the Debtor's statement of intentions is attached as Exhibit _____.

16. ☐ Movant regained possession of the Property on (*date*)_____, which is ☐ prepetition ☐ postpetition.

17. ☒ The bankruptcy case was filed in bad faith:

   a. ☒ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.
   b. ☒ Other bankruptcy cases have been filed in which an interest in the Property was asserted.
   c. ☐ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.
   d. ☒ Other (*specify*): See attached continuation page.

18. ☒ The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

   a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

   b. ☒ Multiple bankruptcy cases affecting the Property include:

     1. Case name: __Lara Fakhoury_____
       Chapter: _13_____   Case number: __6:22-bk-13036-SY_____
       Date dismissed: _5/10/2023_____   Date discharged: _____   Date filed: _8/12/2022____
       Relief from stay regarding the Property ☒ was ☐ was not granted.

     2. Case name: __Lara Fakhoury_____
       Chapter: _13_____   Case number: __6:25-bk-13166-SY_____
       Date dismissed: _7/15/2025_____   Date discharged: _____   Date filed: _5/15/2025___
       Relief from stay regarding the Property ☐ was ☒ was not granted.

     3. Case name: __Lara Fakhoury_____
       Chapter: _13_____   Case number: __6:25-bk-15107-SY_____
       Date dismissed:_____   Date discharged: _____   Date filed: _7/25/2025___
       Relief from stay regarding the Property ☐ was ☒ was not granted.

   ☒ See attached continuation page for information about other bankruptcy cases affecting the Property.

   ☒ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                    Page 10                                    **F 4001-1.RFS.RP.MOTION**

19. ☒ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

    a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

    b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

    c. ☒ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

October _14_, 2025     Thomas Abballe  - Vice President     _____
_Date_                           _Printed name_                           _Signature_

Wilmington Trust, National Association, not in
its individual capacity but solely as trustee of
MFRA Trust 2015-2 by Citadel Servicing
Corporation, its appointed attorney in fact by
ServiceMac, LLC its appointed attorney in fact

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_June 2017_                           Page 11                           **F 4001-1.RFS.RP.MOTION**

<table>
<tr><td>In re:          (SHORT TITLE)<br><br>Majed Fakhoury</td><td>CHAPTER: 13<br>Debtor CASE NO: 6:25-bk-15967-SY</td></tr>
</table>

### Attachment to Notice of Motion and Motion for Relief from the Automatic Stay with Supporting Declaration

Continued from Page 3, Paragraph 4.a(2)(F), Page 4, Paragraph 4.a(6), Page 10, Paragraph 17.d, Page 18, Paragraph 18 and Page 11, Paragraph 19.c:

Cause exists under 11 U.S.C. § 362(d)(1) to annul the automatic stay retroactive to the petition filing date and to terminate the automatic stay under 11 U.S.C. § 362(d)(4) of the Bankruptcy Code.

#### Non-Filing Borrower Lara Fakhoury's Loan

On January 25, 2019, non-filing borrower Lara Fakhoury ("Borrower") executed a Note ("Note") in the original sum of $780,000.00 in favor of Movant Wilmington Trust, National Association, Not in its Individual Capacity But Solely as Trustee of MFRA Trust 2015-2's ("Wilmington" or "Movant") predecessor in interest, Citadel Servicing Corporation. The Note is secured by a first priority Deed of Trust ("Deed of Trust") against the real property generally known as **1243 JACARANDA PLACE, UPLAND, CA 91784** ("Property"), recorded on January 29, 2019 as Instrument No. 2019-0029406 in the Office of the County Recorder of San Bernardino County, CA. The Deed and Trust was assigned to Movant. *See* **Exhibits 1, 2 and 3**.

The Note identifies one borrower, Lara Fakhoury, and the Deed of Trust identifies Lara Fakhoury, a single woman as the only borrower.

Barrett Daffin Frappier Treder & Weiss, LLP ("BDFTW") was appointed as Substitute Trustee under said Deed of Trust by a Substitution of Trustee recorded on September 3, 2024, as Instrument No. 2024-0206626 in the Office of the County Recorder of San Bernardino, CA. *See* **Exhibit 6**.

#### Lara Fakhoury's Default

Commencing April 1, 2024, Lara Fakhoury failed to pay as agreed under the Note and Deed of Trust. A non-judicial foreclosure proceeding against the Property was commenced by the recording of a Notice of Default on September 24, 2024. A Notice of Trustee's Sale recorded on April 15, 2025, scheduling the foreclosure sale for May 19, 2025. The sale date was postponed due to multiple bankruptcy filings. *See* **Exhibits 4 and 5**.

#### Multiple Bankruptcy Filings

The current case is the fourth bankruptcy affecting the Property since August 12, 2022 and the third bankruptcy filed to delay the scheduled foreclosure sale set forth as follows:

#### Lara Fakhoury's 2022 Bankruptcy Case

On August 12, 2022, non-filing Borrower Lara Fakhoury filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code commencing United States Bankruptcy Court,

1

Central District of California, Case No. 6:22-bk-13036-SY (the "2022 Case").

On August 12, 2022, Lara Fakhoury filed Schedules A, D and H (Dkt. #1). *See* **Exhibit 7**. Lara Fakhoury's Schedules A, D and H reflect she is the sole owner of the Property, sole obligor on the mortgage and she has no co-debtors. Lara Fakhoury's Schedules do not reflect the Property is community property.

On May 10, 2023 Wilmington's Motion for Relief from the Automatic stay was granted and the 2022 Case dismissed (Dkt. #66). *See* **Exhibit 8.**

### Three Bankruptcies Timed to Delay the Foreclosure Sale

After Wilmington commenced non-judicial foreclosure proceedings against the Property, the following three bankruptcies were filed to delay the foreclosure sale:

1.    The First Case - On May 15, 2025, four days before the scheduled foreclosure sale, Borrower Lara Fakhoury filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code and was assigned Case No. 6:25-bk-13166-SY (the "First Case").

On May 29, 2025, Lara Fakhoury filed Schedules A, D and H (Dkt. #1). *See* **Exhibit 9**. Lara Fakhoury's Schedules A, D and H reflect she is the sole owner of the Property, sole obligor on the mortgage and she has no co-debtors. Lara Fakhoury's Schedules do not reflect the Property is community property.

The First Case dismissed on July 16, 2025 (Dkt. #21). *See* **Exhibit 10**. Due to the filing of the First Case the foreclosure sale was subsequently postponed to July 28, 2025.

2.    The Second Case - On July 25, 2025, three days before the scheduled foreclosure sale, Borrower Lara Fakhoury filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code and was assigned  Case No. 6:25-bk-15107-SY (the "Second Case").

On August 8, 2025, Debtor filed Schedules A, D and H (Dkt. #1). *See* **Exhibit 11.** Lara Fakhoury's Schedules A, D and H reflect she is the sole owner of the Property, sole obligor on the mortgage and she has no co-debtors. Lara Fakhoury's Schedules do not reflect the Property is community property.

On August 20, 2025 Lara Fakhoury's Motion to Continue the Automatic Stay in the Second Case was denied. *See* **Exhibit 12**.

3.    Third/Current Case -    On August 25, 2025, three days before the scheduled foreclosure sale, Debtor Majed Fakhoury filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code and was assigned Case No. 6:25-bk-15967-SY (the "Current Case"). Debtor's bankruptcy filing was skeletal; no schedules, plan or statement of financial affairs was filed. *See* **Exhibit 13**. Movant is the only creditor listed or scheduled in the Debtor's case commencement documents.

On August 28, 2025, the foreclosure sale was postponed to September 4, 2025 at 12:00 p.m. due to AB2424 as the Property did not sell for the statutory bid minimum.

**Wilmington's September 4, 2025 Foreclosure Sale**

On September 4, 2025, BDFTW as the duly appointed foreclosure trustee conducted a non-judicial foreclosure sale of the Property. The sale was scheduled for 12:00 p.m and cried at 1:24 p.m. (the "Trustee's Sale"). A third-party purchaser submitted the prevailing bid and acquired the Property.

On September 8, 2025 BDFTW and Movant became apprised by way of Majed Fakhoury's Adversary Complaint that he alleged a community property interest in the Property. On September 8, 2025, Majed Fakhoury filed an adversary complaint against Wilmington and BFTW in the United States Bankruptcy Court, Central District of California, Case No. 6:25-ap-01104-SY ("Adversary"). See Exhibit 14. In the Adversary, Majed Fakhoury advised he and Lara Fakhoury were married in 1998 and have been married continuously since. He also alleged he held a community property interest in the Property. *See* **Exhibit 14.**

At no time prior to September 8, 2025 was BDFTW or Movant aware that Majed Fakhoury alleged a community property interest in the Property. And, at no time prior to the September 4, 2025 Trustee Sale did BDFTW or Movant receive any documents or communications advising or reflecting Majed Fakhoury's purported community property interest in the Property.

The Note and Deed of Trust identify only one borrower – Lara Fakhoury. The Deed of Trust identifies only mortgagor – Lara Fakhoury, a single woman. Lara Fakhoury's bankruptcy schedules signed under penalty of perjury and filed in each of her three bankruptcy cases set forth above reflect she is the sole owner of the Property, sole obligor on the mortgage and she has no co-debtors. Lara Fakhoury's Schedules do not reflect the Property is community property. It is important to note since the filing of Majed Fakhoury's Current Case Lara Fakhoury has not amended her schedules. It appears her position remains the same – she is sole owner of the Property and the Property is not community property. Majed Fakhoury did not object to Lara Fakhoury's characterization of the Property in her bankruptcy cases.

The title records for the Property show:

- Majdey Fakhoury acquired title as a single man on 01/09/98. *See* **Exhibit 15.**
- Majedy Fakhoury, a single man, conveyed title, to Lara Fakhoury, a single woman, on 07/11/07. *See* **Exhibit 16.**
- Lara Fakhoury conveyed title to Ejans Investment and Development Co. on 07/16/10 (no consideration). *See* **Exhibit 17.**
- Ejans Investment and Development Co. conveyed title to Lara Fakhoury on 08/23/11 (no consideration). *See* **Exhibit 18.**
- Lara Fakhoury, a single woman, conveyed title to Majedy Fakhoury, a single man, on 12/05/11 (no consideration). *See* **Exhibit 19.**
- Majedy Fakhoury, a single man, conveyed title to Anwar Fakhouri, a married man, on 12/03/13. *See* **Exhibit 21**
- Anwar's spouse quitclaimed her interest to Anwar Fakhouri on 12/03/13. *See* **Exhibit 20.**
- Anwar Fakhoury, a single man, conveyed title to Lara Fakhoury, a single woman on 01/29/19 (full value deed ). *See* **Exhibit 22.**

The marital status on the deeds appear to contradict Majed Fakhoury's allegation that he and Lara Fakhoury have been married continuously since 1998.

3

**Request for Retroactive Annulment and In Rem Relief:**

Based on the foregoing, Movant respectfully submits that cause exists to annul the automatic stay retroactively as of the date of the bankruptcy petition filing, so that the bankruptcy filing does not affect the September 4, 2025 Trustee's Sale, which was conducted in good faith, without prior knowledge of Debtor's purported interest in the Property.

Further, Movant submits that cause exists to terminate the automatic stay under §362(d)(4) in that: (1) the Debtor's bankruptcy case filing is being used as part of a scheme, (2) the object of that scheme is to delay, hinder or defraud this Movant. See In re Dorsey, 476 B.R. 261, 265-266 (Bkrtcy.C.D.Cal. 2012). The scheme involves the filing of multiple bankruptcies timed to delay, impair or otherwise seek to interfere with Movant's ability to move forward with its state law default remedies against the Property. Based on the foregoing, Movant respectfully requests an order granting relief pursuant to §362(d)(4).

# SUPPLEMENTAL DECLARATION OF ERICA D. JONES

1  DDARLENE C. VIGIL
   CA NO. 223442
2  BARRETT DAFFIN FRAPPIER
   TREDER & WEISS, LLP
3  3990 E. CONCOURS STREET, SUITE 350
   ONTARIO, CA 91764
4  Phone: (626) 371-7000, Fax: (972) 661-7726
5  E-mail:  cdcaecf@BDFGroup.com
   File No. 10596260
6
7  Attorneys for Movant
   WILMINGTON TRUST, NATIONAL
8  ASSOCIATION, NOT IN ITS INDIVIDUAL
   CAPACITY BUT SOLELY AS TRUSTEE
9  OF MFRA TRUST 2015-2

10              UNITED STATES BANKRUPTCY COURT

11        CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION

12

13  In re:                          | CASE NO.:    6:25-bk-15967-SY
    MAJED FAKHOURY                  | CHAPTER:     13
14

15                                  | SUPPLEMENTAL DECLARATION
16                                  | IN SUPPORT OF MOTION FOR
         Debtor(s).                 | ANNULMENT OF THE AUTOMATIC
17                                  | STAY RETROACTIVE TO THE
                                    | PETITION FILING DATE
18

19                                  | DATE:    November 5, 2025
                                    | TIME:    9:30 am
20                                  | PLACE:   U.S. Bankruptcy Court
                                    |          Courtroom 302
21                                  |          3420 Twelfth Street
                                    |          Riverside, CA 92501
22

23        I, Erica Jones, declare as follows:

24        1.      I am a Managing Attorney of Foreclosure Operations at Barrett Daffin Frappier Treder

25  & Weiss, LLP ("BDFTW"), a law firm that processes non-judicial foreclosure actions for its

26  mortgage loan servicing clients on loans secured by residential properties in California. I have

27  custody and control of business records kept by BDFTW in the ordinary course of its business

28

                                            1

activities. Those records (which include data compilations, electronically imaged documents and others) are made at or near the time by, or from information provided by, persons with knowledge of the activity and transactions reflected in such records, and are kept in the ordinary course of business activity conducted regularly by BDFTW. It is the firm's regular practice to make these records.

2.      BDFTW has a foreclosure referral, identified as Trustee's Sale No. 00000010228930 for a loan in the original sum of $780,000.00 obtained by Borrower LARA FAKHOURY (referred to as "Borrower"), and secured by a Deed of Trust recorded on January 29, 2019, as Instrument No. 2019-0029406 in the Office of the County Recorder of San Bernardino County, CA against the real property at **1243 JACARANDA PLACE, UPLAND, CA 91784** ("Property").  A true and correct copy of the Deed of Trust is attached hereto as **Exhibit "1"** and incorporated herein by this reference.

3.      The Borrower failed to pay as agreed under the terms of the Note and Deed of Trust. As a result a non-judicial foreclosure proceeding against the Property was commenced.

4.      BDFTW was appointed as Substitute Trustee under said Deed of Trust by a Substitution of Trustee recorded on September 3, 2024, as Instrument No. 2024-0206626 in the Office of the County Recorder of San Bernardino, CA. A true and correct copy of the Substitution of Trustee is attached hereto as **Exhibit "6"** and incorporated herein by this reference.

5.      A Notice of Default recorded on September 24, 2024, as Instrument No. 2024-0228190 in the Office of the County Recorder of San Bernardino, CA.  A true and correct copy of the Notice of Default is attached hereto as **Exhibit "4"** and incorporated herein by this reference.

6.      A Notice of Trustee's Sale recorded on April 15, 2025, as Instrument No. 2025-0081262 in the Office of the County Recorder of San Bernardino, CA, setting a sale for May 19, 2025 at 12:00 p.m.  A true and correct copy of the Notice of Trustee's Sale is attached hereto as **Exhibit "5"** and incorporated herein by this reference.

7.      On May 15, 2025, Borrower Lara Fakhoury filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code and was assigned Case No. 6:25-bk-13166-SY (the "First

SUPPLEMENTAL DECLARATION IN SUPPORT OF MOTION FOR ANNULMENT OF THE
AUTOMATIC STAY RETROACTIVE TO THE PETITION FILING DATE

Case"). The First Case dismissed on July 16, 2025.  Due to the filing of the First Case the foreclosure sale was subsequently postponed to July 28, 2025.

8.    On July 25, 2025 Borrower Lara Fakhoury filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code and was assigned  Case No. 6:25-bk-15107-SY (the "Second Case").  Due to the filing of the Second Case the foreclosure sale was postponed to August 28, 2025.

9.    On August 20, 2025 Borrower Lara Fakhoury's Motion to Continue the Automatic Stay in the Second Case was denied.

10.    On August 28, 2025, the foreclosure sale was postponed to September 4, 2025 at 12:00 p.m. due to AB2424 as the Property did not sell for the statutory bid minimum.

11.    On August 26, 2025 BDFTW received a telephone call from an anonymous source advising Debtor Majed Fakhoury filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code and was assigned Case No. 6:25-bk-15967-SY (the "Current Case").  Debtor's bankruptcy filing was skeletal; no schedules, plan or statement of financial affiars was filed.

12.    On September 4, 2025, BDFTW as the duly appointed foreclosure trustee conducted a non-judicial foreclosure sale of the Property.  The sale was scheduled for 12:00 p.m and cried at 1:24 p.m. (the "Trustee's Sale").  A third-party purchaser submitted the prevailing bid and acquired the Property.

13.    On September 8, 2025 BDFTW became apprised by way of Majed Fakhoury's Adversary Complaint that he alleged a community property interest in the Property.

14.    On September 8, 2025, Majed Fakhoury filed an adversary complaint against Wilmington and BDFTW in the United States Bankruptcy Court, Central District of California, Case No. 6:25-ap-01104-SY ("Adversary").  In the Adversary, Majed Fakhoury advised he and Lara Fakhoury were married in 1998 and have been married continuously since.  He also alleged he held a community property interest in the Property.

SUPPLEMENTAL DECLARATION IN SUPPORT OF MOTION FOR ANNULMENT OF THE
AUTOMATIC STAY RETROACTIVE TO THE PETITION FILING DATE

15.    At no time prior to September 8, 2025 was BDFTW aware that Majed Fakhoury alleged a community property interest in the Property. And, at no time prior to the September 4, 2025 Trustee Sale did BDFTW receive any documents or communications advising or reflecting Majed Fakhoury's alleged community property interest in the Property.

16.    The foreclosure sale was conducted in good faith without knowledge of Majed Fakhoury's purported community property interest in the Property.

17.    I have personal knowledge of the foregoing facts based upon my review of BDFTW's business records, and if called as a witness, I would testify competently thereto.

I declare under penalty of perjury under the laws of the United States that the foregoing facts are true and correct.

Executed this __2nd__ day of __October__, 2025 at Addison, TX.


_____
Printed Name:  ERICA JONES
Title:  Managing Attorney

SUPPLEMENTAL DECLARATION IN SUPPORT OF MOTION FOR ANNULMENT OF THE
AUTOMATIC STAY RETROACTIVE TO THE PETITION FILING DATE

EXHIBIT 2

Certified True and Correct Copy
by Citadel Servicing Corp.

MIN: ███████████████        Loan Number: ██████████

# FIXED/ADJUSTABLE RATE NOTE
### (One-Year Treasury Index - Rate Caps)

**THIS NOTE PROVIDES FOR A CHANGE IN MY FIXED INTEREST RATE TO AN ADJUSTABLE INTEREST RATE. THIS NOTE LIMITS THE AMOUNT MY ADJUSTABLE INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MINIMUM AND MAXIMUM RATES I MUST PAY.**

JANUARY 25, 2019                    IRVINE                    CALIFORNIA
    [Date]                          [City]                          [State]

1243 Jacaranda Place, Upland, California 91784
[Property Address]

## 1.   BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 780,000.00        (this amount is called "Principal"), plus interest, to the order of Lender. Lender is CITADEL SERVICING CORPORATION, A CORPORATION
I will make all payments under this Note in the form of cash, check or money order.

I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2.   INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of      5.125  %. The interest rate I will pay may change in accordance with Section 4 of this Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

## 3.   PAYMENTS

**(A) Time and Place of Payments**

I will pay principal and interest by making a payment every month.

I will make my monthly payments on the  1st    day of each month beginning on MARCH 1         ,
2019 . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on FEBRUARY 1, 2049         , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at 15707 ROCKFIELD BLVD., SUITE 320, IRVINE, CALIFORNIA 92618
                              or at a different place if required by the Note Holder.

**(B) Amount of My Initial Monthly Payments**

Each of my initial monthly payments will be in the amount of U.S. $ 4,247.00        . This amount may change.

MULTISTATE FIXED/ADJUSTABLE RATE NOTE - ONE-YEAR TREASURY INDEX
Single Family - Fannie Mae MODIFIED INSTRUMENT
Form 3522 1/01 (rev. 6/16)                    Page 1 of 5

DocMagic *eForms*
www.docmagic.com

CERTIFIED TO BE A TRUE AND
CORRECT COPY OF THE ORIGINAL

by: *Grace La Terra*

**EXHIBIT 2**

**(C) Monthly Payment Changes**

Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

## 4. ADJUSTABLE INTEREST RATE AND MONTHLY PAYMENT CHANGES

**(A) Change Dates**

The initial fixed interest rate I will pay will change to an adjustable interest rate on the 1st day of FEBRUARY, 2024 , and the adjustable interest rate I will pay may change on that day every 12th month thereafter. The date on which my initial fixed interest rate changes to an adjustable interest rate, and each date on which my adjustable interest rate could change, is called a "Change Date."

**(B) The Index**

Beginning with the first Change Date, my adjustable interest rate will be based on an Index. The "Index" is the weekly average yield on United States Treasury securities adjusted to a constant maturity of one year, as made available by the Federal Reserve Board. The most recent Index value available as of the date 45 days before each Change Date is called the "Current Index," provided that if the Current Index is less than zero, then the Current Index will be deemed to be zero for purposes of calculating my interest rate.

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

**(C) Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding THREE AND 500/1000 percentage points ( 3.500 %) (the "Margin") to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than 7.125 % or less than 5.125 %. Thereafter, my adjustable interest rate will never be increased or decreased on any single Change Date by more than TWO AND 000/1000 percentage points from the rate of interest I have been paying for the preceding 12 months. My interest rate will never be greater than 11.125 % or less than 5.125 %.

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my initial fixed interest rate to an adjustable interest rate and of any changes in my adjustable interest rate before the effective date of any change. The notice will include the amount of my monthly payment, any information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

## 5. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under this Note.

---

MULTISTATE FIXED/ADJUSTABLE RATE NOTE - ONE-YEAR TREASURY INDEX
Single Family - Fannie Mae MODIFIED INSTRUMENT
Form 3522 1/01 (rev. 6/16)                    Page 2 of 5

DocMagic *eForms*
www.docmagic.com

CERTIFIED TO BE A TRUE AND
CORRECT COPY OF THE ORIGINAL

By: _____

**EXHIBIT 2**

I may make a full Prepayment or partial Prepayments without paying any Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of this Note. If I make a partial Prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes. My partial Prepayment may reduce the amount of my monthly payments after the first Change Date following my partial Prepayment. However, any reduction due to my partial Prepayment may be offset by an interest rate increase.

## 6. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 7. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charges for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of     15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be     5.000 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal that has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Unless the Note Holder requires a different method, any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations,

---

DocMagic *eForms*
www.docmagic.com

CERTIFIED TO BE A TRUE AND
CORRECT COPY OF THE ORIGINAL

By: _Grace La Terra_

**EXHIBIT 2**

including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 10. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 11. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions read as follows:

(A) Until my initial fixed interest rate changes to an adjustable interest rate under the terms stated in Section 4 above, Uniform Covenant 18 of the Security Instrument shall read as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

(B) When my initial fixed interest rate changes to an adjustable interest rate under the terms stated in Section 4 above, Uniform Covenant 18 of the Security Instrument described in Section 11(A) above shall then cease to be in effect, and Uniform Covenant 18 of the Security Instrument shall instead read as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security

---

*DocMagic eForms*
*www.docmagic.com*

CERTIFIED TO BE A TRUE AND
CORRECT COPY OF THE ORIGINAL

By: 

**EXHIBIT 2**

Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender also may require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)      _____ (Seal)
Lara Fakhoury                -Borrower                                    -Borrower

_____ (Seal)      _____ (Seal)
                             -Borrower                                    -Borrower

_____ (Seal)      _____ (Seal)
                             -Borrower                                    -Borrower

Loan Originator: Cesar Restrepo, NMLSR ID ████                *[Sign Original Only]*
Loan Originator Organization: Diamond Financial Mortgage Corporation, NMLSR ID
████

MULTISTATE FIXED/ADJUSTABLE RATE NOTE - ONE-YEAR TREASURY INDEX
Single Family - Fannie Mae MODIFIED INSTRUMENT                  DocMagic *eForms*
Form 3522 1/01 (rev. 6/16)                Page 5 of 5            www.docmagic.com

CERTIFIED TO BE A TRUE AND
CORRECT COPY OF THE ORIGINAL

By: _____

**EXHIBIT 2**

 **CITADEL**

# ALLONGE TO THE NOTE

## PAY TO THE ORDER OF

## WITHOUT RECOURSE

Citadel Servicing Corporation DBA Acra Lending

By:_____

Roberto Umanzor

Assistant Vice President, Manager Post Closing

Loan Number:        ███████

Borrower(s):    Lara Fakhoury

Property Address:        1243 Jacaranda Place, Upland, CA 91784

EXHIBIT 2

# EXHIBIT 2

RECORDING REQUESTED BY

**FIRST AMERICAN TITLE**
AND WHEN RECORDED MAIL DOCUMENT TO:

| | |
|---|---|
| NAME | **CITADEL SERVICING CORP** |
| STREET ADDRESS | **15707 ROCKFIELD BLVD 320** |
| CITY, STATE & ZIP CODE | **IRVINE, CA 92618** |



Electronically Recorded in Official Records, County of San Bernardino
1/29/2019 02:47 PM CG

**BOB DUTTON**
ASSESSOR - RECORDER - CLERK
691 Document Processing Solutions

Doc# **2019-0029406**

| | | |
|---|---|---|
| Titles | 1 | Pages 21 |
| Fees | | 74.00 |
| Taxes | | .00 |
| CA SB2 Fee | | .00 |
| Others | | .00 |
| Paid | | 74.00 |

SPACE ABOVE FOR RECORDER'S USE ONLY

## DEED OF TRUST

**Title of Document**

**Pursuant to Senate Bill 2 – Building Homes and Jobs Act (GC Code Section 27388.1), effective January 1, 2018, a fee of seventy-five dollars ($75.00) shall be paid at the time of recording of every real estate instrument, paper, or notice required or permitted by law to be recorded, except those expressly exempted from payment of recording fees, per each single transaction per parcel of real property. The fee imposed by this section shall not exceed two hundred twenty-five dollars ($225.00).**

**Reason for Exemption:**

■ Exempt from fee per GC 27388.1, recorded in connection with a transfer subject to the imposition of documentary transfer tax (DTT), *or*  *Concurrently with here*

☐ Exempt from fee per GC 27388.1, recorded in connection with a transfer of real property that is a residential dwelling to an owner-occupier, *or*

☐ Exempt from fee per GC 27388.1, recorded in connection with a transfer that was subject to documentary transfer tax which was paid on document recorded previously on _____(date) as document number _____of Official Records. (Cap. $225.00)

Exempt from fee per GC 27388.1, fee cap of $225.00 reached, *and/or*

Exempt from fee per GC 27388.1, not related to real property

**Failure to include an exemption reason will result in the imposition of the $75.00 Building Homes and Jobs Act fee. Fees collected are deposited to the State and may not be available for refund.**

**THIS COVER SHEET ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION**
**($3.00 Additional Recording Fee Applies)**

**EXHIBIT 2**

Recording Requested By:
CITADEL SERVICING CORPORATION

And After Recording Return To:
CITADEL SERVICING
CORPORATION
15707 ROCKFIELD BLVD., SUITE 320
IRVINE, CALIFORNIA 92618
Loan Number: ███████

5829977 _____ [Space Above This Line For Recording Data] _____

# DEED OF TRUST

**MIN:** ███████████████                                    **MERS Phone: 888-679-6377**

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

**(A)  "Security Instrument"** means this document, which is dated       JANUARY 25, 2019       , together with all Riders to this document.
**(B)  "Borrower"** is  Lara Fakhoury, A Single Woman
BORROWER'S ADDRESS IS 1243 Jacaranda Place, Upland, California 91784.

Borrower is the trustor under this Security Instrument.
**(C)  "Lender"** is CITADEL SERVICING CORPORATION

Lender is a                              CORPORATION                              organized
and existing under the laws of                         CALIFORNIA
Lender's address is   15707 ROCKFIELD BLVD., SUITE 320, IRVINE, CALIFORNIA 92618

**(D)  "Trustee"** is   First American Title Insurance Company
1 First American Way, Santa Ana, California 92707

**(E)  "MERS"** is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the beneficiary under this Security**

---

CALIFORNIA - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3005  01/01                              Page 1 of 15

*DocMagic* eForms
www.docmagic.com

# EXHIBIT 2

**Instrument.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

**(F)** **"Note"** means the promissory note signed by Borrower and dated   JANUARY 25, 2019
The Note states that Borrower owes Lender   SEVEN HUNDRED EIGHTY THOUSAND AND 00/100
                                        Dollars (U.S. $ 780,000.00           ) plus interest.
Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than
FEBRUARY 1, 2049 .

**(G)** **"Property"** means the property that is described below under the heading "Transfer of Rights in the Property."

**(H)** **"Loan"** means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

**(I)** **"Riders"** means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

☒ Adjustable Rate Rider      ☐ Planned Unit Development Rider
☐ Balloon Rider      ☐ Biweekly Payment Rider
☐ 1-4 Family Rider      ☐ Second Home Rider
☐ Condominium Rider      ☐ Other(s) [specify]

**(J)** **"Applicable Law"** means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

**(K)** **"Community Association Dues, Fees, and Assessments"** means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

**(L)** **"Electronic Funds Transfer"** means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

**(M)** **"Escrow Items"** means those items that are described in Section 3.

**(N)** **"Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

**(O)** **"Mortgage Insurance"** means insurance protecting Lender against the nonpayment of, or default on, the Loan.

**(P)** **"Periodic Payment"** means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

**(Q)** **"RESPA"** means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing regulation, Regulation X (12 C.F.R. Part 1024), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

**(R)** **"Successor in Interest of Borrower"** means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.



**EXHIBIT 2**

**TRANSFER OF RIGHTS IN THE PROPERTY**

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the
COUNTY                         of              San Bernardino                    :
[Type of Recording Jurisdiction]                [Name of Recording Jurisdiction]

Legal Description Attached Hereto and Made a Part Hereof
A.P.N.: 1005-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

*See Exhibit A*

which currently has the address of                1243 Jacaranda Place
[Street]

Upland                    , California      91784        ("Property Address"):
[City]                                [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

**UNIFORM COVENANTS.** Borrower and Lender covenant and agree as follows:

**1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check,

CALIFORNIA - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3005   01/01                              Page 3 of 15

*DocMagic eForms*
*www.docmagic.com*

**EXHIBIT 2**

treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

**2. Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

**3. Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section

CALIFORNIA - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3005  01/01                                    Page 4 of 15


DocMagic *eForms*
www.docmagic.com

**EXHIBIT 2**

15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

**4.   Charges; Liens.**  Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any.  To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument.  If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien.  Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

**5.   Property Insurance.**  Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance.  This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires.  What Lender requires pursuant to the preceding sentences can change during the term of the Loan.  The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably.  Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification.  Borrower shall also be responsible for the payment of

CALIFORNIA - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3005  01/01                                Page 5 of 15

DocMagic *eFormas*
www.docmagic.com

**EXHIBIT 2**

any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

   **6.   Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.



**EXHIBIT 2**

**7. Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

**8. Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

**9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. Borrower shall not surrender the leasehold estate and interests herein conveyed or terminate or cancel the ground lease. Borrower shall not, without the express written consent of Lender, alter or amend the ground lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**10. Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage



**EXHIBIT 2**

Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

**(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.**

**(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.**

**11. Assignment of Miscellaneous Proceeds; Forfeiture.** All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.



EXHIBIT 2

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

**12. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability

---

CALIFORNIA - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3005  01/01                          Page 9 of 15

DocMagic *eForms*
www.docmagic.com



**EXHIBIT 2**

under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**15. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

**16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

---

CALIFORNIA - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3005  01/01                                    Page 10 of 15

*DocMagic* 
www.docmagic.com

**EXHIBIT 2**

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

**21. Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in

DocMagic *eForms*
www.docmagic.com



**EXHIBIT 2**

Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property.  Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property.  The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property.  If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.  Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

**NON-UNIFORM COVENANTS.**  Borrower and Lender further covenant and agree as follows:

**22. Acceleration; Remedies.  Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise).  The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property.  The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale.  If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law.  Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

**If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold.  Trustee shall cause this notice to be recorded in each county in which any part of the Property is located.  Lender or Trustee shall mail copies of the notice as prescribed by Applicable Law to Borrower and to the other persons prescribed by Applicable Law.  Trustee shall give public notice of sale to the persons and in the manner prescribed by Applicable Law.  After the time required by Applicable Law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines.  Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale.  Lender or its designee may purchase the Property at any sale.**

**Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied.  The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein.  Trustee shall apply the proceeds of the sale in the following order:  (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.**

**EXHIBIT 2**

**23. Reconveyance.** Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Lender may charge such person or persons a reasonable fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under Applicable Law. If the fee charged does not exceed the fee set by Applicable Law, the fee is conclusively presumed to be reasonable.

**24. Substitute Trustee.** Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security Instrument is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by Applicable Law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

**25. Statement of Obligation Fee.** Lender may collect a fee not to exceed the maximum amount permitted by Applicable Law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

**[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

CALIFORNIA - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3005   01/01                                  Page 13 of 15

*DocMagic* *eFormns*
*www.docmagic.com*

Order: 240446412                    Page 14 of 21          Requested By: veronica.martinez, Printed: 8/12/2024 11:49 AM
Doc: SB:2019 00029406

**EXHIBIT 2**

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

The undersigned Borrower requests that a copy of any Notice of Default and any Notice of Sale under this Security Instrument be mailed to Borrower at the address set forth above.

_____ (Seal)          _____ (Seal)
Lara Fakhoury                   -Borrower                                    -Borrower


_____ (Seal)          _____ (Seal)
                                -Borrower                                    -Borrower


_____ (Seal)          _____ (Seal)
                                -Borrower                                    -Borrower


Witness:                                       Witness:

_____                  _____


CALIFORNIA - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3005  01/01                        Page 14 of 15                    DocMagic *eForms*
                                                                        www.docmagic.com

EXHIBIT 2

———————————————— [Space Below This Line For Acknowledgment] ————————————————

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of  <u>CALIFORNIA</u>                    )

County of <u>San Bernardino</u>              )

On  <u>1/25/2019</u>    before me, <u>Carlos M. Casillas, Notary Public</u>
         Date                                    Here Insert Name and Title of the Notarizing Officer

personally appeared  <u>Lara Fakhoury</u>

Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

> CARLOS M. CASILLAS
> COMM. #2097733
> Notary Public · California
> San Bernardino County
> My Comm. Expires Feb. 18, 2019

Notary Seal

Signature of Notary Public

Loan Originator: Cesar Restrepo, NMLSR ID ████
Loan Originator Organization: Diamond Financial Mortgage Corporation, NMLSR ID ████

CALIFORNIA - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS      DocMagic *eForms*
Form 3005 01/01                                                                     www.docmagic.com
                                    Page 15 of 15

**EXHIBIT 2**

Loan Number: ███████

# FIXED/ADJUSTABLE RATE RIDER
### (One-Year Treasury Index - Rate Caps)

THIS FIXED/ADJUSTABLE RATE RIDER is made this    25th day of    JANUARY    ,
2019    , and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of
Trust, or Security Deed (the "Security Instrument") of the same date given by the undersigned ("Borrower")
to secure Borrower's Fixed/Adjustable Rate Note (the "Note") to    CITADEL SERVICING
CORPORATION, A CORPORATION
("Lender") of the same date and covering the property described in the Security Instrument and located at:

1243 Jacaranda Place, Upland, California 91784
[Property Address]

**THE NOTE PROVIDES FOR A CHANGE IN BORROWER'S FIXED INTEREST RATE
TO AN ADJUSTABLE INTEREST RATE.   THE NOTE LIMITS THE AMOUNT
BORROWER'S ADJUSTABLE INTEREST RATE CAN CHANGE AT ANY ONE TIME
AND THE MINIMUM AND MAXIMUM RATES BORROWER MUST PAY.**

**ADDITIONAL COVENANTS.** In addition to the covenants and agreements made in the Security
Instrument, Borrower and Lender further covenant and agree as follows:

## A.   ADJUSTABLE RATE AND MONTHLY PAYMENT CHANGES
The Note provides for an initial fixed interest rate of    5.125  %.  The Note also provides
for a change in the initial fixed rate to an adjustable interest rate, as follows:

## 4.   ADJUSTABLE INTEREST RATE AND MONTHLY PAYMENT CHANGES
### (A)  Change Dates
The initial fixed interest rate I will pay will change to an adjustable interest rate on the first
day of  FEBRUARY, 2024              , and the adjustable interest rate I will pay may change on that
day every 12th month thereafter.  The date on which my initial fixed interest rate changes to an adjustable
interest rate, and each date on which my adjustable interest rate could change, is called a "Change Date."
### (B)  The Index
Beginning with the first Change Date, my adjustable interest rate will be based on an Index.  The
"Index" is the weekly average yield on United States Treasury securities adjusted to a constant maturity of
one year, as made available by the Federal Reserve Board.  The most recent Index value available as of the
date 45 days before each Change Date is called the "Current Index," provided that if the Current Index is
less than zero, then the Current Index will be deemed to be zero for purposes of calculating my interest rate.
If the Index is no longer available, the Note Holder will choose a new index that is based upon
comparable information.  The Note Holder will give me notice of this choice.
### (C)  Calculation of Changes
Before each Change Date, the Note Holder will calculate my new interest rate by adding
THREE AND 500/1000                      percentage points (    3.500  %)

---

MULTISTATE FIXED/ADJUSTABLE RATE RIDER
ONE-YEAR TREASURY INDEX - Single Family
Fannie Mae MODIFIED INSTRUMENT
Form 3182 1/01 (rev. 6/16)                     Page 1 of 4

*DocMagic eForms*
*www.docmagic.com*

# EXHIBIT 2

(the "Margin") to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

**(D)   Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than 7.125 % or less than 5.125 %. Thereafter, my adjustable interest rate will never be increased or decreased on any single Change Date by more than two percentage points from the rate of interest I have been paying for the preceding 12 months. My interest rate will never be greater than 11.125 % or less than 5.125 %.

**(E)   Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F)   Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my initial fixed interest rate to an adjustable interest rate and of any changes in my adjustable interest rate before the effective date of any change. The notice will include the amount of my monthly payment, any information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

## B.   TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER

1.   Until Borrower's initial fixed interest rate changes to an adjustable interest rate under the terms stated in Section A above, Uniform Covenant 18 of the Security Instrument shall read as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender

MULTISTATE FIXED/ADJUSTABLE RATE RIDER
ONE-YEAR TREASURY INDEX - Single Family
Fannie Mae MODIFIED INSTRUMENT
Form 3182 1/01 (rev. 6/16)                          Page 2 of 4

*DocMagic eForms*
*www.docmagic.com*

**EXHIBIT 2**

may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

    2.    When Borrower's initial fixed interest rate changes to an adjustable interest rate under the terms stated in Section A above, Uniform Covenant 18 of the Security Instrument described in Section B1 above shall then cease to be in effect, and the provisions of Uniform Covenant 18 of the Security Instrument shall be amended to read as follows:

    **Transfer of the Property or a Beneficial Interest in Borrower.**  As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

    If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument.  However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.  Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

    To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption.  Lender also may require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

    If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration.  The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument.  If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

---

MULTISTATE FIXED/ADJUSTABLE RATE RIDER
ONE-YEAR TREASURY INDEX - Single Family
Fannie Mae MODIFIED INSTRUMENT
Form 3182 1/01 (rev. 6/16)        Page 3 of 4

*DocMagic eForms*
*www.docmagic.com*



**EXHIBIT 2**

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Fixed/Adjustable Rate Rider.

_____ (Seal)                    _____ (Seal)
Tara Fakhoury                    -Borrower                                          -Borrower


_____ (Seal)                    _____ (Seal)
                                 -Borrower                                          -Borrower


_____ (Seal)                    _____ (Seal)
                                 -Borrower                                          -Borrower


MULTISTATE FIXED/ADJUSTABLE RATE RIDER
ONE-YEAR TREASURY INDEX - Single Family                              DocMagic *eForms*
Fannie Mae MODIFIED INSTRUMENT                                       www.docmagic.com
Form 3182 1/01 (rev. 6/16)                    Page 4 of 4



**EXHIBIT 2**

Exhibit "A"

**LEGAL DESCRIPTION**

Real property in the City of Upland, County of San Bernardino, State of California, described as follows:

LOT 13, TRACT NO. 13794, IN THE CITY OF UPLAND, COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA, AS PER PLAT RECORDED IN BOOK 208 OF MAPS, PAGE(S) 58 TO 60, INCLUSIVE, RECORDS OF SAID COUNTY.

APN: 1005-091-24-0-000

EXHIBIT 3

RECORDING REQUESTED BY: **SIMPLIFILE**

WHEN RECORDED MAIL TO:
**FIRST AMERICAN MORTGAGE SOLUTIONS**
**1795 INTERNATIONAL WAY**
**IDAHO FALLS, ID 83402**
PH. **208-528-9895**
**CALIFORNIA**
COUNTY OF **SAN BERNARDINO**
LOAN NO. ▮▮▮▮▮▮▮▮



Electronically
Recorded in Official Records
San Bernardino County
**Bob Dutton**
Assessor-Recorder-County Clerk

## DOC# 2022-0058280

| 02/11/2022 | Titles: 1 | Pages: 1 |
| 02:52 PM | | |
| SAN | Fees | $24.00 |
| | Taxes | $0.00 |
| C6677 | CA SB2 Fee | $75.00 |
| | Total | $99.00 |

# CORPORATION ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.** ("MERS"), AS **BENEFICIARY, AS NOMINEE FOR CITADEL SERVICING CORPORATION, ITS SUCCESSORS AND ASSIGNS**, located at **P.O. BOX 2026, FLINT, MICHIGAN 48501-2026**, Assignor, does hereby assign to **WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF MFRA TRUST 2015-2**, located at **25531 COMMERCENTRE DRIVE, SUITE 160, LAKE FOREST, CA 92630**, Assignee, its successors and assigns, all its rights, title and interest in and to that certain Deed of Trust dated **JANUARY 25, 2019**, executed by **LARA FAKHOURY, A SINGLE WOMAN**, Trustor, to **FIRST AMERICAN TITLE INSURANCE COMPANY**, Trustee, for the benefit of **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.** ("MERS"), AS BENEFICIARY, AS NOMINEE FOR **CITADEL SERVICING CORPORATION, ITS SUCCESSORS AND ASSIGNS**, Original Beneficiary, and recorded on **JANUARY 29, 2019** as Instrument No. **2019-0029406** in the official records of the County Recorder's Office in and for the County of **SAN BERNARDINO**, State of **CALIFORNIA**.

LEGAL DESCRIPTION: **AS DESCRIBED IN SAID DEED OF TRUST REFERRED TO HEREIN**

COMMONLY KNOWN AS: **1243 JACARANDA PLACE, UPLAND, CA 91784**

TOGETHER WITH all rights accrued or to accrue under said Deed of Trust.

IN WITNESS WHEREOF, the undersigned has caused this instrument to be executed on **FEBRUARY 11, 2022**.

**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), AS BENEFICIARY, AS NOMINEE FOR CITADEL SERVICING CORPORATION, ITS SUCCESSORS AND ASSIGNS**

**AMY COLVIN, VICE PRESIDENT**

STATE OF **IDAHO**          COUNTY OF **BONNEVILLE**      ) ss.

On **FEBRUARY 11, 2022**, before me, **JESSICA PHILLIPS**, personally appeared **AMY COLVIN** known to me to be the **VICE PRESIDENT** of **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.** ("MERS"), AS BENEFICIARY, AS NOMINEE FOR **CITADEL SERVICING CORPORATION, ITS SUCCESSORS AND ASSIGNS** the corporation that executed the instrument or the person who executed the instrument on behalf of said corporation, and acknowledged to me that such corporation executed the same.

**JESSICA PHILLIPS (COMMISSION EXP. 05/05/2026)**
NOTARY PUBLIC

JESSICA PHILLIPS
Notary Public - State of Idaho
Commission Number 20201276
My Commission Expires May 5, 2026

**Page 1 of 1**

**MERS PHONE: 1-888-679-6377**

**EXHIBIT 3**

# EXHIBIT 4

Recording requested by:
**ServiceLink**

When Recorded Mail To:
**BARRETT DAFFIN FRAPPIER TREDER &
WEISS, LLP**
**4004 Belt Line Road, Suite 100**
**Addison, Texas 75001-4320**

APN #: **1005-091-24-0-000**
Property Address:
**1243 JACARANDA PLACE**
**UPLAND, CALIFORNIA 91784**

DFF00000010228930

---

Electronically
Recorded in Official Records
San Bernardino County

Assessor-Recorder-County Clerk

# DOC# 2024-0228190

| 09/24/2024 04:03 PM | Titles: 1 | Pages: 4 |
|---|---|---|
| SAN | | |
| | Fees | $35.00 |
| J9545 | Taxes | $0.00 |
| | CA SB2 Fee | $75.00 |
| | Total | $110.00 |

Space above this line for Recorder's use only

---

Trustee Sale No. :  **00000010228930**          Title Order No.:  **240446412**

# IMPORTANT NOTICE
## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

**ATTENTION RECORDER:** THE FOLLOWING REFERENCE TO AN ATTACHED SUMMARY APPLIES ONLY TO COPIES PROVIDED TO THE TRUSTOR, NOT TO THIS RECORDED ORIGINAL NOTICE.

**NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED**

注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
**NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI
LIỆU NÀY**

**THE ABOVE STATEMENT IS MADE PURSUANT TO CA CIVIL CODE §§2923.3(c)(1)and(2).**

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until approximately 90 days from the date this Notice of Default may be recorded (which date of recordation appears on this notice).

This amount is **$34,923.57 as of 09/20/2024** and will increase until your account becomes current.  While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage.  If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order

**EXHIBIT 4**

**IMPORTANT NOTICE**
**NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST**

Trustee Sale No. : 00000010228930          Title Order No.: 240446412

---

to reinstate your account in good standing.  In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than three months after this notice of default is recorded) to, among other things. (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

**SERVICEMAC LLC**
**c/o BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP**
4004 Belt Line Road, Suite 100
Addison, Texas 75001-4320
(866) 795-1852

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.
Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.

# REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

**EXHIBIT 4**

**IMPORTANT NOTICE**
**NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST**

Trustee Sale No. : 00000010228930          Title Order No.: 240446412

NOTICE IS HEREBY GIVEN THAT: BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP is the original Trustee, duly appointed Substituted Trustee, or acting as Agent for the Trustee or Beneficiary under a Deed of Trust dated 01/25/2019, executed by LARA FAKHOURY, A SINGLE WOMAN, as Trustor, to secure obligations in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), AS BENEFICIARY, AS NOMINEE FOR CITADEL SERVICING CORPORATION, ITS SUCCESSORS AND ASSIGNS, as Beneficiary Recorded on 01/29/2019 as Instrument No. 2019-0029406 of official records in the Office of the Recorder of SAN BERNARDINO County, California, as more fully described on said Deed of Trust.   Including a Note(s)/ Unconditional Guaranty which had a principal amount of $780,000.00 that the beneficial interest under said Deed of Trust and the obligations secured thereby are presently held by the Beneficiary; that a breach of, and default in, the obligations for which said Deed of Trust is security has occurred in that the payment has not been made of:

THE INSTALLMENT OF PRINCIPAL AND INTEREST WHICH BECAME DUE ON 4/1/2024 AND ALL SUBSEQUENT INSTALLMENTS, TOGETHER WITH LATE CHARGES AS SET FORTH IN SAID NOTE AND DEED OF TRUST, ADVANCES, ASSESSMENTS, FEES, AND/OR TRUSTEE FEES, IF ANY.

NOTHING IN THIS NOTICE SHALL BE CONSTRUED AS A WAIVER OF ANY FEES OWING TO THE BENEFICIARY UNDER THE DEED OF TRUST, PURSUANT TO THE TERMS OF THE LOAN DOCUMENTS.

That by reason thereof, the present beneficiary under said Deed of Trust and/or its loan servicer hereby declare(s) all obligations secured thereby immediately due and payable, invoke(s) the power of sale under said Deed of Trust, and elect(s) to sell the property described therein in satisfaction of those obligations without prejudice to any other default remedies permitted by applicable law.

DATED: 09/20/2024          *SEE EXHIBIT "A"*

BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP as Trustee or agent for beneficiary

By: _____
Robyn Sanford, Authorized Agent

**EXHIBIT 4**

*EXHIBIT A*

# DECLARATION OF COMPLIANCE
(California Civil Code Section 2923.55(c))

| | |
|---|---|
| Borrower(s): | LARA FAKHOURY, A SINGLE WOMAN |
| Property Address: | 1243 JACARANDA PLACE, UPLAND, CA 91784 |
| Trustee's Sale No.: | 00000010228930 |

The undersigned, as authorized agent or employee of the mortgage servicer, declares as follows:

## Homeowner Bill of Rights Pre-Foreclosure Contact (California Civil Code Section 2923.55)

☐ The mortgage servicer has contacted the borrower to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure as required by California Civil Code Section 2923.55(b)(2). Thirty days or more have passed since the initial contact was made.

☑ The mortgage servicer has tried with due diligence to contact the borrower as required by California Civil Code Section 2923.55(f), but has not made contact despite such due diligence. Thirty days or more have passed since these due diligence efforts were satisfied.

☐ No contact was required because ☐ the individual did not meet the definition of a "borrower" under California Civil Code Section 2920.5(c).

☐ California Civil Code Section 2923.55 does not apply because the loan is not secured by a first lien mortgage or deed of trust on residential real property that meets the criteria in California Civil Code Section 2924.15(a)(1) ("owner-occupied") or Section 2924.15(a)(2) ("occupied by tenant").

## COVID-19 Forbearance Relief (California Civil Code Section 3273.10)

☐ The mortgage servicer is exempt from the requirements of California Civil Code Section 3273.10. The borrower's loan is a federally-backed mortgage, and the mortgage servicer has complied with the forbearance provisions in Section 4022 of the federal Coronavirus Aid, Relief and Economic Security Act ("the CARES Act").

☐ The mortgage servicer is exempt from the requirements of California Civil Code Section 3273.10. The borrower's loan is not a federally-backed mortgage, but the mortgage servicer provides forbearance consistent with the requirements of the CARES Act for federally-backed mortgages.

☑ The mortgage servicer ☐ approved ☑ denied ☐ did not receive a forbearance request made during the effective time period that satisfied the conditions of California Civil Code Section 3273.10(a).

I certify that this declaration is accurate, complete and supported by competent and reliable evidence which the mortgage servicer has reviewed to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.

Wilmington Trust, National Association, not in its individual
capacity but solely as trustee of MFRA Trust 2015-2
by Citadel Servicing Corporation, its appointed Attorney in
fact by ServiceMac, LLC. its appointed Attorney In fact

Dated: September 12,  2024          By:  *Kathleen Sovic*

**NAME:** Kathleen Sovic
**TITLE:** VP, Late Stage Default

Large Servicer Compliance Declaration (AB 3088 revised 11/13/2020)

# EXHIBIT 4

EXHIBIT 5

Recording requested by:
**ServiceLink**

When Recorded Mail To:
**BARRETT DAFFIN FRAPPIER TREDER &
WEISS, LLP**
**4004 Belt Line Road, Suite 100**
**Addison, Texas  75001-4320**
**(866) 795-1852**

APN #: **1005-091-24-0-000**
Property Address:
**1243 JACARANDA PLACE**
**UPLAND, CALIFORNIA  91784**

Electronically
Recorded in Official Records
San Bernardino County
Assessor-Recorder-County Clerk

# DOC# 2025-0081262

| | | |
|---|---|---|
| 04/15/2025 | Titles: 1 | Pages: 3 |
| 12:28 PM | | |
| SAN | | |
| | Fees | $32.00 |
| | Taxes | $0.00 |
| J9534 | CA SB2 Fee | $75.00 |
| | Total | $107.00 |

Space above this line for Recorder's use only

Trustee Sale No. :  00000010228930        Title Order No.:  240446412        FHA/VA/PMI No.:

## NOTICE OF TRUSTEE'S SALE

**ATTENTION RECORDER: THE FOLLOWING REFERENCE TO AN ATTACHED SUMMARY APPLIES
ONLY TO COPIES PROVIDED TO THE TRUSTOR, NOT TO THIS RECORDED ORIGINAL NOTICE.**

### NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED

注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI
LIỆU NÀY

**YOU ARE IN DEFAULT UNDER A  DEED OF TRUST, DATED 01/25/2019.  UNLESS YOU TAKE ACTION
TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE.  IF YOU NEED AN
EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A
LAWYER.**

**BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP,** as duly appointed Trustee under and pursuant to Deed
of Trust **Recorded on 01/29/2019 as Instrument No. 2019-0029406** of official records in the office of the County
Recorder of **SAN BERNARDINO** County, State of CALIFORNIA.
EXECUTED BY:        LARA FAKHOURY, A SINGLE WOMAN,
WILL SELL AT PUBLIC AUCTION TO HIGHEST BIDDER FOR CASH, CASHIER'S CHECK/CASH
EQUIVALENT or other form of payment authorized by California Civil Code 2924h(b), (payable at time of sale in
lawful money of the United States).
DATE OF SALE:        05/19/2025        TIME OF SALE:        12:00 PM
PLACE OF SALE:        AT THE NORTH ARROWHEAD AVENUE ENTRANCE TO THE COUNTY
COURTHOUSE, 351 NORTH ARROWHEAD AVENUE, SAN BERNARDINO, CA 92401.

FCUS_NoticeOfTrusteeSale.rpt - Record - 10/28/2021 - Ver-43                                                Page 1 of 3

## EXHIBIT 5

| Trustee Sale No. : 00000010228930 | Title Order No.: 240446412 | FHA/VA/PMI No.: |
|---|---|---|

**STREET ADDRESS** and other common designation, if any, of the real property described above is purported to be:

**1243 JACARANDA PLACE, UPLAND, CALIFORNIA 91784**

APN#:       **1005-091-24-0-000**

The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein. Said sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by said Deed of Trust, with interest thereon, as provided in said note(s), advances, under the terms of  said Deed of Trust, fees, charges and expenses of the Trustee and of  the trusts created by said Deed of Trust. The total amount of the unpaid balance of the obligation secured by the property to be sold and reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is **$803,402.29**. The beneficiary under said Deed of Trust heretofore executed and delivered to the undersigned a written Declaration of Default and Demand for Sale, and a written Notice of Default and Election to Sell. The undersigned caused said Notice of Default and Election to Sell to be recorded in the county where the real property is located.

**NOTICE TO POTENTIAL BIDDERS:** If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

**NOTICE TO PROPERTY OWNER:** The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call 833-561-0243 for information regarding the trustee's sale or visit this Internet Web site WWW.SALES.BDFGROUP.COM for information regarding the sale of this property, using the file number assigned to this case 00000010228930. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

**EXHIBIT 5**

| Trustee Sale No. : 00000010228930 | Title Order No.: 240446412 | FHA/VA/PMI No.: |
|---|---|---|

**NOTICE TO TENANT**:  You may have a right to purchase this property after the trustee auction pursuant to Section 2924m of the California Civil Code.  If you are an "eligible tenant buyer," you can purchase the property if you match the last and highest bid placed at the trustee auction.  If you are an "eligible bidder", you may be able to purchase the property if you exceed the last and highest bid placed at the trustee auction.  There are three steps to exercising this right of purchase.  First, 48 hours after the date of the trustee sale, you can call 833-561-0243, or visit this internet website WWW.SALES.BDFGROUP.COM using the file number assigned to this case 00000010228930 to find the date on which the trustee's sale was held, the amount of the last and highest bid, and the address of the trustee.  Second, you must send a written notice of intent to place a bid so that the trustee receives it no more than 15 days after the trustee's sale.  Third, you must submit a bid so that the trustee receives it no more than 45 days after the trustee's sale.  If you think you may qualify as an "eligible tenant buyer" or "eligible bidder," you should consider contacting an attorney or appropriate real estate professional immediately for advice regarding this potential right to purchase.

FOR TRUSTEE SALE INFORMATION PLEASE CALL:
**833-561-0243**
**WWW.SALES.BDFGROUP.COM**

**BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP IS ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT.   ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP as Trustee**
**3990 E. Concours Street, Suite 350**
**Ontario, CA 91764**
**(866) 795-1852**

_____    Dated: **04/14/2025**
BY/ Benjamin Kelley, AUTHORIZED AGENT

**EXHIBIT 5**

# EXHIBIT 6

Recording Requested By:
**SERVICELINK**

When Recorded Mail To:
**Barrett Daffin Frappier Treder & Weiss, LLP**
**4004 Belt Line Road, Suite 100**
**Addison, Texas 75001-4320**

Property Address:
**1243 JACARANDA PLACE**
**UPLAND, CA  91784**
APN #: **1005-091-24-0-000**

Recorded in Official Records
San Bernardino County

Assessor-Recorder-County Clerk

**DOC# 2024-0206626**

09/03/2024      Titles: 1    Pages: 1
12:54 PM
SAN          Fees            $26.00
            Taxes           $0.00
C5032        CA SB2 Fee      $75.00
            Total           $101.00

Space above this line for Recorder's use only

Trustee Sale No. : 00000010228930    Title Order No. : 240446412

# SUBSTITUTION OF TRUSTEE

WHEREAS, **LARA FAKHOURY, A SINGLE WOMAN** was the original Trustor, **FIRST AMERICAN TITLE INSURANCE COMPANY** was the original Trustee, and **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), AS BENEFICIARY, AS NOMINEE FOR CITADEL SERVICING CORPORATION, ITS SUCCESSORS AND ASSIGNS** was the original Beneficiary under that certain Deed of Trust dated **January 25, 2019** and **Recorded on January 29, 2019 as Instrument No. 2019-0029406** of official records of **SAN BERNARDINO** county, state of **California**, as more fully described on said Deed of Trust; and WHEREAS, the undersigned is the present Beneficiary under said Deed of Trust, and WHEREAS, the undersigned desires to substitute a new Trustee under said Deed of Trust in place and instead of said prior Trustee.

NOW, THEREFORE, the undersigned hereby substitutes, **BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP,** whose address is: **4004 Belt Line Road, Suite 100, Addison, Texas 75001-4320** as Trustee under said Deed of Trust.

Whenever the context hereof so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2015-2 by Citadel Servicing Corporation, its appointed Attorney in fact by ServiceMac, LLC, its appointed Attorney In fact

DATED:    August 29, 2024

NAME:  Lawrence Brown
TITLE: Default Administration Manager II

STATE OF    South Carolina

CITY OF    Lancaster

On Aug 29, 2024 before me, Cleopatra S Allen, notary public, personally appeared Lawrence Brown, Default Administration Manager II , who proved to me on the basis of satisfactory evidence (identified by state DL) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature: _Cleopatra S Allen_ (Seal)

CLEOPATRA S ALLEN
NOTARY PUBLIC
My Comm. Exp.
Mar 16, 2026
SOUTH CAROLINA

Page 1 of 1

Property Address:
1243 JACARANDA PLACE
UPLAND, CA  91784

**EXHIBIT 6**

EXHIBIT 7

**Fill in this information to identify your case:**

| Debtor 1 | LARA | | FAKHOURY |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | Central District of California | | |
| Case number | | | |
| (If known) | | | |

☐ Check if this is an amended filing

Official Form 106A/B

# Schedule A/B: Property

12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:** | **Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In**

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

   ☐ No. Go to Part 2.
   ☑ Yes. Where is the property?

   1.1 | 1243 JACARANDA PL
   Street address, if available, or other description

   UPLAND          CA
   City          State   ZIP Code

   SAN BERNARDINO-CA
   County

   **What is the property?** Check all that apply.

   ☑ Single-family home
   ☐ Duplex or multi-unit building
   ☐ Condominium or cooperative
   ☐ Manufactured or mobile home
   ☐ Land
   ☐ Investment property
   ☐ Timeshare
   ☐ Other _____

   **Who has an interest in the property?** Check one.

   ☑ Debtor 1 only
   ☐ Debtor 2 only
   ☐ Debtor 1 and Debtor 2 only
   ☐ At least one of the debtors and another

   Other information you wish to add about this item, such as local property identification number:
   _____

   Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

   **Current value of the entire property?** | **Current value of the portion you own?**

   $ 1700000.00 | $ 1700000.00

   **Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

   SOLE OWNER SUBJECT TO MORTGAGE

   ☐ Check if this is community property (see instructions)

2. Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here. ..................................... → $ 1700000.00

**Part 2:** | **Describe Your Vehicles**

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3. **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

   ☑ No
   ☐ Yes

**EXHIBIT 7**

Debtor 1    LARA
            First Name        Middle Name        Last Name

| Make: | _____ | **Who has an interest in the property?** Check one. | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |

Make: _____

Model _____

Year: _____

Approximate mileage: _____

Other information:

**Who has an interest in the property?** Check one.

☐ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**

**Current value of the portion you own?**

$ _____     $ _____

4. **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**

   *Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

   ☑ No

   ☐ Yes

Make: _____

Model _____

Year: _____

Other information:

**Who has an interest in the property?** Check one.

☐ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**

**Current value of the portion you own?**

$ _____     $ _____

5. **Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here.** ......................................................➔ $ _____ 0.00

**EXHIBIT 7**

| Debtor 1 | LARA | | | Case number (*if known*) | |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

---

| Part 3: | Describe Your Personal and Household Items |
|---|---|

| Do you own or have any legal or equitable interest in any of the following items? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

**6. Household goods and furnishings**

*Examples:* Major appliances, furniture, linens, china, kitchenware

☐ No

☑ Yes. Describe. ....... HOUSEHOLD FURNITURE $ 15000.00

**7. Electronics**

*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games

☐ No

☑ Yes. Describe. ....... TELEVISIONS $ 2000.00

**8. Collectibles of value**

*Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles

☑ No

☐ Yes. Describe. ....... $

**9. Equipment for sports and hobbies**

*Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments

☑ No

☐ Yes. Describe. ....... $

**10. Firearms**

*Examples:* Pistols, rifles, shotguns, ammunition, and related equipment

☑ No

☐ Yes. Describe. ....... $

**11. Clothes**

*Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories

☐ No

☑ Yes. Describe. ....... VARIOUS CLOTHING $ 3500.00

**12. Jewelry**

*Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver

☑ No

☐ Yes. Describe. ....... $

EXHIBIT 7

Debtor 1   LARA
_____  _____  _____         Case number (*if known*) _____
First Name            Middle Name          Last Name

---

13. **Non-farm animals**

    *Examples:* Dogs, cats, birds, horses

    ☑ No

    ☐ Yes. Describe. ......   [                                    ]          $ _____

14. **Any other personal and household items you did not already list, including any health aids you did not list**

    ☑ No

    ☐ Yes. Give specific
       information. ..........   [                                    ]          $ _____

15. **Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached
    for Part 3. Write that number here.** ....................................................................................➔   $ _____20500.00

EXHIBIT 7

| Debtor 1 | LARA | | | Case number (*if known*) | |
| | First Name | Middle Name | Last Name | | |

| **Part 4:** | **Describe Your Financial Assets** |
|---|---|

| Do you own or have any legal or equitable interest in any of the following? | **Current value of the portion you own?** Do not deduct secured claims or exemptions. |
|---|---|

**16. Cash**

*Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

[✓] No
[ ] Yes ............................................................................................................. Cash: ................. $ _____

**17. Deposits of money**

*Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.

[✓] No
[ ] Yes....................          Institution name:

_____          $ _____

**18. Bonds, mutual funds, or publicly traded stocks**

*Examples:* Bond funds, investment accounts with brokerage firms, money market accounts

[✓] No
[ ] Yes....................   Institution or issuer name:

_____          $ _____

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

[✓] No
[ ] Yes. Give specific
information about
them ....................   Name of entity:                      % of ownership:

_____      0 %      $ _____

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**

*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

[ ] No
[ ] Yes. Give specific
information about
them ....................   Issuer name:

_____          $ _____

**21. Retirement or pension accounts**

*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

[ ] No
[ ] Yes. List each
account separately.   Type of account:      Institution name:

_____          $ _____

EXHIBIT 7

Debtor 1    LARA

First Name        Middle Name        Last Name        Case number (*if known*) _____

---

22. **Security deposits and prepayments**

Your share of all unused deposits you have made so that you may continue service or use from a company
*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others

☐ No

☐ Yes.........................    Institution name or individual:

_____    $ _____

23. **Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

☐ No

☐ Yes.........................    Issuer name and description:

_____    $ _____

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

☐ No

☐ Yes.........................    Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

_____    $ _____

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**

☐ No

☐ Yes. Give specific
information about them .....  [                    ]    $ _____

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**

*Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements

☐ No

☐ Yes. Give specific
information about them .....  [                    ]    $ _____

27. **Licenses, franchises, and other general intangibles**

*Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses

☐ No

☐ Yes. Give specific
information about them .....  [                    ]    $ _____

| Money or property owed to you? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

28. **Tax refunds owed to you**

☐ No

☐ Yes. Give specific information
about them, including whether
you already filed the returns
and the tax years. ....................

[                    ]    Federal:  $ _____
State:   $ _____
Local:   $ _____

---

EXHIBIT 7

Debtor 1    LARA _____    Case number (*if known*) _____
First Name          Middle Name          Last Name

---

**29. Family support**

*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement

☐ No

☐ Yes. Give specific information. ........

| | |
|---|---|
| Alimony: | $ _____ |
| Maintenance: | $ _____ |
| Support | $ _____ |
| Divorce Settlement: | $ _____ |
| Property Settlement: | $ _____ |

**30. Other amounts someone owes you**

*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security benefits; unpaid loans you made to someone else

☐ No

☐ Yes. Give specific information. ........                                             $ _____

**31. Interests in insurance policies**

*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

☐ No

☐ Yes. Name the insurance company
of each policy and list its value. ....    Company name:                Beneficiary:

_____    _____    $ _____

**32. Any interest in property that is due you from someone who has died**

If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.

☐ No

☐ Yes. Give specific information. ........                                             $ _____

**33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**

*Examples:* Accidents, employment disputes, insurance claims, or rights to sue

☐ No

☐ Yes. Give specific information. ........                                             $ _____

**34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

☐ No

☐ Yes. Give specific information. ........                                             $ _____

**35. Any financial assets you did not already list**

☐ No

☐ Yes. Give specific information. ........                                             $ _____

**36.** Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here ........................................................................... ➜ | $ _____ 0.00 |

---

EXHIBIT 7

Debtor 1   LARA  _____   Case number (*if known*) _____

          First Name          Middle Name         Last Name

---

**Part 5:**     **Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.**

37. **Do you own or have any legal or equitable interest in any business-related property?**

   ☑ No. Go to Part 6.
   ☐ Yes. Go to line 38.

> **Current value of the portion you own?**
> Do not deduct secured claims or exemptions.

38. **Accounts receivable or commissions you already earned**

   ☐ No
   ☐ Yes. Describe ....... [_____]   $ _____

39. **Office equipment, furnishings, and supplies**

   *Examples:* Business-related computers, software, modems, printers, copiers, fax machines, rugs, telephones, desks, chairs, electronic devices

   ☐ No
   ☐ Yes. Describe ....... [_____]   $ _____

40. **Machinery, fixtures, equipment, supplies you use in business, and tools of your trade**

   ☐ No
   ☐ Yes. Describe ....... [_____]   $ _____

41. **Inventory**

   ☐ No
   ☐ Yes. Describe ....... [_____]   $ _____

42. **Interests in partnerships or joint ventures**

   ☐ No
   ☐ Yes. Describe .......   Name of entity:                 % of ownership:
                 [_____]   0 %   $ _____

43. **Customer lists, mailing lists, or other compilations**

   ☐ No
   ☐ Yes. **Do your lists include personally identifiable information** (as defined in 11 U.S.C. § 101(41A))**?**

       ☐ No
       ☐ Yes. Describe ....... [_____]   $ _____

44. **Any business-related property you did not already list**

   ☐ No
   ☐ Yes. Give specific
       information ........... [_____]   $ _____

45. **Add the dollar value of all of your entries from Part 5, including any entries for pages you have attached for Part 5. Write that number here** .................................................................................... ➔   $ _____0.00

---

**EXHIBIT 7**

Debtor 1    LARA

First Name          Middle Name          Last Name                                           Case number (*if known*) _____

---

| **Part 6:** | **Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.** |
|---|---|
| | If you own or have an interest in farmland, list it in Part 1. |

**46. Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

☑ No. Go to Part 7.

☐ Yes. Go to line 47.

> **Current value of the portion you own?**
> Do not deduct secured claims or exemptions.

**47. Farm animals**

*Examples:* Livestock, poultry, farm-raised fish

☐ No

☐ Yes ....................                                                                    $ _____

**48. Crops—either growing or harvested**

☐ No

☐ Yes. Give specific information ..........                                                   $ _____

**49. Farm and fishing equipment, implements, machinery, fixtures, and tools of trade**

☐ No

☐ Yes ....................                                                                    $ _____

**50. Farm and fishing supplies, chemicals, and feed**

☐ No

☐ Yes ....................                                                                    $ _____

**51. Any farm- and commercial fishing-related property you did not already list**

☐ No

☐ Yes. Give specific information ..........                                                   $ _____

**52. Add the dollar value of all of your entries from Part 6, including any entries for pages you have attached for Part 6. Write that number here** ...................................................................................... ➔    $ _____

EXHIBIT 7

| Debtor 1 | LARA | | | | Case number (*if known*) | |
|---|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | | |

First Name          Middle Name          Last Name

---

| **Part 7:** | **Describe All Property You Own or Have an Interest in That You Did Not List Above** |
|---|---|

53. **Do you have other property of any kind you did not already list?**

*Examples:* Season tickets, country club membership

☑ No

☐ Yes. Give specific
   information ..........

_____  $ _____

54. **Add the dollar value of all of your entries from Part 7. Write that number here** ...................................  ➔  $ _____ 0.00

---

| **Part 8:** | **List the Totals of Each Part of this Form** |
|---|---|

55. **Part 1: Total real estate, line 2** .................................................................................................  ➔  $ _____ 1700000.00

56. **Part 2: Total vehicles, line 5**                           $ _____ 0.00

57. **Part 3: Total personal and household items, line 15**    $ _____ 20500.00

58. **Part 4: Total financial assets, line 36**                 $ _____ 0.00

59. **Part 5: Total business-related property, line 45**        $ _____ 0.00

60. **Part 6: Total farm- and fishing-related property, line 52**  $ _____

61. **Part 7: Total other property not listed, line 54**        +$ _____ 0.00

62. **Total personal property.** Add lines 56 through 61. ...........   $ _____ 20500.00   Copy personal property total ➔   +$ _____ 20500.00

63. **Total of all property on Schedule A/B.** Add line 55 + line 62. ..........................................................   $ _____ 1720500.00

---

**EXHIBIT 7**

**Fill in this information to identify your case:**

| | | |
|---|---|---|
| Debtor 1 | LARA | FAKHOURY |
| | First Name  Middle Name | Last Name |
| Debtor 2 (Spouse, if filing) | | |
| | First Name  Middle Name | Last Name |
| United States Bankruptcy Court for the: | Central District of California | |
| Case number (If known) | | |

☐ Check if this is an amended filing

Official Form 106D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

1. **Do any creditors have claims secured by your property?**
   ☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.
   ☑ Yes. Fill in all of the information below.

| **Part 1:** | **List All Secured Claims** |
|---|---|

2. **List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

|  | | **Column A** Amount of claim Do not deduct the value of collateral. | **Column B** Value of collateral that supports this claim | **Column C** Unsecured portion If any |
|---|---|---|---|---|

**2.1**
CITADEL MORTGAGE SERVICING
Creditor's Name
PO BOX 100077
Number    Street

DULUTH    GA    30096
City    State    ZIP Code

**Who owes the debt?** Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

Date debt was incurred

**Describe the property that secures the claim:**
1243 JACARANDA UPLAND CALIF 91784

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.
☑ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset)

Last 4 digits of account number

$  800000.00    $  1700000.00    $

**2.2**
TRUSTEE CORPS
Creditor's Name
17100 GILETTE AVE
Number    Street

IRVINE    CA    92614
City    State    ZIP Code

**Who owes the debt?** Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

Date debt was incurred 08/01/2022

**Describe the property that secures the claim:**
1243 JACARANDA PLUPLAND CALIFORNIA 91784

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset)

$  800000.00    $  1700000.00    $  0.00

**EXHIBIT 7**

Debtor 1    LARA
     First Name       Middle Name       Last Name

| Part 1: | **Additional Page**<br>After listing any entries on this page, number them beginning with 2.3, followed by 2.4, and so forth. | *Column A*<br>**Amount of claim**<br>Do not deduct the value of collateral. | *Column B*<br>**Value of collateral that supports this claim** | *Column C*<br>Unsecured portion<br>If any |
|---|---|---|---|---|
| | Last 4 digits of account number   9822 | | | |
| | Column A dollar value totals from all pages. | $   1600000.00 | | |

**EXHIBIT 7**

Debtor 1    LARA

First Name          Middle Name          Last Name          Case number (*if known*)

---

| **Part 2:** | **List Others to Be Notified for a Debt That You Already Listed** |
|---|---|

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

Name

Number     Street

City                          State     ZIP Code

On which line in Part 1 did you enter the creditor? _____

Last 4 digits of account number _____

---

EXHIBIT 7

**Fill in this information to identify your case:**

| | | |
|---|---|---|
| Debtor 1 | LARA | FAKHOURY |
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse, if filing) | | |
| | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:  Central District of California

Case number (If known) _____

☐ Check if this is an amended filing

Official Form 106H

# Schedule H: Your Codebtors

12/15

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.

1. **Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.)

   ☑ No

   ☐ Yes

2. **Within the last 8 years, have you lived in a community property state or territory?** (Community property states and territories include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

   ☐ No. Go to line 3.

   ☑ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?

   ☑ No

   ☐ Yes. In which community state or territory did you live? _____ . Fill in the name and current address of that person.

   _____

   Name of your spouse, former spouse, or legal equivalent

   _____

   Number        Street

   _____

   City                              State            ZIP Code

3. In Column 1, list all of your codebtors. Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on *Schedule D* (Official Form 106D), *Schedule E/F* (Official Form 106E/F), or *Schedule G* (Official Form 106G). Use *Schedule D, Schedule E/F, or Schedule G* to fill out Column 2.

| Column 1: **Your codebtor** | Column 2: **The creditor to whom you owe the debt** |
|---|---|
| | Check all schedules that apply: |
| _____ Name | ☐ Schedule D, line _____ |
| _____ Number   Street | ☐ Schedule E/F, line _____ |
| | ☐ Schedule G, line _____ |
| _____ City           State       ZIP Code | |

Official Form 106H

**Schedule H: Your Codebtors**

page 1 of 1

**EXHIBIT 7**

# EXHIBIT 8

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Christina J. Khil, #266845<br>MALCOLM ♦ CISNEROS, A Law Corporation<br>2112 Business Center Drive, Second Floor<br>Irvine, California 929612<br>(949) 252-9400 (Telephone)<br>(949) 252-1032 (Fax)<br>christinao@mclaw.org<br><br><br><br>☒ *Attorney for Movant*<br>☐ *Movant appearing without an attorney* | FILED & ENTERED<br><br>MAY 18 2023<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY Mason    DEPUTY CLERK |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION**

| In re:<br><br>LARA FAKHOURY,<br><br><br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 6:22-bk-13036-SY<br>CHAPTER: 13 |
|---|---|
| | **ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (REAL PROPERTY)** |
| | DATE: May 10, 2023<br>TIME: 9:30 AM<br>COURTROOM: 302<br>PLACE: 3420 Twelfth Street, Riverside, CA 92501 |

**Movant:** Wilmington Trust, National Association, not in its individual capacity but solely as trustee of MFRA Trust 2015-2

1. The Motion was:   ☒ Opposed   ☐ Unopposed   ☐ Settled by stipulation

2. The Motion affects the following real property (Property):

   *Street address*:   1243 Jacaranda Place
   *Unit/suite number*:
   *City, state, zip code*:   Upland, CA 91784

   Legal description or document recording number (including county of recording):

   2019-0029406; COUNTY OF SAN BERNARDINO

   ☒ See attached page.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**EXHIBIT 8**

3. The Motion is granted under:

   a.  ☒  11 U.S.C. § 362(d)(1)

   b.  ☐  11 U.S.C. § 362(d)(2)

   c.  ☐  11 U.S.C. § 362(d)(3)

   d.  ☐  11 U.S.C. § 362(d)(4).  The filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud creditors that involved:

       (1)  ☐  The transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval; and/or

       (2)  ☐  Multiple bankruptcy cases affecting the Property.

       (3)  ☐  The court  ☐ makes  ☐ does not make  ☐ cannot make
            a finding that the Debtor was involved in this scheme.

       (4)  If recorded in compliance with applicable state laws governing notices of interests or liens in real property, this order shall be binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of this order by the court, except that a debtor in a subsequent case under this title may move for relief from this order based upon changed circumstances or for good cause shown, after notice and a hearing.  Any federal, state or local government unit that accepts notices of interests or liens in real property shall accept any certified copy of this order for indexing and recording.

4. ☒  As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

   a.  ☒  Terminated as to the Debtor and the Debtor's bankruptcy estate.

   b.  ☐  Modified or conditioned as set forth in Exhibit _____ to this order.

   c.  ☐  Annulled retroactively to the bankruptcy petition date.  Any postpetition acts taken by Movant to enforce its remedies regarding the Property do not constitute a violation of the stay.

5. ☒  Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate except by filing a proof of claim pursuant to 11 U.S.C. § 501.

6. ☐  Movant must not conduct a foreclosure sale of the Property before _____ (date)

7. ☐  The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Agreement contained within this order.

8. ☒  In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after entry of this order.  The secured portion of Movant's claim is deemed withdrawn upon entry of this order without prejudice to Movant's right to file an amended unsecured claim for any deficiency.  Absent a stipulation or order to the contrary, Movant must return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this order.

9. ☐  The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, as to the same terms and conditions as to the Debtor.

10. ☒  The 14-day stay as provided in FRBP 4001(a)(3) is waived.

11. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

12. Movant, or its agents, may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement.  Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                           Page 2                    **F 4001-1.RFS.RP.ORDER**

EXHIBIT 8

13. Upon entry of this order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

14. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy case concerning the Property for a period of 180 days from the hearing of this Motion

    (a) ☐ without further notice.

    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

15. ☐ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

16. ☐ This order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:

    (a) ☐ without further notice.

    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

17. ☐ This order is binding and effective in any future bankruptcy case, no matter who the debtor may be

    (a) ☐ without further notice.

    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

18. ☐ Other (*specify*):

###

Date: May 18, 2023

Scott H. Yun
United States Bankruptcy Judge

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                               Page 3                               **F 4001-1.RFS.RP.ORDER**

**EXHIBIT 8**

# LEGAL DESCRIPTION

Real property in the City of Upland, County of San Bernardino, State of California, described as follows:

LOT 13, TRACT NO. 13794, IN THE CITY OF UPLAND, COUNTY OF SAN BERNARDINO, STATE OF
CALIFORNIA, AS PER PLAT RECORDED IN BOOK 208 OF MAPS, PAGE(S) 58 TO 60, INCLUSIVE,
RECORDS OF SAID COUNTY.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                      Page 4                          F 4001-1.RFS.RP.ORDER

EXHIBIT 8

# United States Bankruptcy Court
## Central District of California

**3420 Twelfth Street, Riverside, CA 92501−3819**

## ORDER AND NOTICE OF DISMISSAL
## ARISING FROM MOTION TO DISMISS CHAPTER 13 [11 U.S.C. § 1307]

**DEBTOR INFORMATION:**
Lara Fakhoury

**BANKRUPTCY NO.**  6:22−bk−13036−SY

**CHAPTER**  13

**Last four digits of Social−Security or Individual Taxpayer−Identification (ITIN) No(s)., (if any):**  xxx−xx−0739
**Employer Tax−Identification (EIN) No(s).(if any):**  N/A
**Debtor Dismissal Date:** 5/10/23

**Address:**
1243 Jacaranda PL
Upland, CA 91784−7410

Pursuant to the court's findings and conclusions at the hearing on the motion to dismiss in this case,
IT IS ORDERED THAT:

(1)  debtor's bankruptcy case is dismissed; and

(2)  the court retains jurisdiction on all issues involving sanctions, any bar against being a debtor in bankruptcy, all issues arising
under Bankruptcy Code §§ 105, 109(g), 110, 329, 349, and 362, and to any additional extent provided by law.

Dated: May 10, 2023

BY THE COURT,

**Kathleen J. Campbell**
Clerk of Court

Form van153−od13d Rev. 06/2017

**66 − 55 / SM6**

EXHIBIT 8

EXHIBIT 9

| Fill in this information to identify your case and this filing: | | |
|---|---|---|
| Debtor 1 | **Lara** | **Fakhoury** |
| | First Name   Middle Name | Last Name |
| Debtor 2 (Spouse, if filing) | | |
| | First Name   Middle Name | Last Name |
| United States Bankruptcy Court for the: | **Central** | District of   **California** |
| Case number | **6:25-bk-13166** | |

☐ Check if this is an
amended filing

Official Form 106A/B

# Schedule A/B: Property

12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:   Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

   ☐ No. Go to Part 2.
   ☑ Yes. Where is the property?

   **1.1**   **1243 Jacaranda Pl**

   Street address, if available, or other description

   **Upland, CA 91784-7410**

   City   State   ZIP Code

   **San Bernardino**

   County

   **What is the property?** Check all that apply.
   ☑ Single-family home
   ☐ Duplex or multi-unit building
   ☐ Condominium or cooperative
   ☐ Manufactured or mobile home
   ☐ Land
   ☐ Investment property
   ☐ Timeshare
   ☐ Other _____

   **Who has an interest in the property?** Check one.
   ☑ Debtor 1 only
   ☐ Debtor 2 only
   ☐ Debtor 1 and Debtor 2 only
   ☐ At least one of the debtors and another

   Other information you wish to add about this item, such as local property identification number: _____

   Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

   | Current value of the entire property? | Current value of the portion you own? |
   |---|---|
   | $1,500,000.00 | $1,500,000.00 |

   Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

   **Fee Simple**

   ☐ Check if this is community property (see instructions)

2. Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here .................................................... →

   | $1,500,000.00 |
   |---|

## Part 2:   Describe Your Vehicles

Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles

   ☐ No
   ☑ Yes

**EXHIBIT 9**

Debtor **Fakhoury, Lara** _____  Case number *(if known)* **6:25-bk-13166**

| 3.1 | | |
|---|---|---|

**3.1**

Make: **Chevrolet**

Model: **Equinox**

Year: **2019**

Approximate mileage: _____

Other information:

| To be surrendered |
|---|

**Who has an interest in the property?** Check one.

- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?  **$16,000.00**

Current value of the portion you own?  **$16,000.00**

**4.** **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**

*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

- ☑ No
- ☐ Yes

**4.1**

Make: _____

Model: _____

Year: _____

Other information:

| |
|---|

**Who has an interest in the property?** Check one.

- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?  _____

Current value of the portion you own?  _____

**5.** **Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here** .......................................................... ➔  **$16,000.00**

| Part 3: | Describe Your Personal and Household Items |
|---|---|

| Do you own or have any legal or equitable interest in any of the following items? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

**6.** **Household goods and furnishings**

*Examples:*  Major appliances, furniture, linens, china, kitchenware

- ☐ No
- ☑ Yes. Describe. .........

| Household goods and furnishings | **$4,000.00** |
|---|---|

**7.** **Electronics**

*Examples:*  Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games

- ☐ No
- ☑ Yes. Describe. .........

| Electronics | **$2,000.00** |
|---|---|

Official Form 106A/B                    Schedule A/B: Property                    page **2**

**EXHIBIT 9**

Debtor  **Fakhoury, Lara** _____    Case number (if known) **6:25-bk-13166**

---

8.  **Collectibles of value**

    *Examples:*  Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles

    ☑ No

    ☐ Yes. Describe. .........

9.  **Equipment for sports and hobbies**

    *Examples:*  Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments

    ☑ No

    ☐ Yes. Describe. .........

10. **Firearms**

    *Examples:*  Pistols, rifles, shotguns, ammunition, and related equipment

    ☑ No

    ☐ Yes. Describe. .........

11. **Clothes**

    *Examples:*  Everyday clothes, furs, leather coats, designer wear, shoes, accessories

    ☐ No

    ☑ Yes. Describe. .........    **Clothes**             **$1,500.00**

12. **Jewelry**

    *Examples:*  Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver

    ☑ No

    ☐ Yes. Describe. .........

13. **Non-farm animals**

    *Examples:*  Dogs, cats, birds, horses

    ☑ No

    ☐ Yes. Describe. .........

14. **Any other personal and household items you did not already list, including any health aids you did not list**

    ☑ No

    ☐ Yes. Give specific information. .............

15. **Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here** .................................................................................................... ➔   **$7,500.00**

**Part 4:**   **Describe Your Financial Assets**

---

**EXHIBIT 9**

Debtor **Fakhoury, Lara**        Case number *(if known)* **6:25-bk-13166**

| Do you own or have any legal or equitable interest in any of the following? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

**16. Cash**

*Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

☐ No

☑ Yes ................................................................................................ Cash: ................    **$500.00**

**17. Deposits of money**

*Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.

☐ No

☑ Yes ....................     Institution name:

         17.1. Checking account:    **US Bank**        **$400.00**

**18. Bonds, mutual funds, or publicly traded stocks**

*Examples:* Bond funds, investment accounts with brokerage firms, money market accounts

☑ No

☐ Yes ....................    Institution or issuer name:

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

☑ No

☐ Yes. Give specific information about them....................    Name of entity:        % of ownership:

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**

*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

☑ No

☐ Yes. Give specific information about them....................    Issuer name:

**EXHIBIT 9**

Debtor  **Fakhoury, Lara** _____    Case number *(if known)* **6:25-bk-13166**

---

21.  **Retirement or pension accounts**

     *Examples:*  Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

    ☑ No

    ☐ Yes. List each
       account separately.    Type of account:    Institution name:

           401(k) or similar plan:    _____    _____

           Pension plan:    _____    _____

           IRA:    _____    _____

           Retirement account:    _____    _____

           Keogh:    _____    _____

           Additional account:    _____    _____

           Additional account:    _____    _____

22.  **Security deposits and prepayments**

    Your share of all unused deposits you have made so that you may continue service or use from a company

    *Examples:*  Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or
           others

    ☑ No

    ☐ Yes ......................    Institution name or individual:

           Electric:    _____    _____

           Gas:    _____    _____

           Heating oil:    _____    _____

           Security deposit on rental unit:    _____    _____

           Prepaid rent:    _____    _____

           Telephone:    _____    _____

           Water:    _____    _____

           Rented furniture:    _____    _____

           Other:    _____    _____

23.  **Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

    ☑ No

    ☐ Yes ....................    Issuer name and description:

           _____    _____

           _____    _____

           _____    _____

**EXHIBIT 9**

Debtor  **Fakhoury, Lara** _____     Case number *(if known)* **6:25-bk-13166**

---

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
    26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

    ☑ No

    ☐ Yes ..................... Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

    _____     _____

    _____     _____

    _____     _____

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**

    ☑ No

    ☐ Yes. Give specific
    information about them. ...    [                              ]     _____

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**

    *Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements

    ☑ No

    ☐ Yes. Give specific
    information about them. ...    [                              ]     _____

27. **Licenses, franchises, and other general intangibles**

    *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses

    ☑ No

    ☐ Yes. Give specific
    information about them. ...    [                              ]     _____

| Money or property owed to you? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

28. **Tax refunds owed to you**

    ☑ No

    ☐ Yes. Give specific information about
    them, including whether you
    already filed the returns and
    the tax years. ...................    [              ]    Federal:    _____

                                                            State:    _____

                                                            Local:    _____

29. **Family support**

    *Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property
    settlement

---

Official Form 106A/B                 **Schedule A/B: Property**                 page **6**

**EXHIBIT 9**

Debtor    **Fakhoury, Lara**                                        Case number *(if known)*  **6:25-bk-13166**

---

☑ No

☐ Yes. Give specific information. ........

|  |  |
| --- | --- |
| Alimony: | _____ |
| Maintenance: | _____ |
| Support: | _____ |
| Divorce settlement: | _____ |
| Property settlement: | _____ |

30. **Other amounts someone owes you**

*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security benefits; unpaid loans you made to someone else

☑ No

☐ Yes. Give specific information. ........                                        _____

31. **Interests in insurance policies**

*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

☑ No

☐ Yes. Name the insurance company
of each policy and list its value. ...

| Company name: | Beneficiary: | Surrender or refund value: |
| --- | --- | --- |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

32. **Any interest in property that is due you from someone who has died**

If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.

☑ No

☐ Yes. Give specific information. ........                                        _____

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**

*Examples:* Accidents, employment disputes, insurance claims, or rights to sue

☑ No

☐ Yes. Describe each claim. ..............                                        _____

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

☑ No

☐ Yes. Describe each claim. ..............                                        _____

35. **Any financial assets you did not already list**

☑ No

☐ Yes. Give specific information. ........                                        _____

---

Official Form 106A/B                              **Schedule A/B: Property**                              page **7**

**EXHIBIT 9**

Debtor    **Fakhoury, Lara**                                                      Case number *(if known)*    6:25-bk-13166

---

36.  Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached ................ →    **$900.00**
     for Part 4. Write that number here

| **Part 5:** | **Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.** |

37.  Do you own or have any legal or equitable interest in any business-related property?

☑ No. Go to Part 6.
☐ Yes. Go to line 38.

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

38.  **Accounts receivable or commissions you already earned**

☑ No
☐ Yes. Describe. .........

39.  **Office equipment, furnishings, and supplies**

*Examples:*  Business-related computers, software, modems, printers, copiers, fax machines, rugs, telephones, desks, chairs, electronic devices

☑ No
☐ Yes. Describe. .........

40.  **Machinery, fixtures, equipment, supplies you use in business, and tools of your trade**

☑ No
☐ Yes. Describe. .........

41.  **Inventory**

☑ No
☐ Yes. Describe. .........

42.  **Interests in partnerships or joint ventures**

☑ No
☐ Yes. Describe .......

Name of entity:                              % of ownership:

---

Official Form 106A/B                     **Schedule A/B: Property**                                 page 8

**EXHIBIT 9**

Debtor   **Fakhoury, Lara**                                                    Case number *(if known)* __6:25-bk-13166__

---

43. **Customer lists, mailing lists, or other compilations**

   ☑ No

   ☐ Yes. **Do your lists include personally identifiable information** (as defined in 11 U.S.C. § 101(41A))?

       ☐ No

       ☐ Yes. Describe. .........   _____   _____

44. **Any business-related property you did not already list**

   ☑ No

   ☐ Yes. Give specific
       information .........
                          _____   _____

                          _____   _____

                          _____   _____

                          _____   _____

                          _____   _____

45. **Add the dollar value of all of your entries from Part 5, including any entries for pages you have attached
   for Part 5. Write that number here** ................................................................................➔   | **$0.00** |

---

| **Part 6:** | **Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.** |
| | If you own or have an interest in farmland, list it it in Part 1. |

46. **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

   ☑ No. Go to Part 7.

   ☐ Yes. Go to line 47.

                                                      | **Current value of the
   portion you own?**
   Do not deduct secured
   claims or exemptions. |

47. **Farm animals**

   *Examples:*  Livestock, poultry, farm-raised fish

   ☑ No

   ☐ Yes .........................   _____   _____

48. **Crops—either growing or harvested**

   ☑ No

   ☐ Yes. Give specific
       information. ............   _____   _____

---

EXHIBIT 9

Debtor **Fakhoury, Lara**                                                                    Case number *(if known)* **6:25-bk-13166**

---

49. **Farm and fishing equipment, implements, machinery, fixtures, and tools of trade**

☑ No

☐ Yes ........................

---

50. **Farm and fishing supplies, chemicals, and feed**

☑ No

☐ Yes ........................

---

51. **Any farm- and commercial fishing-related property you did not already list**

☑ No

☐ Yes. Give specific
information. ............

---

52. **Add the dollar value of all of your entries from Part 6, including any entries for pages you have attached
for Part 6. Write that number here** ...............................................................................................➔    | **$0.00** |

---

| **Part 7:** | **Describe All Property You Own or Have an Interest in That You Did Not List Above** |

53. **Do you have other property of any kind you did not already list?**

*Examples:*  Season tickets, country club membership

☑ No

☐ Yes. Give specific
information. ............

---

54. **Add the dollar value of all of your entries from Part 7. Write that number here** ....................➔    | **$0.00** |

---

| **Part 8:** | **List the Totals of Each Part of this Form** |

55. **Part 1: Total real estate, line 2** ...............................................................................................➔    | **$1,500,000.00** |

56. **Part 2: Total vehicles, line 5**                               **$16,000.00**

57. **Part 3: Total personal and household items, line 15**          **$7,500.00**

58. **Part 4: Total financial assets, line 36**                      **$900.00**

59. **Part 5: Total business-related property, line 45**             **$0.00**

60. **Part 6: Total farm- and fishing-related property, line 52**    **$0.00**

61. **Part 7: Total other property not listed, line 54**         +   **$0.00**

62. **Total personal property.** Add lines 56 through 61. ...............    **$24,400.00**    Copy personal property total  ➔    +    **$24,400.00**

---

**EXHIBIT 9**

Debtor    **Fakhoury, Lara**                                                                    Case number *(if known)*  **6:25-bk-13166**

---

63.    **Total of all property on Schedule A/B.** Add line 55 + line 62. ........................................................................    | **$1,524,400.00** |

**EXHIBIT 9**

Fill in this information to identify your case:

| | | |
|---|---|---|
| Debtor 1 | **Lara** | **Fakhoury** |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | **Central** District of **California** | |
| Case number (if known) | **6:25-bk-13166** | |

☐ Check if this is an
amended filing

<u>Official Form 106D</u>

# Schedule D: Creditors Who Have Claims Secured by Property      12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

1. **Do any creditors have claims secured by your property?**
   ☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.
   ☑ Yes. Fill in all of the information below.

## Part 1:     List All Secured Claims

2. **List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** | Column C<br>**Unsecured portion**<br>If any |
|---|---|---|---|

| **2.1** | **Wilmington Trust, National Association** | Describe the property that secures the claim: | $748,660.00 | $1,500,000.00 | $0.00 |
|---|---|---|---|---|---|

Creditor's Name

**c/o ServiceMac, LLC**

| **1243 Jacaranda Pl Upland, CA 91784-7410** |

**9726 Old Bailes Road Suite #200**

Number       Street

**Fort Mill, SC 30096**

City       State       ZIP Code

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this claim relates to a community debt**

Date debt was incurred _____

**Nature of lien.** Check all that apply.
☑ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Last 4 digits of account number ___ ___ ___ ___

| Add the dollar value of your entries in Column A on this page. Write that number here: | $748,660.00 | |
|---|---|---|

**EXHIBIT 9**

| Debtor 1 | Lara | | Fakhoury | | Case number *(if known)* | 6:25-bk-13166 |
|---|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | | |

**Part 2:**  **List Others to Be Notified for a Debt That You Already Listed**

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

| ☐ 1. | **Citadel Servicing** | On which line in Part 1 did you enter the creditor? __2.1__ |
|---|---|---|
| | Name | Last 4 digits of account number  ___ ___ ___ ___ |
| | **25541 Commercentre Dr Ste 250** | |
| | Number      Street | |
| | **Lake Forest, CA 92630-4555** | |
| | City                State        ZIP Code | |

**EXHIBIT 9**

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | **Lara** | | **Fakhoury** |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: _____ **Central** _____ District of _____ **California**

Case number    **6:25-bk-13166**
(if known)

☐ Check if this is an
amended filing

Official Form 106H

# Schedule H: Your Codebtors

12/15

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.

**1.    Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.)

☑ No
☐ Yes

**2.    Within the last 8 years, have you lived in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

☐ No. Go to line 3.
☑ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?

☑ No
☐ Yes. In which community state or territory did you live? _____. Fill in the name and current address of that person.

_____
Name of your spouse, former spouse, or legal equivalent

_____
Number          Street

_____
City               State               ZIP Code

3.    **In Column 1, list all of your codebtors. Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner.** Make sure you have listed the creditor on *Schedule D* (Official Form 106D), *Schedule E/F* (Official Form 106E/F), or *Schedule G* (Official Form 106G). Use *Schedule D, Schedule E/F,* or *Schedule G* to fill out Column 2.

| Column 1: **Your codebtor** | Column 2: **The creditor to whom you owe the debt** |
|---|---|
| | Check all schedules that apply: |

| 3.1 | |
|---|---|
| Name _____ | ☐ Schedule D, line _____ |
| | ☐ Schedule E/F, line _____ |
| Number          Street | ☐ Schedule G, line _____ |
| City     State     ZIP Code | |

| 3.2 | |
|---|---|
| Name _____ | ☐ Schedule D, line _____ |
| | ☐ Schedule E/F, line _____ |
| Number          Street | ☐ Schedule G, line _____ |
| City     State     ZIP Code | |

**EXHIBIT 9**

# EXHIBIT 10

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## 6 DIVISION

In re:                                              Case No. 6:25-bk-13166-SY

     LARA FAKHOURY

         Debtor(s)

### CHAPTER 13 STANDING TRUSTEE'S FINAL REPORT AND ACCOUNT

Rod Danielson, chapter 13 trustee, submits the following Final Report and Account of the administration of the estate pursuant to 11 U.S.C. § 1302(b)(1). The trustee declares as follows:

1) The case was filed on 05/15/2025.

2) The plan was confirmed on NA.

3) The plan was modified by order after confirmation pursuant to 11 U.S.C. § 1329 on NA.

4) The trustee filed action to remedy default by the debtor in performance under the plan on NA.

5) The case was dismissed on 07/16/2025.

6) Number of months from filing or conversion to last payment: 0.

7) Number of months case was pending: 4.

8) Total value of assets abandoned by court order: NA.

9) Total value of assets exempted: $483,400.00.

10) Amount of unsecured claims discharged without full payment: $0.00.

11) All checks distributed by the trustee relating to this case have cleared the bank.

UST Form 101-13-FR-S (09/01/2009)

EXHIBIT 10

| Receipts: | | |
|---|---|---|
| Total paid by or on behalf of the debtor | $0.00 | |
| Less amount refunded to debtor | $0.00 | |
| **NET RECEIPTS:** | | **$0.00** |

| Expenses of Administration: | | |
|---|---|---|
| Attorney's Fees Paid Through the Plan | $0.00 | |
| Court Costs | $0.00 | |
| Trustee Expenses & Compensation | $0.00 | |
| Other | $0.00 | |
| **TOTAL EXPENSES OF ADMINISTRATION:** | | **$0.00** |

**Scheduled Creditors:**

| Creditor Name | Class | Claim Scheduled | Claim Asserted | Claim Allowed | Principal Paid | Int. Paid |
|---|---|---|---|---|---|---|
| ACAR LEASING LTD | Unsecured | NA | NA | 3,642.11 | 0.00 | 0.00 |
| AMERICAN EXPRESS | Unsecured | 300.00 | NA | NA | 0.00 | 0.00 |
| BARCLAYS BLACK CARD | Unsecured | 1,543.00 | NA | NA | 0.00 | 0.00 |
| CITIBANK | Unsecured | 346.00 | NA | NA | 0.00 | 0.00 |
| CREDIT ONE | Unsecured | 1,500.00 | NA | NA | 0.00 | 0.00 |
| FRANCHISE TAX BOARD | Unsecured | 10,392.00 | NA | 12,690.10 | 0.00 | 0.00 |
| LVNV FUNDING, LLC | Unsecured | 20,794.00 | NA | NA | 0.00 | 0.00 |
| SALLIE MAE | Unsecured | 44,000.00 | NA | NA | 0.00 | 0.00 |
| WILMINGTON TRUST, NATIONAL AS | Secured | 80,000.00 | NA | NA | 0.00 | 0.00 |

**UST Form 101-13-FR-S (09/01/2009)**

| Summary of Disbursements to Creditors: | Claim Allowed | Principal Paid | Interest Paid |
|---|---|---|---|
| **Secured Payments:** | $0.00 | $0.00 | $0.00 |
| Mortgage Ongoing | $0.00 | $0.00 | $0.00 |
| Mortgage Arrearage | $0.00 | $0.00 | $0.00 |
| Debt Secured by Vehicle | $0.00 | $0.00 | $0.00 |
| All Other Secured | **$0.00** | **$0.00** | **$0.00** |
| **TOTAL SECURED:** | | | |
| **Priority Unsecured Payments:** | $0.00 | $0.00 | $0.00 |
| Domestic Support Arrearage | $0.00 | $0.00 | $0.00 |
| Domestic Support Ongoing | $0.00 | $0.00 | $0.00 |
| All Other Priority | **$0.00** | **$0.00** | **$0.00** |
| **TOTAL PRIORITY:** | | | |

| Disbursements: | |
|---|---|
| Expenses of Administration | $0.00 |
| Disbursements to Creditors | $0.00 |
| **TOTAL DISBURSEMENTS :** | **$0.00** |

12)  The trustee certifies that, pursuant to Federal Rule of Bankruptcy Procedure 5009, the estate has been fully administered, the foregoing summary is true and complete, and all administrative matters for which the trustee is responsible have been completed. The trustee requests a final decree be entered that discharges the trustee and grants such other relief as may be just and proper.

Dated: 09/17/2025          By:          /s/ Rod Danielson
                                              Signature

STATEMENT:  This Unified Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

UST Form 101-13-FR-S (09/01/2009)

| In re:  **LARA FAKHOURY** | **Chapter: 13** |
|---|---|
| Debtor | Case Number: **6:25-bk-13166-SY** |

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is 3787 University Avenue, Riverside, CA 92501.

The foregoing document described **CHAPTER 13 STANDING TRUSTEE'S FINAL REPORT AND ACCOUNT** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I.**  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING  ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On **09/17/2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person (s) are on the Electronic Mail Notice List to receive NEF transmission at the email address (es) indicated below:
**US Trustee: ustpregion16.rs.ecf@usdoj.gov**
**ben@nexusbk.com**

☐ Service Information continued on attached pag

**II.**  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On **09/17/2025** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid,  and/or with an overnight mail service addressed as follows.  *Listing the judge here constitutes a declaration that mailing to the judge  will be completed no later than 24 hours after the document is filed.*

LARA FAKHOURY                  NEXUS BANKRUPTCY
1243 JACARANDA PL              3090 BRISTOL ST #400
UPLAND, CA  91784-7410         COSTA MESA, CA  92626

☐ Service Information continued on attached pag

**III.**  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (Indicate method for each person or entity served):  Pursuant to F.R.Civ.P.5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or  (for those who consented in writing to such a service method), by facsimile transmission and/or email as follows.  *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐ Service Information continued on attached pag

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 09/17/2025 | Tony Ho | /s/ Tony Ho |
|---|---|---|
| Date | Type Name | Signature |

**UST Form 101-13-FR-S (09/01/2009)**

EXHIBIT 11

Fill in this information to identify your case and this filing:

| Debtor 1 | Lara | | Fakhoury |
|---|---|---|---|
| | First Name | Middle Name | Last Name |

| Debtor 2 | | | |
|---|---|---|---|
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **Central** District of **California**

Case number   **6:25-bk-15107-SY**

☐ Check if this is an amended filing

## Official Form 106A/B

# Schedule A/B: Property                                    12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:   Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

   ☐ No. Go to Part 2.
   ☑ Yes. Where is the property?

   **1.1**   **1243 Jacaranda Pl**
   Street address, if available, or other description

   **Upland, CA 91784-7410**
   City        State    ZIP Code

   **San Bernardino**
   County

   **What is the property?** Check all that apply.
   ☑ Single-family home
   ☐ Duplex or multi-unit building
   ☐ Condominium or cooperative
   ☐ Manufactured or mobile home
   ☐ Land
   ☐ Investment property
   ☐ Timeshare
   ☐ Other _____

   **Who has an interest in the property?** Check one.
   ☑ Debtor 1 only
   ☐ Debtor 2 only
   ☐ Debtor 1 and Debtor 2 only
   ☐ At least one of the debtors and another

   Other information you wish to add about this item, such as local property identification number: _____

   Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

   | Current value of the entire property? | Current value of the portion you own? |
   |---|---|
   | $1,500,000.00 | $1,500,000.00 |

   Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

   **Fee Simple**

   ☐ **Check if this is community property** (see instructions)

2. Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here ....................  →  | $1,500,000.00 |

### Part 2:   Describe Your Vehicles

Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles

   ☐ No
   ☑ Yes

**EXHIBIT 11**

Debtor    **Fakhoury, Lara**                                          Case number *(if known)*  **6:25-bk-15107-SY**

| 3.1 | Make: | **Chevrolet** | **Who has an interest in the property?** Check one. | | Do you deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
|---|---|---|---|---|---|

3.1  Make: **Chevrolet**

Model: **Equinox**

Year: **2019**

Approximate mileage: _____

Other information:

| To be surrendered |
|---|

**Who has an interest in the property?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $16,000.00 | $16,000.00 |

**4.  Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**

*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

☑ No
☐ Yes

4.1  Make: _____

Model: _____

Year: _____

Other information:

[ ]

**Who has an interest in the property?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?

Current value of the portion you own?

**5.  Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here** ..............................  ➔  | $16,000.00 |

| **Part 3:** | **Describe Your Personal and Household Items** |
|---|---|

**Do you own or have any legal or equitable interest in any of the following items?**

Current value of the portion you own?
Do not deduct secured claims or exemptions.

**6.  Household goods and furnishings**

*Examples:*  Major appliances, furniture, linens, china, kitchenware

☐ No
☑ Yes. Describe. .........   | Household goods and furnishings |   | $4,000.00 |

**7.  Electronics**

*Examples:*  Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games

☐ No
☑ Yes. Describe. .........   | Electronics |   | $2,000.00 |

**EXHIBIT 11**

Debtor **Fakhoury, Lara**                                                 Case number *(if known)* **6:25-bk-15107-SY**

---

8. **Collectibles of value**

   *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles

   ☑ No
   ☐ Yes. Describe. .........

9. **Equipment for sports and hobbies**

   *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments

   ☑ No
   ☐ Yes. Describe. .........

10. **Firearms**

    *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment

    ☑ No
    ☐ Yes. Describe. .........

11. **Clothes**

    *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories

    ☐ No
    ☑ Yes. Describe. .........     **Clothes**                   **$1,500.00**

12. **Jewelry**

    *Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver

    ☑ No
    ☐ Yes. Describe. .........

13. **Non-farm animals**

    *Examples:* Dogs, cats, birds, horses

    ☑ No
    ☐ Yes. Describe. .........

14. **Any other personal and household items you did not already list, including any health aids you did not list**

    ☑ No
    ☐ Yes. Give specific information. .............

15. Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here ................................................................................. ➔     **$7,500.00**

---

| **Part 4:** | **Describe Your Financial Assets** |
|---|---|

---

**EXHIBIT 11**

Debtor   **Fakhoury, Lara**                                                       Case number *(if known)* **6:25-bk-15107-SY**

| Do you own or have any legal or equitable interest in any of the following? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

**16.  Cash**

*Examples:*  Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

☐ No

☑ Yes ................................................................................................................    Cash: ...................    **$500.00**

**17.  Deposits of money**

*Examples:*  Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.

☐ No

☑ Yes .....................              Institution name:

17.1. Checking account:       **US Bank**                                                        **$4,740.00**

17.2. Checking account:       **Wells Fargo**                                                     **$70,066.00**

**18.  Bonds, mutual funds, or publicly traded stocks**

*Examples:*  Bond funds, investment accounts with brokerage firms, money market accounts

☑ No

☐ Yes .....................     Institution or issuer name:

**19.  Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

☑ No

☐ Yes. Give specific information about them....................     Name of entity:                                    % of ownership:

**20.  Government and corporate bonds and other negotiable and non-negotiable instruments**

*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

☑ No

☐ Yes. Give specific information about them....................     Issuer name:

Official Form 106A/B                         **Schedule A/B: Property**                                      page 4

**EXHIBIT 11**

Debtor  **Fakhoury, Lara** _____    Case number *(if known)* **6:25-bk-15107-SY**

---

21. **Retirement or pension accounts**

    *Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

    ☑ No

    ☐ Yes. List each
    account separately.    Type of account:    Institution name:

    401(k) or similar plan: _____    _____

    Pension plan: _____    _____

    IRA: _____    _____

    Retirement account: _____    _____

    Keogh: _____    _____

    Additional account: _____    _____

    Additional account: _____    _____

22. **Security deposits and prepayments**

    Your share of all unused deposits you have made so that you may continue service or use from a company

    *Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others

    ☑ No

    ☐ Yes ......................    Institution name or individual:

    Electric: _____    _____

    Gas: _____    _____

    Heating oil: _____    _____

    Security deposit on rental unit: _____    _____

    Prepaid rent: _____    _____

    Telephone: _____    _____

    Water: _____    _____

    Rented furniture: _____    _____

    Other: _____    _____

23. **Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

    ☑ No

    ☐ Yes ...................    Issuer name and description:

    _____    _____

    _____    _____

**EXHIBIT 11**

Debtor **Fakhoury, Lara** _____    Case number _(if known)_ **6:25-bk-15107-SY**

---

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**

    26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

    ☑ No

    ☐ Yes ...................    Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

    _____

    _____

    _____

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**

    ☑ No

    ☐ Yes. Give specific information about them. ...

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**

    _Examples:_  Internet domain names, websites, proceeds from royalties and licensing agreements

    ☑ No

    ☐ Yes. Give specific information about them. ...

27. **Licenses, franchises, and other general intangibles**

    _Examples:_  Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses

    ☑ No

    ☐ Yes. Give specific information about them. ...

| Money or property owed to you? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

28. **Tax refunds owed to you**

    ☑ No

    ☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years. ...................

    Federal: _____

    State: _____

    Local: _____

29. **Family support**

    _Examples:_  Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement

**EXHIBIT 11**

Debtor __Fakhoury, Lara_____    Case number *(if known)* __6:25-bk-15107-SY__

☑ No
☐ Yes. Give specific information. ........

Alimony: _____

Maintenance: _____

Support: _____

Divorce settlement: _____

Property settlement: _____

30. **Other amounts someone owes you**

*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security benefits; unpaid loans you made to someone else

☑ No
☐ Yes. Give specific information. ........    _____

31. **Interests in insurance policies**

*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

☑ No
☐ Yes. Name the insurance company of each policy and list its value. ...

| Company name: | Beneficiary: | Surrender or refund value: |
|---|---|---|
| | | |
| | | |
| | | |

32. **Any interest in property that is due you from someone who has died**

If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.

☑ No
☐ Yes. Give specific information. ........    _____

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**

*Examples:* Accidents, employment disputes, insurance claims, or rights to sue

☑ No
☐ Yes. Describe each claim. ..............    _____

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

☑ No
☐ Yes. Describe each claim. ..............    _____

35. **Any financial assets you did not already list**

☑ No
☐ Yes. Give specific information. ........    _____

EXHIBIT 11

Debtor   Fakhoury, Lara                                         Case number *(if known)*   6:25-bk-15107-SY

---

36.  Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached
     for Part 4. Write that number here .......................................................................................   →   | $75,306.00 |

**Part 5:   Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.**

37.  Do you own or have any legal or equitable interest in any business-related property?

☑ No. Go to Part 6.
☐ Yes. Go to line 38.

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

38.  **Accounts receivable or commissions you already earned**

☑ No
☐ Yes. Describe. .........

39.  **Office equipment, furnishings, and supplies**

*Examples:*  Business-related computers, software, modems, printers, copiers, fax machines, rugs, telephones, desks, chairs, electronic devices

☑ No
☐ Yes. Describe. .........

40.  **Machinery, fixtures, equipment, supplies you use in business, and tools of your trade**

☑ No
☐ Yes. Describe. .........

41.  **Inventory**

☑ No
☐ Yes. Describe. .........

42.  **Interests in partnerships or joint ventures**

☑ No
☐ Yes. Describe .......

Name of entity:                              % of ownership:

---

Official Form 106A/B                  Schedule A/B: Property                                  page 8

EXHIBIT 11

Debtor  **Fakhoury, Lara**                                             Case number *(if known)*  **6:25-bk-15107-SY**

---

43.  **Customer lists, mailing lists, or other compilations**

☑ No

☐ Yes. **Do your lists include personally identifiable information** (as defined in 11 U.S.C. § 101(41A))?

    ☐ No

    ☐ Yes. Describe. .........

44.  **Any business-related property you did not already list**

☑ No

☐ Yes. Give specific
information .........

45.  **Add the dollar value of all of your entries from Part 5, including any entries for pages you have attached
for Part 5. Write that number here** ................................................................................................... ➜  | $0.00 |

| **Part 6:** | **Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.** |
| | If you own or have an interest in farmland, list it in Part 1. |

46.  **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

☑ No. Go to Part 7.

☐ Yes. Go to line 47.

> **Current value of the
> portion you own?**
> Do not deduct secured
> claims or exemptions.

47.  **Farm animals**

*Examples:*  Livestock, poultry, farm-raised fish

☑ No

☐ Yes .........................

48.  **Crops—either growing or harvested**

☑ No

☐ Yes. Give specific
information. ............

**EXHIBIT 11**

Debtor    **Fakhoury, Lara**    Case number *(if known)*    6:25-bk-15107-SY

---

49. **Farm and fishing equipment, implements, machinery, fixtures, and tools of trade**

☑ No

☐ Yes .........................

50. **Farm and fishing supplies, chemicals, and feed**

☑ No

☐ Yes .........................

51. **Any farm- and commercial fishing-related property you did not already list**

☑ No

☐ Yes. Give specific information. ............

52. **Add the dollar value of all of your entries from Part 6, including any entries for pages you have attached for Part 6. Write that number here** ...................    ➡    | $0.00 |

---

### Part 7:    Describe All Property You Own or Have an Interest in That You Did Not List Above

53. **Do you have other property of any kind you did not already list?**

*Examples:*  Season tickets, country club membership

☑ No

☐ Yes. Give specific information. ............

54. **Add the dollar value of all of your entries from Part 7. Write that number here** ........................    ➡    | $0.00 |

---

### Part 8:    List the Totals of Each Part of this Form

55. **Part 1: Total real estate, line 2** ...........................................................................    ➡    | $1,500,000.00 |

56. **Part 2: Total vehicles, line 5**    | $16,000.00 |

57. **Part 3: Total personal and household items, line 15**    | $7,500.00 |

58. **Part 4: Total financial assets, line 36**    | $75,306.00 |

59. **Part 5: Total business-related property, line 45**    | $0.00 |

60. **Part 6: Total farm- and fishing-related property, line 52**    | $0.00 |

61. **Part 7: Total other property not listed, line 54**    +    | $0.00 |

62. **Total personal property.** Add lines 56 through 61. ...............    | $98,806.00 |    Copy personal property total ➡    +    | $98,806.00 |

---

**EXHIBIT 11**

Debtor **Fakhoury, Lara** _____    Case number *(if known)* **6:25-bk-15107-SY**

| 63. | **Total of all property on Schedule A/B.** Add line 55 + line 62. ........................................................................ | | **$1,598,806.00** |

EXHIBIT 11

Fill in this information to identify your case:

| Debtor 1 | **Lara** | | **Fakhoury** | |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |
| Debtor 2 | | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name | |
| United States Bankruptcy Court for the: | | **Central** | District of | **California** |
| Case number (if known) | **6:25-bk-15107-SY** | | | |

☐ Check if this is an amended filing

Official Form 106D

# Schedule D: Creditors Who Have Claims Secured by Property    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

1. **Do any creditors have claims secured by your property?**
   ☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.
   ☑ Yes. Fill in all of the information below.

**Part 1:    List All Secured Claims**

2. **List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | | Column A | Column B | Column C |
|---|---|---|---|---|
| | | **Amount of claim** Do not deduct the value of collateral. | **Value of collateral that supports this claim** | **Unsecured portion** If any |

**2.1**

**Wilmington Trust, National Association**
Creditor's Name

**c/o ServiceMac, LLC**

**9726 Old Bailes Road Suite #200**
Number        Street

**Fort Mill, SC 30096**
City        State        ZIP Code

**Who owes the debt?** Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim relates to a community debt

Date debt was incurred    **1/25/2019**

Describe the property that secures the claim:    **$810,000.00**    **$1,500,000.00**    **$0.00**

**1243 Jacaranda Pl Upland, CA 91784-7410**

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.
☑ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Last 4 digits of account number    **3    0    4    0**

| Add the dollar value of your entries in Column A on this page. Write that number here: | **$810,000.00** | |
|---|---|---|

Official Form 106D        Schedule D: Creditors Who Have Claims Secured by Property        page **1** of **1**

**EXHIBIT 11**

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Lara**            **Fakhoury** |
| | First Name     Middle Name     Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name     Middle Name     Last Name |
| United States Bankruptcy Court for the: | **Central** District of **California** |
| Case number (if known) | **6:25-bk-15107-SY** |

☐ Check if this is an amended filing

Official Form 106H

# Schedule H: Your Codebtors

12/15

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.

**1.** **Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.)

    ☑ No

    ☐ Yes

**2.** **Within the last 8 years, have you lived in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

    ☐ No. Go to line 3.

    ☑ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?

       ☐ No

       ☑ Yes. In which community state or territory did you live? **California**. Fill in the name and current address of that person.

       **Fakhoury, Majed (Mike)**
       Name of your spouse, former spouse, or legal equivalent

       **1243 Jacaranda Pl**
       Number     Street

       **Upland, CA 91784-7410**
       City     State     ZIP Code

**3.** **In Column 1, list all of your codebtors. Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on *Schedule D* (Official Form 106D), *Schedule E/F* (Official Form 106E/F), or *Schedule G* (Official Form 106G). Use *Schedule D, Schedule E/F*, or *Schedule G* to fill out Column 2.**

| Column 1: **Your codebtor** | Column 2: **The creditor to whom you owe the debt** |
|---|---|
| | Check all schedules that apply: |
| **3.1** | |
| Name | ☐ Schedule D, line _____ |
| | ☐ Schedule E/F, line _____ |
| Number     Street | ☐ Schedule G, line _____ |
| City     State     ZIP Code | |
| **3.2** | |
| Name | ☐ Schedule D, line _____ |
| | ☐ Schedule E/F, line _____ |
| Number     Street | ☐ Schedule G, line _____ |
| City     State     ZIP Code | |

Official Form 106H            **Schedule H: Codebtors**            page **1** of **1**

**EXHIBIT 11**

| Fill in this information to identify your case: |
|---|

| Debtor 1 | **Lara** | | **Fakhoury** |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | **Central** | District of | **California** |
| Case number | **6:25-bk-15107-SY** | | |
| (if known) | | | |

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD / YYYY

Official Form 106I

# Schedule I: Your Income
12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:    Describe Employment

| 1. Fill in your employment information. | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| If you have more than one job, attach a separate page with information about additional employers.<br><br>Include part-time, seasonal, or self-employed work.<br><br>Occupation may include student or homemaker, if it applies. | Employment status | ☑ Employed<br>☐ Not employed | ☐ Employed<br>☐ Not employed |
| | Occupation | **Caregiver** | |
| | Employer's name | **In-Home Supportive Services** | |
| | Employer's address | **784 E Hospitality Ln** | |
| | | Number        Street | Number        Street |
| | | | |
| | | **Sn Bernrdno, CA 92415-0009** | |
| | | City        State        ZIP Code | City        State        ZIP Code |
| | How long employed there? | _____ | _____ |

## Part 2:    Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | **$4,346.67** | |
| 3. | Estimate and list monthly overtime pay. | 3. | + **$0.00** | + |
| 4. | Calculate gross income. Add line 2 + line 3. | 4. | **$4,346.67** | |

EXHIBIT 11

| Debtor 1 | **Lara** | | **Fakhoury** | | Case number *(if known)* | **6:25-bk-15107-SY** |
| | First Name | Middle Name | Last Name | | | |

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| | Copy line 4 here.......................................................... → | 4. | $4,346.67 | |
| 5. | **List all payroll deductions:** | | | |
| 5a. | **Tax, Medicare, and Social Security deductions** | 5a. | $332.52 | |
| 5b. | **Mandatory contributions for retirement plans** | 5b. | $0.00 | |
| 5c. | **Voluntary contributions for retirement plans** | 5c. | $0.00 | |
| 5d. | **Required repayments of retirement fund loans** | 5d. | $0.00 | |
| 5e. | **Insurance** | 5e. | $52.16 | |
| 5f. | **Domestic support obligations** | 5f. | $0.00 | |
| 5g. | **Union dues** | 5g. | $0.00 | |
| 5h. | **Other deductions.** Specify: _____ | 5h. + | $0.00 | + |
| 6. | **Add the payroll deductions.** Add lines 5a + 5b + 5c + 5d + 5e +5f + 5g + 5h. | 6. | $384.68 | |
| 7. | **Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. | $3,961.99 | |
| 8. | **List all other income regularly received:** | | | |
| 8a. | **Net income from rental property and from operating a business, profession, or farm** | | | |
| | Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $0.00 | |
| 8b. | **Interest and dividends** | 8b. | $0.00 | |
| 8c. | **Family support payments that you, a non-filing spouse, or a dependent regularly receive** | | | |
| | Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $0.00 | |
| 8d. | **Unemployment compensation** | 8d. | $0.00 | |
| 8e. | **Social Security** | 8e. | $0.00 | |
| 8f. | **Other government assistance that you regularly receive** | | | |
| | Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: _____ | 8f. | $0.00 | |
| 8g. | **Pension or retirement income** | 8g. | $0.00 | |
| 8h. | **Other monthly income.** Specify: _____ | 8h. + | $0.00 | + |
| 9. | **Add all other income.** Add lines 8a + 8b + 8c + 8d + 8e + 8f + 8g + 8h. | 9. | $0.00 | |
| 10. | **Calculate monthly income.** Add line 7 + line 9. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. | $3,961.99 + | = $3,961.99 |
| 11. | **State all other regular contributions to the expenses that you list in** *Schedule J.* | | | |

Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.

Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*

| | | | |
|---|---|---|---|
| Specify: **Contributions from Debtor's brother** | | 11. + | $0.00 |

| Debtor 1 | Lara | | Fakhoury | | Case number *(if known)* | 6:25-bk-15107-SY |
|---|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | | |

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the *Summary of Your Assets and Liabilities and Certain Statistical Information*, if it applies

12.  $3,961.99

**Combined
monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**

☐ No.
☑ Yes. Explain:

**Debtor's spouse is looking for work and has several prospects. Debtor will amend Schedules I & J once he obtains employment.**

| Fill in this information to identify your case: | | |
|---|---|---|

**Debtor 1**  Lara _____ Fakhoury
First Name  Middle Name  Last Name

**Debtor 2**
(Spouse, if filing) _____
First Name  Middle Name  Last Name

United States Bankruptcy Court for the:  **Central District of California**

Case number  **6:25-bk-15107-SY**
(if known)

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13
expenses as of the following date:

_____
MM / DD / YYYY

## Official Form 106J

# Schedule J: Your Expenses

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Your Household

**1. Is this a joint case?**

☑ No. Go to line 2.
☐ Yes. **Does Debtor 2 live in a separate household?**
  ☐ No
  ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household of Debtor 2.*

**2. Do you have dependents?**

Do not list Debtor 1 and Debtor 2.

Do not state the dependents' names.

☐ No
☑ Yes. Fill out this information for each dependent..............

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| Child | 24 | ☐ No. ☑ Yes. |
| Child | 22 | ☐ No. ☑ Yes. |
| Child | 20 | ☐ No. ☑ Yes. |
| Child | 19 | ☐ No. ☑ Yes. |
| | | ☐ No. ☐ Yes. |

**3. Do your expenses include expenses of people other than yourself and your dependents?**

☑ No
☐ Yes

### Part 2: Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

**Your expenses**

| | | |
|---|---|---|
| 4. The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot. | 4. | **$5,745.00** |
| If not included in line 4: | | |
| 4a. Real estate taxes | 4a. | **$0.00** |
| 4b. Property, homeowner's, or renter's insurance | 4b. | **$0.00** |
| 4c. Home maintenance, repair, and upkeep expenses | 4c. | **$80.00** |
| 4d. Homeowner's association or condominium dues | 4d. | **$0.00** |

| Debtor 1 | **Lara** | | **Fakhoury** | | Case number *(if known)* | **6:25-bk-15107-SY** |
|---|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | | |

| | | | **Your expenses** |
|---|---|---|---|

| 5. | Additional mortgage payments for your residence, such as home equity loans | 5. | $0.00 |
|---|---|---|---|
| 6. | **Utilities:** | | |
| | 6a. Electricity, heat, natural gas | 6a. | $300.00 |
| | 6b. Water, sewer, garbage collection | 6b. | $150.00 |
| | 6c. Telephone, cell phone, Internet, satellite, and cable services | 6c. | $300.00 |
| | 6d. Other. Specify: _____ | 6d. | $0.00 |
| 7. | **Food and housekeeping supplies** | 7. | $1,000.00 |
| 8. | **Childcare and children's education costs** | 8. | $0.00 |
| 9. | **Clothing, laundry, and dry cleaning** | 9. | $150.00 |
| 10. | **Personal care products and services** | 10. | $150.00 |
| 11. | **Medical and dental expenses** | 11. | $0.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. | $300.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. | $0.00 |
| 14. | **Charitable contributions and religious donations** | 14. | $0.00 |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
| | 15a. Life insurance | 15a. | $0.00 |
| | 15b. Health insurance | 15b. | $0.00 |
| | 15c. Vehicle insurance | 15c. | $250.00 |
| | 15d. Other insurance. Specify: _____ | 15d. | $0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: _____ | 16. | $0.00 |
| 17. | **Installment or lease payments:** | | |
| | 17a. Car payments for Vehicle 1 | 17a. | $0.00 |
| | 17b. Car payments for Vehicle 2 | 17b. | $0.00 |
| | 17c. Other. Specify: _____ | 17c. | $0.00 |
| | 17d. Other. Specify: _____ | 17d. | $0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, Schedule I, Your Income** (Official Form 106I). | 18. | $0.00 |
| 19. | **Other payments you make to support others who do not live with you.** Specify: _____ | 19. | $0.00 |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.*** | | |
| | 20a. Mortgages on other property | 20a. | $0.00 |
| | 20b. Real estate taxes | 20b. | $0.00 |
| | 20c. Property, homeowner's, or renter's insurance | 20c. | $0.00 |
| | 20d. Maintenance, repair, and upkeep expenses | 20d. | $0.00 |
| | 20e. Homeowner's association or condominium dues | 20e. | $0.00 |

| Debtor 1 | Lara | | Fakhoury | | Case number *(if known)* | 6:25-bk-15107-SY |
|---|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | | |

| | | | | |
|---|---|---|---|---|
| 21. | **Other.** Specify: _____ | | 21. | + _____ $0.00 |

| 22. | **Calculate your monthly expenses.** | | |
|---|---|---|---|
| | 22a. Add lines 4 through 21. | 22a. | _____ $8,425.00 |
| | 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | 22b. | _____ $0.00 |
| | 22c. Add line 22a and 22b. The result is your monthly expenses. | 22c. | _____ $8,425.00 |

| 23. | **Calculate your monthly net income.** | | |
|---|---|---|---|
| | 23a. Copy line 12 (your combined monthly income) from *Schedule I.* | 23a. | _____ $3,961.99 |
| | 23b. Copy your monthly expenses from line 22c above. | 23b. | − _____ $8,425.00 |
| | 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income.* | 23c. | ($4,463.02) |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**

For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☑ No.
☐ Yes.

EXHIBIT 12

| Attorney or Party Name, Address, Telephone & FAX Numbers, State Bar Number & Email Address | FOR COURT USE ONLY |
|---|---|
| Darlene C. Vigil<br>CA No. 223442<br>Barrett Daffin Frappier Treder & Weiss, LLP<br>3990 E. Concours Street, Suite 350<br>Ontario, CA 91764<br>Phone: (626) 371-7000; Fax: (972) 661-7726<br>E-mail:  cdcaecf@BDFGroup.com<br>File No. 10555449 | **FILED & ENTERED**<br><br>**AUG 28 2025**<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY Mason      DEPUTY CLERK<br><br>**CHANGES MADE BY COURT** |
| ☐ *Individual appearing without attorney*<br>☒ *Attorney for* ~~Movant~~  Creditor Wilmington Trust,et al., | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION**

| In re:<br><br>LARA FAKHOURY, | CASE NUMBER:    6:25-bk-15107-SY |
|---|---|
| | CHAPTER:          13 |
| | **ORDER ☐ GRANTING  ☒ DENYING MOTION FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY** |
| | ☐ No hearing held<br>☒ Hearing held<br><br>DATE:    August 20, 2025<br>TIME:    9:30 a.m.<br>COURTROOM:   302<br>ADDRESS: 3420 Twelfth Street, Riverside, CA 92501 |
| Debtor(s). | |

| **Movant** *(name)*: Lara Fakhoury |
|---|

1. The Motion was:    ☒ Opposed        ☐ Unopposed        ☐ Settled by stipulation

2. The Motion affects the following property (Property):

   ☐ Vehicle *(describe year, manufacturer, type and model):*

       *Vehicle identification number:*
       *Location of vehicle (if known):*

---

*"Bankruptcy Code" and "11 U.S.C." refer to the United States Bankruptcy Code, Title 11 of the United States Code.*
*"FRBP" refers to the Federal Rules of Bankruptcy Procedure.  "LBR" and "LBRs" refer to the Local Bankruptcy Rule(s) of this court.*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**EXHIBIT 12**

☐ Equipment *(describe manufacturer, type, and characteristics)*:

    *Serial numbers(s):*
    *Location (if known):*

☐ Other personal property *(describe type, identifying information, and location)*:

☒ Real property:

    *Street Address:*    1243 Jacaranda Place
    *Unit Number:*
    *City, State, Zip Code:* Upland, CA 91784

Legal description or document recording number *(including county of recording)*:

Document No. 2019-0029406, San Bernardino County

    ☐ See attached page.

3. The Motion is granted on the grounds that:

    a.  ☐ This case was filed in good faith.

    b.  ☐ The Property is of consequential value or benefit to the estate.

    c.  ☐ The presumption of bad faith under 11 U.S.C. § 362(c)(3)(C)(i) or (c)(4)(D)(i) has been overcome as to all creditors.

    d.  ☐ The presumption of bad faith as to the Secured Creditor/Lessor under 11 U.S.C. § 362(c)(3)(C)(ii) or (c)(4)(D)(ii) has been overcome.

4. The stay of 11 U.S.C. § 362(a) is

    a.  ☐ Imposed *as to all creditors* until further order of the court.

    b.  ☐ Imposed as to the Secured Creditor/Lessor with respect to actions to collect the debt owed to the Secured Creditor/Lessor until further order of the court.

    c.  ☐ Imposed as to the Secured Creditor/Lessor with respect to the Property until further order of the court.

    d.  ☐ Continued *as to all creditors* until further order of the court.

    e.  ☐ Continued in effect as to the Secured Creditor/Lessor with respect to actions to collect the debt owed to the Secured Creditor/Lessor until further order of the court.

    f.  ☐ Continued in effect as to the Secured Creditor/Lessor with respect to the Property until further order of the court.

5. ☐ The stay is imposed or continued in effect subject to the terms and conditions set forth in the Adequate Protection Attachment to this order.

6. ☐ See attached continuation page for additional provisions.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2018*                    Page 2                  **F 4001-1.IMPOSE.STAY.ORDER**

**EXHIBIT 12**

7. ☒ The Motion is denied:    ☒ without prejudice    ☐ with prejudice    ☒ on the following grounds:

   a. ☒ Based upon the findings of fact and conclusions of law made on the record at the hearing

   b. ☐ Unexcused non-appearance by Movant

   c. ☐ Lack of proper service

   d. ☐ Lack of good cause shown

   e. ☐ Other (*specify*):

###

Date: August 28, 2025

Scott H. Yun
United States Bankruptcy Judge

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2018*                                   Page 3                          **F 4001-1.IMPOSE.STAY.ORDER**

**EXHIBIT 12**

EXHIBIT 13

Fill in this information to identify your case:

United States Bankruptcy Court for the:

Central District of California ◯

Case number (if known): _____

Chapter you are filing under:
☐ Chapter 7
☐ Chapter 11
☐ Chapter 12
☑ Chapter 13



FILED

AUG 2 5 2025

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

☐ Check if this is an
amended filing

## Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy      06/24

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:   Identify Yourself

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **1. Your full name**<br>Write the name that is on your government-issued picture identification (for example, your driver's license or passport).<br>Bring your picture identification to your meeting with the trustee. | Majed<br>First name<br><br>Fakhoury<br>Middle name<br><br>Last name<br><br>Suffix (Sr., Jr., II, III) | First name<br><br>Middle name<br><br>Last name<br><br>Suffix (Sr., Jr., II, III) |
| **2. All other names you have used in the last 8 years**<br>Include your married or maiden names and any assumed, trade names and *doing business as* names.<br>Do NOT list the name of any separate legal entity such as a corporation, partnership, or LLC that is not filing this petition. | First name<br><br>Middle name<br><br>Last name<br><br>First name<br><br>Middle name<br><br>Last name<br><br>Business name (if applicable)<br><br>Business name (if applicable) | First name<br><br>Middle name<br><br>Last name<br><br>First name<br><br>Middle name<br><br>Last name<br><br>Business name (if applicable)<br><br>Business name (if applicable) |
| **3. Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | xxx – xx – 0 0 2 5<br>OR<br>9 xx – xx –___ ___ ___ ___ | xxx – xx –___ ___ ___ ___<br>OR<br>9 xx – xx –___ ___ ___ ___ |

**EXHIBIT 13**

Debtor 1    **Majed**      **Fakhoury**

First Name    Middle Name      Last Name

Case number *(if known)*_____

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **4. Your Employer Identification Number (EIN), if any.** | EIN __ __ - __ __ __ __ __ __ __ <br><br> EIN __ __ - __ __ __ __ __ __ __ | EIN __ __ - __ __ __ __ __ __ __ <br><br> EIN __ __ - __ __ __ __ __ __ __ |

**5. Where you live**

About Debtor 1:

1243 jacaranda pl

Number / Street

Upland      CA    91784

City      State    ZIP Code

San Bernardino

County

If your mailing address is different from the one above, fill it in here. Note that the court will send any notices to you at this mailing address.

_____

Number    Street

_____

P.O. Box

_____

City      State    ZIP Code

If Debtor 2 lives at a different address:

_____

Number    Street

_____

City      State    ZIP Code

County

If Debtor 2's mailing address is different from yours, fill it in here. Note that the court will send any notices to this mailing address.

_____

Number    Street

_____

P.O. Box

_____

City      State    ZIP Code

**6. Why you are choosing *this district* to file for bankruptcy**

*Check one:*

☑ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain. (See 28 U.S.C. § 1408.)

_____

_____

_____

*Check one:*

☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain. (See 28 U.S.C. § 1408.)

_____

_____

_____

**EXHIBIT 13**

| Debtor 1 | Majed | Fakhoury | | Case number (if known)_____ |
|---|---|---|---|---|
| | First Name    Middle Name | Last Name | | |

---

**Part 2:**    **Tell the Court About Your Bankruptcy Case**

---

**7. The chapter of the Bankruptcy Code you are choosing to file under**

*Check one. (For a brief description of each, see Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)). Also, go to the top of page 1 and check the appropriate box.*

❑ Chapter 7

❑ Chapter 11

❑ Chapter 12

☑ Chapter 13

---

**8. How you will pay the fee**

☑ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

❑ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments (Official Form 103A).*

❑ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments. If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

---

**9. Have you filed for bankruptcy within the last 8 years?**

☑ No

❑ Yes. District _____ When _____ Case number _____
                         MM / DD / YYYY

            District _____ When _____ Case number _____
                         MM / DD / YYYY

            District _____ When _____ Case number _____
                         MM / DD / YYYY

---

**10. Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

☑ No

❑ Yes. Debtor _____ Relationship to you _____
            District _____ When _____ Case number, if known_____
                         MM / DD / YYYY

            Debtor _____ Relationship to you _____
            District _____ When _____ Case number, if known_____
                         MM / DD / YYYY

---

**11. Do you rent your residence?**

☑ No.   Go to line 12.

❑ Yes.   Has your landlord obtained an eviction judgment against you?

      ❑ No. Go to line 12.

      ❑ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it as part of this bankruptcy petition.

---

**EXHIBIT 13**

| Debtor 1 | **Majed** | **Fakhoury** | | Case number *(if known)*_____ |
|---|---|---|---|---|
| | First Name   Middle Name | Last Name | | |

## Part 3:  Report About Any Businesses You Own as a Sole Proprietor

**12. Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

☑ No. Go to Part 4.

☐ Yes. Name and location of business

_____
Name of business, if any

_____
Number     Street

_____

_____
City                          State        ZIP Code

*Check the appropriate box to describe your business:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ None of the above

**13. Are you filing under Chapter 11 of the Bankruptcy Code, and are you a *small business debtor*?**

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines. If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).*

☑ No.  I am not filing under Chapter 11.

☐ No.  I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes. I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I do not choose to proceed under Subchapter V of Chapter 11.

☐ Yes. I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I choose to proceed under Subchapter V of Chapter 11.

**EXHIBIT 13**

| Debtor 1 | Majed | | Fakhoury | | Case number (if known) | |
|---|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | | |

**Part 4:** **Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention**

14. **Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

    *For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

    ☑ No

    ☐ Yes. What is the hazard? _____

    If immediate attention is needed, why is it needed? _____

    Where is the property? _____
    Number          Street

    _____
    City                                    State      ZIP Code

**EXHIBIT 13**

Debtor 1 __Majed__ __Fakhoury__   Case number (if known)_____
First Name   Middle Name   Last Name

---

**Part 5:** **Explain Your Efforts to Receive a Briefing About Credit Counseling**

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

☑ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

---

**EXHIBIT 13**

Debtor 1    **Majed**          **Fakhoury**           Case number *(if known)*_____

First Name    Middle Name       Last Name

---

| **Part 6:** | **Answer These Questions for Reporting Purposes** |
|---|---|

**16. What kind of debts do you have?**

16a. **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☐ No. Go to line 16b.
☑ Yes. Go to line 17.

16b. **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.
☐ Yes. Go to line 17.

16c. State the type of debts you owe that are not consumer debts or business debts. _____

---

**17. Are you filing under Chapter 7?**

☑ No. I am not filing under Chapter 7. Go to line 18.

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

☐ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☐ No
☐ Yes

---

**18. How many creditors do you estimate that you owe?**

| | | |
|---|---|---|
| ☑ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

---

**19. How much do you estimate your assets to be worth?**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☑ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

**20. How much do you estimate your liabilities to be?**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☑ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

| **Part 7:** | **Sign Below** |
|---|---|

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

✗ _____      ✗ _____
Signature of Debtor 1               Signature of Debtor 2

Executed on **08/23/2025**         Executed on _____
MM / DD / YYYY                    MM / DD / YYYY

---

**EXHIBIT 13**

| Debtor 1 | Majed | | Fakhoury | Case number (if known) |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

---

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

✗ _____   Date _____

Signature of Attorney for Debtor                MM  /  DD  / YYYY

_____

Printed name

_____

Firm name

_____

Number    Street

_____

_____

City                                State       ZIP Code

Contact phone _____         Email address _____

_____

Bar number                          State

---

**EXHIBIT 13**

Debtor 1    **Majed**        **Fakhoury**        Case number (if known) _____

First Name    Middle Name    Last Name

---

**For you if you are filing this bankruptcy without an attorney**

**If you are represented by an attorney, you do not need to file this page.**

The law allows you, as an individual, to represent yourself in bankruptcy court, but **you should understand that many people find it extremely difficult to represent themselves successfully. Because bankruptcy has long-term financial and legal consequences, you are strongly urged to hire a qualified attorney.**

To be successful, you must correctly file and handle your bankruptcy case. The rules are very technical, and a mistake or inaction may affect your rights. For example, your case may be dismissed because you did not file a required document, pay a fee on time, attend a meeting or hearing, or cooperate with the court, case trustee, U.S. trustee, bankruptcy administrator, or audit firm if your case is selected for audit. If that happens, you could lose your right to file another case, or you may lose protections, including the benefit of the automatic stay.

You must list all your property and debts in the schedules that you are required to file with the court. Even if you plan to pay a particular debt outside of your bankruptcy, you must list that debt in your schedules. If you do not list a debt, the debt may not be discharged. If you do not list property or properly claim it as exempt, you may not be able to keep the property. The judge can also deny you a discharge of all your debts if you do something dishonest in your bankruptcy case, such as destroying or hiding property, falsifying records, or lying. Individual bankruptcy cases are randomly audited to determine if debtors have been accurate, truthful, and complete. **Bankruptcy fraud is a serious crime; you could be fined and imprisoned.**

If you decide to file without an attorney, the court expects you to follow the rules as if you had hired an attorney. The court will not treat you differently because you are filing for yourself. To be successful, you must be familiar with the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the local rules of the court in which your case is filed. You must also be familiar with any state exemption laws that apply.

Are you aware that filing for bankruptcy is a serious action with long-term financial and legal consequences?

☐ No
☑ Yes

Are you aware that bankruptcy fraud is a serious crime and that if your bankruptcy forms are inaccurate or incomplete, you could be fined or imprisoned?

☐ No
☑ Yes

Did you pay or agree to pay someone who is not an attorney to help you fill out your bankruptcy forms?
☑ No
☐ Yes. Name of Person_____.
      Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

By signing here, I acknowledge that I understand the risks involved in filing without an attorney. I have read and understood this notice, and I am aware that filing a bankruptcy case without an attorney may cause me to lose my rights or property if I do not properly handle the case.

**✗** _(signature)_       **✗** _____

Signature of Debtor 1                 Signature of Debtor 2

Date    08/23/2025               Date    _____
      MM / DD / YYYY                     MM / DD / YYYY

Contact phone   9092796544         Contact phone _____

Cell phone   9092796544           Cell phone _____

Email address   majedfakhoury@icloud.com     Email address _____

---

| Print | Save As... | Add Attachment | | Reset |

**EXHIBIT 13**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Benjamin Heston<br>Bar Number: 297798<br>Nexus Bankruptcy<br>3090 Bristol Street #400<br>Costa Mesa, CA 92626<br>Phone: (949) 312-1377 | FOR COURT USE ONLY |
|---|---|
| ☐ Debtor(s) appearing without attorney<br>☐ Attorney for Debtor | |

| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA - **SELECT DIVISION** ||
|---|---|
| In re: | CASE NO.:<br>CHAPTER: 13          ❂ |
| <br><br><br>Debtor(s). | **VERIFICATION OF MASTER MAILING LIST OF CREDITORS**<br><br>**[LBR 1007-1(a)]** |

Pursuant to LBR 1007-1(a), the Debtor, or the Debtor's attorney if applicable, certifies under penalty of perjury that the master mailing list of creditors filed in this bankruptcy case, consisting of ___ sheet(s) is complete, correct, and consistent with the Debtor's schedules and I/we assume all responsibility for errors and omissions.

Date:  08/23/2025

Signature of Debtor ❬signature❭

Date:  _____

Signature of Debtor 2 (joint debtor) (if applicable)

Date:  _____

Signature of Attorney for Debtor (if applicable)

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California

*December 2015*                                      **F 1007-1.MAILING.LIST.VERIFICATION**

**EXHIBIT 13**

Citadel Servicing corportion

PO Box 10081 Duluth, GA 30096 - 9377

EXHIBIT 13

EXHIBIT 14

Fill in this information to identify your case and this filing:

| Debtor 1 | **Majed** | | **Fakhoury** |
|---|---|---|---|
| | First Name | Middle Name | Last Name |

| Debtor 2 | | | |
|---|---|---|---|
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: _____**Central**_____ District of _____**California**_____

Case number    **6:25-bk-15967-SY**

☐ Check if this is an amended filing

## Official Form 106A/B

# Schedule A/B: Property

12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

   ☐ No. Go to Part 2.
   ☑ Yes. Where is the property?

| | | **What is the property?** Check all that apply. | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
|---|---|---|---|
| 1.1 | **1243 Jacaranda Pl** | ☑ Single-family home | |
| | Street address, if available, or other description | ☐ Duplex or multi-unit building | |
| | | ☐ Condominium or cooperative | |
| | | ☐ Manufactured or mobile home | Current value of the entire property? / Current value of the portion you own? |
| | | ☐ Land | |
| | **Upland, CA 91784-7410** | ☐ Investment property | $1,500,000.00  /  $1,500,000.00 |
| | City        State        ZIP Code | ☐ Timeshare | |
| | | ☐ Other _____ | **Describe the nature of your ownership interest** (such as fee simple, tenancy by the entireties, or a life estate), if known. |
| | **San Bernardino** | **Who has an interest in the property?** Check one. | |
| | County | ☐ Debtor 1 only | **Fee Simple** |
| | | ☐ Debtor 2 only | |
| | | ☐ Debtor 1 and Debtor 2 only | ☑ Check if this is community property |
| | | ☑ At least one of the debtors and another | (see instructions) |

   Other information you wish to add about this item, such as local property identification number: _____

2. Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here .......................................................... ➡ | **$1,500,000.00** |

### Part 2: Describe Your Vehicles

Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles

   ☑ No
   ☐ Yes

EXHIBIT 14

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Majed** | | **Fakhoury** |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **Central** District of **California**

Case number (if known) **6:25-bk-15967-SY**

☐ Check if this is an amended filing

Official Form 106D

# Schedule D: Creditors Who Have Claims Secured by Property    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

1. **Do any creditors have claims secured by your property?**

   ☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

   ☑ Yes. Fill in all of the information below.

**Part 1:    List All Secured Claims**

2. **List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** | Column C<br>**Unsecured portion**<br>If any |
|---|---|---|---|

**2.1** **Wilmington Trust, National Association**

Creditor's Name

**c/o ServiceMac, LLC**

**9726 Old Bailes Road Suite #200**

Number    Street

**Fort Mill, SC 30096**

City    State    ZIP Code

**Who owes the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☑ At least one of the debtors and another

☑ **Check if this claim relates to a community debt**

Date debt was incurred    **1/25/2019**

Describe the property that secures the claim:    **$810,000.00**    **$1,500,000.00**    **$0.00**

**1243 Jacaranda Pl Upland, CA 91784-7410**

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.

☑ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset)

Last 4 digits of account number    **3    0    4    0**

| Add the dollar value of your entries in Column A on this page. Write that number here: | **$810,000.00** | |
|---|---|---|

| Debtor 1 | **Majed** | | | **Fakhoury** | Case number *(if known)* | **6:25-bk-15967-SY** |
|---|---|---|---|---|---|---|
| | First Name | Middle Name | | Last Name | | |

| **Part 2:** | **List Others to Be Notified for a Debt That You Already Listed** |
|---|---|

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

| 1 | **Citadel Servicing** | On which line in Part 1 did you enter the creditor? **2.1** |
|---|---|---|
| | Name | |
| | **25541 Commercentre Dr Ste 250** | Last 4 digits of account number ___ ___ ___ ___ |
| | Number          Street | |
| | | |
| | **Lake Forest, CA 92630-4555** | |
| | City                    State        ZIP Code | |

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | **Majed** | | **Fakhoury** |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | **Central** | District of | **California** |
| Case number (if known) | **6:25-bk-15967-SY** | | |

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD / YYYY

Official Form 106I

# Schedule I: Your Income

12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:    Describe Employment

| | | | |
|---|---|---|---|
| 1. Fill in your employment information. | | **Debtor 1** | **Debtor 2 or non-filing spouse** |
| If you have more than one job, attach a separate page with information about additional employers. | Employment status | ☑ Employed <br> ☐ Not employed | ☑ Employed <br> ☐ Not employed |
| | Occupation | **Finance manager** | **Caregiver** |
| Include part-time, seasonal, or self-employed work. | Employer's name | **ELJO, LLC** | **In-Home Supportive Services** |
| Occupation may include student or homemaker, if it applies. | Employer's address | **2209 E Baseline Rd Ste 307** | **784 E Hospitality Ln** |
| | | Number        Street | Number        Street |
| | | **Claremont, CA 91711-7901** | **Sn Bernrdno, CA 92415-0009** |
| | | City        State        ZIP Code | City        State        ZIP Code |
| | How long employed there? | _____ | _____ |

## Part 2:    Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | **For Debtor 1** | **For Debtor 2 or non-filing spouse** |
|---|---|---|---|---|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | **$15,383.33** | **$4,359.00** |
| 3. | Estimate and list monthly overtime pay. | 3. + | **$0.00** + | **$0.00** |
| 4. | Calculate gross income. Add line 2 + line 3. | 4. | **$15,383.33** | **$4,359.00** |

| Debtor 1 | **Majed** | | **Fakhoury** | Case number (if known) | **6:25-bk-15967-SY** |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| Copy line 4 here...................................................... → | 4. | | $15,383.33 | $4,359.00 |

5. **List all payroll deductions:**

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 5a. **Tax, Medicare, and Social Security deductions** | 5a. | $4,305.17 | $333.46 |
| 5b. **Mandatory contributions for retirement plans** | 5b. | $0.00 | $0.00 |
| 5c. **Voluntary contributions for retirement plans** | 5c. | $0.00 | $0.00 |
| 5d. **Required repayments of retirement fund loans** | 5d. | $0.00 | $0.00 |
| 5e. **Insurance** | 5e. | $184.17 | $52.31 |
| 5f. **Domestic support obligations** | 5f. | $0.00 | $0.00 |
| 5g. **Union dues** | 5g. | $0.00 | $0.00 |
| 5h. **Other deductions.** Specify: _____ | 5h. + | $0.00 + | $0.00 |
| 6. **Add the payroll deductions.** Add lines 5a + 5b + 5c + 5d + 5e +5f + 5g + 5h. | 6. | $4,489.33 | $385.77 |
| 7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. | $10,894.00 | $3,973.23 |

8. **List all other income regularly received:**

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 8a. **Net income from rental property and from operating a business, profession, or farm** | | | |
| Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $0.00 | $0.00 |
| 8b. **Interest and dividends** | 8b. | $0.00 | $0.00 |
| 8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive** | | | |
| Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $0.00 | $0.00 |
| 8d. **Unemployment compensation** | 8d. | $0.00 | $0.00 |
| 8e. **Social Security** | 8e. | $0.00 | $0.00 |
| 8f. **Other government assistance that you regularly receive** | | | |
| Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: _____ | 8f. | $0.00 | $0.00 |
| 8g. **Pension or retirement income** | 8g. | $0.00 | $0.00 |
| 8h. **Other monthly income.** Specify: _____ | 8h. + | $0.00 + | $0.00 |
| 9. **Add all other income.** Add lines 8a + 8b + 8c + 8d + 8e + 8f + 8g + 8h. | 9. | $0.00 | $0.00 |
| 10. **Calculate monthly income.** Add line 7 + line 9. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. | $10,894.00 + | $3,973.23 = $14,867.23 |

11. **State all other regular contributions to the expenses that you list in *Schedule J*.**

Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.

Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J*.

Specify: _____     11. +   $0.00

| Debtor 1 | **Majed** | | **Fakhoury** | | Case number *(if known)* | **6:25-bk-15967-SY** |
|---|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | | |

---

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the *Summary of Your Assets and Liabilities and Certain Statistical Information,* if it applies

12. ___$14,867.23___

**Combined
monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**

☑ No.

☐ Yes. Explain:

| Fill in this information to identify your case: | | |
|---|---|---|
| Debtor 1 | **Majed**      **Fakhoury** | |
| | First Name   Middle Name   Last Name | |
| Debtor 2 (Spouse, if filing) | | |
| | First Name   Middle Name   Last Name | |
| United States Bankruptcy Court for the: | **Central District of California** | |
| Case number (if known) | **6:25-bk-15967-SY** | |

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

## Official Form 106J

# Schedule J: Your Expenses

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:  Describe Your Household

1. **Is this a joint case?**

   ☑ No. Go to line 2.

   ☐ Yes. **Does Debtor 2 live in a separate household?**

       ☐ No

       ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household of Debtor 2.*

2. **Do you have dependents?**

   Do not list Debtor 1 and Debtor 2.

   Do not state the dependents' names.

   ☐ No

   ☑ Yes. Fill out this information for each dependent...........

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| Child | 19 | ☐ No. ☑ Yes. |
| Child | 20 | ☐ No. ☑ Yes. |
| Child | 22 | ☐ No. ☑ Yes. |
| Child | 24 | ☐ No. ☑ Yes. |
| | | ☐ No. ☐ Yes. |

3. **Do your expenses include expenses of people other than yourself and your dependents?**

   ☑ No

   ☐ Yes

### Part 2:  Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

| | | Your expenses |
|---|---|---|
| 4. The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot. | 4. | $7,824.00 |
| If not included in line 4: | | |
| 4a. Real estate taxes | 4a. | $0.00 |
| 4b. Property, homeowner's, or renter's insurance | 4b. | $0.00 |
| 4c. Home maintenance, repair, and upkeep expenses | 4c. | $80.00 |
| 4d. Homeowner's association or condominium dues | 4d. | $0.00 |

| Debtor 1 | **Majed** | | **Fakhoury** | Case number *(if known)* | **6:25-bk-15967-SY** |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

| | | | | **Your expenses** |
|---|---|---|---|---|

| 5. | Additional mortgage payments for your residence, such as home equity loans | 5. | **$0.00** |
|---|---|---|---|
| 6. | **Utilities:** | | |
| | 6a. Electricity, heat, natural gas | 6a. | **$300.00** |
| | 6b. Water, sewer, garbage collection | 6b. | **$150.00** |
| | 6c. Telephone, cell phone, Internet, satellite, and cable services | 6c. | **$300.00** |
| | 6d. Other. Specify: _____ | 6d. | **$0.00** |
| 7. | **Food and housekeeping supplies** | 7. | **$800.00** |
| 8. | **Childcare and children's education costs** | 8. | **$0.00** |
| 9. | **Clothing, laundry, and dry cleaning** | 9. | **$150.00** |
| 10. | **Personal care products and services** | 10. | **$150.00** |
| 11. | **Medical and dental expenses** | 11. | **$0.00** |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. | **$300.00** |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. | **$0.00** |
| 14. | **Charitable contributions and religious donations** | 14. | **$0.00** |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
| | 15a. Life insurance | 15a. | **$0.00** |
| | 15b. Health insurance | 15b. | **$0.00** |
| | 15c. Vehicle insurance | 15c. | **$250.00** |
| | 15d. Other insurance. Specify: _____ | 15d. | **$0.00** |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: _____ | 16. | **$0.00** |
| 17. | **Installment or lease payments:** | | |
| | 17a. Car payments for Vehicle 1 | 17a. | **$0.00** |
| | 17b. Car payments for Vehicle 2 | 17b. | **$0.00** |
| | 17c. Other. Specify: _____ | 17c. | **$0.00** |
| | 17d. Other. Specify: _____ | 17d. | **$0.00** |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** | 18. | **$0.00** |
| 19. | **Other payments you make to support others who do not live with you.** Specify: _____ | 19. | **$0.00** |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.*** | | |
| | 20a. Mortgages on other property | 20a. | **$0.00** |
| | 20b. Real estate taxes | 20b. | **$0.00** |
| | 20c. Property, homeowner's, or renter's insurance | 20c. | **$0.00** |
| | 20d. Maintenance, repair, and upkeep expenses | 20d. | **$0.00** |
| | 20e. Homeowner's association or condominium dues | 20e. | **$0.00** |

| Debtor 1 | **Majed** | | **Fakhoury** | Case number *(if known)* **6:25-bk-15967-SY** |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

---

**21.** **Other.** Specify: _____    **21.**   +     **$0.00**

**22.** **Calculate your monthly expenses.**

22a. Add lines 4 through 21.     **22a.**     **$10,304.00**

22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2     **22b.**     **$0.00**

22c. Add line 22a and 22b. The result is your monthly expenses.     **22c.**     **$10,304.00**

**23.** **Calculate your monthly net income.**

23a. Copy line 12 (your combined monthly income) from *Schedule I.*     **23a.**     **$14,867.23**

23b. Copy your monthly expenses from line 22c above.     **23b.**     −     **$10,304.00**

23c. Subtract your monthly expenses from your monthly income.
The result is your *monthly net income.*     **23c.**     **$4,563.23**

**24.** **Do you expect an increase or decrease in your expenses within the year after you file this form?**

For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☑ No.
☐ Yes.

---

EXHIBIT 15

Case 6:35-ap-01104-SY   Doc 14-1   Filed 02/08/25   Entered 02/08/25 10:00:14   Desc
Request for Judicial Notice   Page 161 of 211

OLD REPUBLIC TITLE CO.

RECORDING REQUESTED BY:

Old Republic Title (SB)

WHEN RECORDED MAIL TO:

Majedy Fakoury
1243 Jacaranda Place
Upland, CA 91784

**Doc No. 19980008353**
**4:09pm 01/09/98**

**Old Republic Title      # 614**

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 0 |
|---|---|---|---|---|---|---|---|---|---|
| PG | FEE | APF | GIMS | PH CPY | CRT CPY | ADD NM | PEN PR | | PCOR |
| | | | 53 | 247.50 | | | 614 | | G |
| NON ST | LN | SVY | CIT-CO | TRANS TAX | | DA | CHRG | | EXAM |

SPA

_103259-14_

# G R A N T   D E E D

The undersigned Grantor(s) declare(s): Documentary transfer tax is $ 247.50
ASSESSOR'S PARCEL NO.: 1005-091-24(X)   computed on full value of property conveyed, or
TITLE ORDER NO.: 103259-14   ( )   computed on the full value less liens or
ESCROW NO.: 9189-KC   encumbrances remaining at the time of sale
_TRA 008-005_

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged:
Gregory D. Bunch and Piedad M. Bunch, husband and wife

hereby GRANT(S) to ~~MAJEDY FAKOURY~~   MAJDEY FAKHOURY, A SINGLE MAN

The following real property in the City of Upland, San Bernardino County, State of
California:

described as: Lot 13 Tract No. 13794, City of Upland, County of San Bernardino, State
of California, as per map recorded in Book 208, Page(s) 58 to 60 of maps, in the office
of the County Recorder of said County.

Date:  October 21, 1997

_Gregory D. Bunch_

_Piedad M. Bunch_

STATE OF CALIFORNIA   )
COUNTY OF _San Bernardino_  )
On _11|23|97_ before me, _Jessica Schauer_
_Notary Public_   personally
appeared _Gregory D. Bunch and Piedad M._
_Bunch_
personally known to me (or proved to me on the basis
of satisfactory evidence) to be the person(s) whose
name(s) is/are subscribed to the within instrument
and acknowledged to me that he/she/they executed the
same in his/her/their authorized capacity(ies), and
that by his/her/their signature(s) on the instrument
the person(s) or the entity upon behalf of which the
person(s) acted, executed the instrument.

Witness my hand and official seal.

Signature _Jessica Schauer_

```
        JESSICA SCHAUER
        COMM. #1146939
   NOTARY PUBLIC - CALIFORNIA
    SAN BERNARDINO COUNTY
   My Comm. Expires July 17, 2001
```

(This area for official notarial seal)

MAIL TAX STATEMENTS TO: 1243 Jacaranda Place, Upland, CA 91784

**EXHIBIT 15**

EXHIBIT 16

Recorded in Official Records, County of San Bernardino



7/11/2007
4:24 PM
MD

**LARRY WALKER**
Auditor/Controller — Recorder

P Counter

**RECORDING REQUESTED BY:**
Majedy Fakhoury and Lara Fakhoury

**AND WHEN RECORDED MAIL TO:**

Lara Fakhoury
1243 Jacaranda Pl.
Upland, CA 91784

Doc#:  **2007—0409678**

| | | Titles: | 1 | Pages: | 1 |
|---|---|---|---|---|---|
| Fees | | | | | 8.00 |
| Taxes | | | | | 0.00 |
| Other | | | | | 0.00 |
| PAID | | | | | $8.00 |

---

THIS SPACE FOR RECORDER'S USE ONLY:

Title Order No.:                                    Escrow No.:  NONE

# GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S)
  DOCUMENTARY TRANSFER TAX is $NONE CITY TRANSFER TAX $NONE
  **"THIS IS A BONAFIDE GIFT AND THE GRANTOR RECEIVED NOTHING IN RETURN R & T 11911"**
[ ] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale.
[X] Unincorporated area    [ XX ]  City of Upland  **AND**

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**Majedy Fakhoury , a single man**

hereby GRANT(s) to:

**Lara Fakhoury, a single woman**

the real property in the City of Upland County of San Bernardino , State of California, described as:
Lot 13, Tract 13794, in the City of Upland, County of San Bernardino, State of California, as per map recorded in
Book 208, Pages 58 to 60 of Maps, in the office of the County Recorder of said County.

Also Known as:  1243 Jacaranda Pl., Upland, CA 91784
AP# 1005-091-24

**DATED July 3, 2007**
STATE OF CALIFORNIA
COUNTY OF ___Los Angeles_____
On __July 3, 2007_____
Before me, _Deborah L. Armijo_____
A Notary Public in and for said State, personally appeared

___Majedy Fakhoury_____

personally known to me (or proved to me on the basis of
satisfactory evidence) to be the person(s) whose name(s)
is/are subscribed to the within instrument and acknowledged
to me that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their signature(s)
on the instrument the person(s), or the entity upon behalf of
which the person(s) acted, executed the instrument.
WITNESS my hand and official seal.

Signature _____

_Majedy Fakhoury_

DEBORAH L. ARMIJO
Commission # 1462551
Notary Public - California
Los Angeles County
My Comm. Expires Jan 31, 2008

(This area for official notarial seal)
MAIL TAX STATEMENTS TO PARTY SHOWN BELOW; IF NO PARTY SHOWN, MAIL AS DIRECTED ABOVE:

LA131854

**EXHIBIT 16**

EXHIBIT 17

PLEASE COMPLETE THIS INFORMATION

RECORDING REQUESTED BY:

MAIL TAX STATEMENTS TO
AND WHEN RECORDED MAIL TO:

Ejans Inv & Dev
2058 N. mills   # 327
Claremont , CA  91711

Recorded in Official Records, County of San Bernardino

**LARRY WALKER**
Auditor/Controller — Recorder

P Counter

Doc#:  2010 − 0287157

7/16/2010
3:47 PM
ALS

| Titles: | 1 | Pages: | 3 |
|---|---|---|---|
| Fees | | | 15.00 |
| Taxes | | | 0.00 |
| Other | | | 0.00 |
| PAID | | | $15.00 |

SPACE ABOVE FOR RECORDER'S USE ONLY

Grant Deed
**Title of Document**

# THIS AREA FOR RECORDER'S USE ONLY

**THIS COVER SHEET ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION**
**($3.00 Additional Recording Fee Applies)**

(Rev. 9/27/07-c:dt)

(Word/S:/Doc Exam/Cover Sheet)

MAIL TAX STATEMENTS AS DIRECTED ABOVE

EXHIBIT 17

RECORDING REQUESTED BY

EJANS INVESTMENT AND DEVELOPMENT CO

AND WHEN RECORDED MAIL TO

NAME:            EJANS INVESTMENT AND DEVELOPMENT CO

ADDRESS:      2058 NORTH MILLS AVENUE, #327

CITY
STATE & ZIP    CLAIREMONT, CA 91711

_____

SPACE ABOVE THIS LINE FOR RECORDER'S USE ONLY

# GRANT DEED

APN: 1005-091-24-0-000        The undersigned grant(s) declare (s) _____ Zero (0) _____
DOCUMENT TRANSFER TAX $
☐ computed on full value property conveyed, or
☐ computed on the full value less liens & encumbrances remaining at time of sale.
☐ Unincorporated Area City of **UPLAND**

FOR VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, that **LARA FAKHOURY**
hereby releases and grant to **EJANS INVESTMENT AND DEVELOPMENT CO** the following property in the
County of San Bernardino, City of **UPLAND**, State of California, with the following Legal Description:

**LOT 13 OF TRACT 13794, IN THE CITY OF UPLAND, COUNTY OF SAN BERNARDINO, CALIFORNIA AS
PER MAP RECORDED IN BOOK 208, PAGES 58-60, INCLUSIVE OF MAPS, IN THE OFFICE OF THE
COUNTY RECORDER OF SAID COUNTY.**

**COMMONLY KNOWN AS:   1243 JACARANDA PLACE, UPLAND, CA. 91784**

___1/17/2008_____

_____
LARA FAKHOURY

State of California                              )
          Los Angeles  м.е.          ) ss.
County of San Bernardino  м.е.   )

On ___July 7' 2010___ before me, ___M. Ruiz_____, CALIFORNIA
NOTARY PUBLIC, **LARA FAKHOURY** who proved to me on the basis satisfactory evidence to be the person(s) whose
names is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity
upon of which the person(s) acted, executed the instrument.  I certify under PENALTY OF PERJURY under the laws the
State of California that the foregoing paragraph is true and correct.                                    (Official Seal)

WITNESS my hand and official seal.

Signature _____

          Signature of Officer

M. RUIZ
Commission # 1782684
Notary Public - California
Los Angeles County
My Comm. Expires Nov 30, 2011

MAIL TAX STATEMENT AS DIRECTED ABOVE

EXHIBIT 17

## 2008 All Capacity Acknowledgment

STATE OF _California_

COUNTY OF _Los Angeles_

On _July 8' 2010_ before me, _M. Ruiz, Notary Public_ ,
       (Date)                                (Name and title of the officer)

personally appeared _Lara Fakhoury_ , who proved to me on the basis of
                        (Name of person signing)

satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Signature of officer

> M. RUIZ
> Commission # 1782684
> Notary Public - California
> Los Angeles County
> My Comm. Expires Nov 30, 2011

(Seal)

**EXHIBIT 17**

EXHIBIT 18

RECORDING REQUESTED BY

*Khalid Fakhoury*

EJANS INVESTMENT AND DEVELOPMENT CO

AND WHEN RECORDED MAIL TO

NAME:   EJANS INVESTMENT AND DEVELOPMENT (

ADDRESS:   2058 NORTH MILLS AVENUE, #327

CITY
STATE & ZIP   CLAREMONT, CA 91711

8/23/2011
2:49 PM
MP

**DENNIS DRAEGER**
ASSESSOR – RECORDER – CLERK

P  Counter

Doc#:  2011–0355721

| Titles: 1 | Pages: 1 |
|---|---|
| Fees | 15.00 |
| Taxes | 0.00 |
| Other | 0.00 |
| PAID | $15.00 |

SPACE ABOVE THIS LINE FOR RECORDER'S USE ONLY

# QUITCLAIM DEED

APN: 1005-091-24-0-000

The undersigned grant(s) declare (s) _____ Zero (0) _____

DOCUMENT TRANSFER TAX $

☐ computed on full value property conveyed, or

☐ computed on the full value less liens & encumbrances remaining at time of sale.

☐ Unincorporated Area City of _____

FOR VALUABLE CONSIDERATION, receipt of which is hereby **EJANS INVESTMENT AND DEVELOPMENT CO** hereby releases and grant to **LARA FAKHOURY** following property in the County of San Bernardino, City of **UPLAND**, State of California, with the following Legal Description:

**LOT 13 OF TRACT NO. 13794, IN THE CITY OF UPLAND, COUNTY OF SAN BERNARDINO, CALIFORNIA AS PER MAP RECORDED IN BOOK 208, PAGES 58-60, INCLUSIVE OF MAPS, IN THE OFFICE OF THE COURNTY RECORDER OF SAID COUNTY.**

**COMMONLY DESCRIBED AS:   1243 JACARANDA PLACE, UPLAND, CA. 91784**
"This deed is subject to a $275,000 note owed to EJANS INVESTMENT AND DEVELOPMENT COMPANY"

_____ August 23, 2011 _____          _____
                                            KHALID FAKHOURY

State of California        )
                          ) ss.
County of San Bernardino   )

On before me, DENISE MCDONALD, CALIFORNIA NOTARY PUBLIC, who personally appeared KHALID FAKHOURY who proved to me on the basis satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within Instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon of which the person(s) acted, executed the instrument.  I certify under PENALTY OF PERJURY under the laws the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.                    (Official Seal)

Signature _____
                Signature of Officer

DENISE MCDONALD
Commission # 1799453
Notary Public - California
San Bernardino County
My Comm. Expires Oct 9, 2012

MAIL TAX STATEMENT TO:   EJANS INVESTMENT COMPANY, 2058 NORTH MILLS AVENUE, #327, CLAREMONT, CA 91711

EXHIBIT 18

EXHIBIT 19

RECORDING REQUESTED BY

Majedy Fakhoury & Lara Fakhoury

AND WHEN RECORDED MAIL DOCUMENT AND
TAX STATEMENT TO:

NAME   Majedy Fakhoury

STREET
ADDRESS   1243 Jacaranda Pl.

CITY, STATE &
ZIP CODE   Upland CA 91784

Recorded in Official Records, County of San Bernardino

**DENNIS DRAEGER**
ASSESSOR – RECORDER – CLERK

P Counter

Doc#:  2011–0513587

12/05/2011
11:26 AM
BN

| Titles: | 1 | Pages: | 1 |
|---|---|---|---|
| Fees | | | 35.00 |
| Taxes | | | 0.00 |
| Other | | | 0.00 |
| PAID | | | $35.00 |

TITLE ORDER NO          ESCROW NO          SPACE ABOVE THIS LINE FOR RECORDER'S USE ONLY

# GRANT DEED

APN: 1005-091-24

The undersigned grantor(s) declare(s)  0.00 "BONAFIDE GIFT"
DOCUMENTARY TRANSFER TAX $
☐ computed on full value of property conveyed, or
☐ computed on full value less liens and encumbrances remaining at time of sale.
☒ Unincorporated Area          City of Upland

FOR VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, I (We)

Lara Fakhoury, a single woman

hereby remise, release and grant to Majedy Fakhoury, a single man, subject to Chase Bank
and EJANS investment & development.

the following described real property in the City of Upland                    ,County of San Bernardino
State of California, with the following legal description: Lot 13; Tract 13794, in the City of Upland
County of San Bernardino, State of California, as per map recorded in
Book 208, pages 58 to 60 of Maps, in the office of the County Recorder
of said County.

December 5, 2011
Date

Lara Fakhoury

STATE OF  California

COUNTY OF  San Bernardino

On December 5, 2011          before me,  Leticia Bautista, Notary Public          ,
(Date)                                        (Name and title of the officer)

personally appeared  Lara Fakhoury          , who proved to me on the basis of
(Name of person signing)
satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature of officer

LETICIA BAUTISTA
COMM. #1862379
NOTARY PUBLIC ● CALIFORNIA
RIVERSIDE COUNTY
Comm. Exp. AUG. 23, 2013

MAIL TAX STATEMENT AS DIRECTED ABOVE

* There are various types of deed forms depending on each person's legal status. Before you use this form you many want to consult an
attorney if you have questions concerning which document form is appropriate for your transaction.

**EXHIBIT 19**

EXHIBIT 20

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL THIS DEED AND, UNLESS
OTHERWISE SHOWN BELOW, MAIL TAX STATEMENTS TO:

Name
Street
Address      ANWAR FAKHOURI
City          3320 PALOMA AVENUE
State          LA VERNE, CA 91750
Zip

APN:      1005-091-24

Electronically Recorded in Official Records, County of San Bernardino



**DENNIS DRAEGER**
ASSESSOR - RECORDER - CLERK
838  First American Title Company

12/03/2013
10:14 AM
ALS

Doc #: **2013-0519586**      Titles: 1      Pages: 1

| | |
|---|---|
| Fees | 15.00 |
| Taxes | .00 |
| Other | .00 |
| PAID | 15.00 |

# INTERSPOUSAL TRANSFER DEED

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

    ABEER FAKHOURI, GARNTEES SPOUSE      DTT : $0

hereby GRANT(S) to

    ANWAR FAKHOURI, A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY

The following described real property in the City of UPLAND
County of SAN BERNARDINO, State of California:

    LOT 13, TRACT 13794, IN THE CITY OF UPLAND, COUNTY OF SAN BERNARDINO, STATE OF
    CALIFORNIA , AS PER MAP RECORDED IN BOOK 208, PAGES 58 TO 60 OF MAPS, IN THE OFFICE OF
    THE COUNTY RECORDER OF SAID COUNTY

    COMMONLY KNOWN AS: 1243 JACARANDA PLACE, UPLAND CA 91784

Dated      11/18/2013

STATE OF CALIFORNIA,                    )
COUNTY OF  Los Angeles          )
On  November 18, 2013                        before me,
Lillian Alvarez                       , Notary Public

personally appeared      ABEER FAKHOURI

who proved to me on the basis of satisfactory evidence to be the person(s) whose
name(s) is/are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized capacity(ies), and that
by his/her/their signature(s) on the instrument the person(s), or the entity upon
behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of
California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature                                , Notary Public

ABEER FAKHOURI

LILLIAN ALVAREZ
Comm. #1946562
Notary Public · California
Los Angeles County
Comm. Expires Aug 30, 2015

(Notary Seal)

MAIL TAX STATEMENTS TO
RETURN ADDRESS ABOVE

EXHIBIT 20

EXHIBIT 21

RECORDING REQUESTED BY

FAT-COLA

AND WHEN RECORDED MAIL THIS DEED AND, UNLESS
OTHERWISE SHOWN BELOW, MAIL TAX STATEMENTS TO:

Name
Street Address
City
State
Zip

ANWAR FAKHOURI
3320 PALOMA AVENUE
LA VERNE, CA 91750

Electronically Recorded in Official Records, County of San Bernardino

12/03/2013
10:14 AM
ALS

**DENNIS DRAEGER**
ASSESSOR - RECORDER - CLERK
838 First American Title Company

Doc #: **2013-0519587**

| Titles: 1 | Pages: 1 |
|---|---|
| Fees | 15.00 |
| Taxes | .00 |
| Other | .00 |
| PAID | 15.00 |

RECORDERS USE ONLY

# GRANT DEED

TAX PARCEL NO. 1005-091-24

The undersigned declares that the documentary transfer tax is   $0.00 R&T 11911   and is

___X___ computed on the full value of the interest of the property conveyed, or is

_____ computed on the full value less the value of liens or encumbrances remaining thereon at the time of sale.

The land, tenements or realty is located in

_____ unincorporated area   ___X___ city   UPLAND   and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

MAJEDY FAKHOURY, A SINGLE MAN

hereby GRANT(S) to

ANWAR FAKHOURI, A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY

The following described real property in the City of UPLAND
County of SAN BERNARDINO, State of California:

LOT 13, TRACT 13794, IN THE CITY OF UPLAND, COUNTY OF SAN BERNARDINO, STATE OF
CALIFORNIA , AS PER MAP RECORDED IN BOOK 208, PAGES 58 TO 60 OF MAPS, IN THE OFFICE OF
THE COUNTY RECORDER OF SAID COUNTY

COMMONLY KNOWN AS: 1243 JACARANDA PLACE, UPLAND CA 91784

Dated   11/18/2013

STATE OF CALIFORNIA,                    )
COUNTY OF   Los Angeles               )

On   November 18, 2013                 before me,

Lillian Alvarez                        , Notary Public

personally appeared   MAJEDY FAKHOURY

MAJEDY FAKHOURY

who proved to me on the basis of satisfactory evidence to be the person(s) whose
name(s) is/are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument the person(s), or the entity upon behalf
of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California
that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____, Notary Public

LILLIAN ALVAREZ
Comm. #1946562
Notary Public · California
Los Angeles County
Comm. Expires Aug 30, 2015

(Notary Seal)

MAIL TAX STATEMENTS TO PARTY SHOWN BELOW:   IF NO PARTY SO SHOWN, MAIL AS DIRECTED ABOVE.

Name                    Street Address                    City  &  State

**EXHIBIT 21**

EXHIBIT 22

**Recording Requested By**

First American Title Company

RECORDING REQUESTED BY:
~~Corinthian Title Company, Inc.~~
Order No
Escrow No. **08182054GS**
Parcel No. **1005-091-24-0-000**

AND WHEN RECORDED MAIL DOCUMENT
AND TAX STATEMENT TO:

LARA FAKHOURY
1243 JACARANDA PLACE
UPLAND, CA 91784

Electronically Recorded in Official Records, County of San Bernardino    1/29/2019
02:47 PM
CG

**BOB DUTTON**
ASSESSOR - RECORDER - CLERK
**691** Document Processing Solutions

Doc# **2019-0029405**

| | |
|---|---:|
| Titles 1 | Pages 2 |
| Fees | 17.00 |
| Taxes | 1,320.00 |
| CA SB2 Fee | .00 |
| Others | .00 |
| Paid | 1,337.00 |

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S) THAT DOCUMENTARY TRANSFER TAX IS **$1,320.00** and CITY $
- ☑ computed on full value of property conveyed, or
- ☐ computed on full value less liens or encumbrances remaining at the time of sale.
- ☐ unincorporated area:     ☑ **Upland**, and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, **Anwar Fakhoury, a single man**

hereby GRANT(S) to   **Lara Fakhoury , A Single Woman**

the following described real property in the County of **San Bernardino**, State of California:
Lot 13, Tract 13794, in the City of Upland, County of San Bernardino, State of California, as per Map recorded in Book 208, Page 58 to 60 of Maps, in the Office of the County Recorder of said County.
More commonly known as: **1243 Jacaranda Place, Upland, CA  91784**

*See Exhibit "A"*

Date      November 21, 2018

Anwar Fakhoury

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

STATE OF CALIFORNIA
COUNTY OF *Los Angeles* } S.S.

On *11/21/18*, before me, *Sharon Barbato*, notary public, personally appeared **Anwar Fakhoury**, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature *Sharon Barbato* (Seal)
*Notary Public*



SHARON BARBATO
Notary Public – California
Los Angeles County
Commission # 2193877
My Comm. Expires Apr 25, 2021

Mail Tax Statement to: SAME AS ABOVE or Address Noted Below

**EXHIBIT 22**

**Exhibit "A"**

**Legal Description**

A.P.N.: 1005-091-24-0-000

Real property in the City of Upland, County of San Bernardino, State of California, described as follows:

LOT 13, TRACT NO. 13794, IN THE CITY OF UPLAND, COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA, AS PER PLAT RECORDED IN BOOK 208 OF MAPS, PAGE(S) 58 TO 60, INCLUSIVE, RECORDS OF SAID COUNTY.

EXHIBIT 22

EXHIBIT 23

**NEXUS BANKRUPTCY**
**BENJAMIN HESTON (297798)**
3090 Bristol Street #400
Costa Mesa, CA 92626
Tel: 949.312.1377
Fax: 949.288.2054
*ben@nexusbk.com*

Attorney for Debtor

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**RIVERSIDE DIVISION**

| | |
|---|---|
| In re: | **Case No: 6:25-bk-15107-SY** |
| LARA FAKHOURY, | **Chapter 13** |
| Debtor. | **AMENDED MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO CONTINUE THE AUTOMATIC STAY** |
| | **Hearing:** Date:  October 1, 2025 Time:  9:30 a.m. Courtroom:  302 |

TO THE HONORABLE SCOTT H. YUN, THE CHAPTER 13 TRUSTEE, AND ALL

INTERESTED PARTIES:

NOTICE IS HEREBY GIVEN that on October 1, 2025, at 9:30 AM, in Courtroom 302

of the United States Bankruptcy Court, Central District of California, located at 3420 Twelfth

Street, Riverside, CA 92501, Debtor Lara Fakhoury will and does hereby move this Court to

reconsider the denial of her Motion to Continue the Automatic Stay.

This motion is being heard on regular notice pursuant to LBR 9013-1. If you wish to

oppose this Motion, you must file a written response to this motion with the Court and serve a

copy of it upon the movant's attorney at the address set forth above no less than fourteen (14)

days before the hearing date. If you fail to file a written response to the motion or fail to appear

at the hearing, the Court may treat such failure as a waiver of your right to oppose the Motion

and may grant the requested relief.

MOTION FOR RECONSIDERATION

EXHIBIT 23

**INTRODUCTION**

Debtor, Lara Fakhoury, respectfully moves this Court to reconsider its Order Denying Motion for Order Continuing the Automatic Stay, entered on August 28, 2025 (Docket #26). This Motion is brought pursuant to Federal Rule of Civil Procedure (FRCP) 60(b)(1), (2), and (3), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 9024.

Reconsideration is warranted based on newly discovered evidence and misrepresentations in the opposition and at the hearing, which Debtor had no meaningful opportunity to rebut. The 11th hour filing of the Opposition by Wilmington Trust ("Wilmington") just prior to the hearing constitutes surprise and resulted in excusable neglect (FRCP 60(b)(1)), prevented Debtor from presenting new evidence of her changed financial circumstances (FRCP 60(b)(2)), and allowed Lender's material misrepresentations to stand unchallenged (FRCP 60(b)(3)).

**LEGAL ARGUMENT**

**A.**

**There Were Material Misrepresentations Which**

**the Court and Debtor Relied Upon**

Lender's Opposition contained several key factual assertions that are demonstrably false. Debtor now provides the evidence that she was unable to present at the hearing. The Opposition states that "the Loan is due for August 1, 2025 and no payments have been received since this case was filed." At the hearing, Counsel for Wilmington reiterated this many times.

On August 8, 2025, Debtor sent a cashier's check for $5,745.00 to Wilmington via certified mail. United States Postal Service tracking confirms that this payment was received at Wilmington's designated payment address on August 12, 2025. Lender's misrepresentation regarding Debtor making post-petition payments was highly prejudicial.

Lender's Opposition criticized Debtor for listing a monthly mortgage payment of $5,745 on Schedule J instead of $7,823.33, and for understating the total arrears. However, Debtor's figures were taken directly from Wilmington's Objection to Confirmation in Debtor's prior

bankruptcy case which states: **"Wilmington has advised the amount of the June 1, 2025 monthly mortgage payment is $5,744.73."** *See Case No. 6:25-bk-13166-SY, Docket #16, p. 2, lines 24-25.*

Debtor should not be penalized for relying on figures provided by the Lender itself in a pleading filed just two months prior. Her initial schedules were filed in good faith based on the best information available, which came from the Lender. The Debtor has since sent two payments to Wilmington for the correct amount of $7,823.33, which brings her current on her post-petition mortgage payments.

**B.**

**Debtor Has Addressed All Deficiencies and Demonstrated a**

**Substantial Change in Circumstances.**

Since the hearing, Debtor has taken immediate steps to cure the issues raised in the Opposition, demonstrating both her good faith and the feasibility of her reorganization.

Lender correctly noted that Debtor's initial schedules reflected insufficient income. However, the Debtor's spouse has since become employed, which will increase the household income by approximately $11,000 after deductions. By the time of the hearing, Debtor did not yet have pay stubs and other information necessary to amend her schedules.

Concurrently with this Motion, Debtor is filing Amended Schedules I & J, which reflect this new income. This new income demonstrates a substantial change in financial circumstances and provides the Debtor with sufficient disposable income to fund a feasible Chapter 13 plan.

To address Wilmington's correct arrearage figure of $138,587, Debtor is concurrently filing an Amended Chapter 13 Plan. The amended plan increases the monthly plan payment from $2,250 to $2,670 to ensure Wilmington is paid in full.

Furthermore, Debtor on her Chapter 13 plan payments. On August 19, 2025, Debtor made her first plan payment to the Trustee in the amount of $2,250. To account for difference of plan payments in the original plan, Debtor has since made an additional catch-up payment of

**MOTION FOR RECONSIDERATION**

$3,090. This payment covers the increased amount for the August plan payment and prepays the entire September plan payment, which is not due until September 25, 2025.

**The Debtor is has made all payments required for confirmation and she has resolved all outstanding objections.**

## CONCLUSION

The Court's order was based on an inaccurate record which the Debtor did not have an opportunity to correct or supplement. As stated herein, Debtor has submitted evidence proving her good faith, having made all post-petition payments, and cured all alleged deficiencies. Her case is ready for confirmation and she had the means to successfully complete her Chapter 13 Plan. The Debtor has approximately $700,000 of equity in her home that would be lost by foreclosure and cause an extreme financial hardship. She is sufficiently motivated to complete her plan.

For the foregoing reasons, Debtor respectfully requests that the Court vacate its Order and enter an order granting Debtor's Motion to Continue the Automatic Stay.

Respectfully submitted,

**NEXUS BANKRUPTCY**

/s/Benjamin Heston
Date: September 4, 2025
BENJAMIN HESTON,
Attorney for Debtor

**MOTION FOR RECONSIDERATION**

## DECLARATION OF LARA FAKHOURY

I, Lara Fakhoury, declare as follows:

1. I am the Debtor in this Chapter 13 bankruptcy case. I have personal knowledge of the facts stated herein, and if called as a witness, I could and would competently testify thereto.

2. On August 8, 2025, I sent a cashier's check in the amount of $5,745.00 via certified mail to Wilmington Trust for my August mortgage payment. I have attached as Exhibit A true and correct photographs of the cashier's check, the certified mail receipt, and the USPS tracking information showing it was delivered on August 12, 2025.

3. Following the hearing on August 20, 2025, I sent two additional payments of $7,823.33 to Wilmington to cover ongoing mortgage payments for August and September. Attached hereto as Exhibit B is a true and correct photograph of the cashier's checks and screenshot showing the tracking.

4. On August 19, 2025, I made my first plan payment of $2,250 to the Trustee. In order to pay Wilmington in full, I amended my plan to increase payments to $2,670. I have since made an additional Chapter 13 plan payment of $3,090 to the Trustee to cover the shortfall of August's payment and the September payment. Attached hereto as Exhibit C are a true and correct screenshot showing both payments.

5. As I have made the August and September mortgage and Chapter 13 payments, I have made all payments that are required for confirmation which is set for October 7, 2025.

6. My husband recently began new employment working for his brother, Kal. This income is reflected on our Amended Schedules I & J, filed concurrently with this Motion. Attached as Exhibit D is a true and correct letter from my husband's employer confirming his employment and bi-weekly pay of $7,100. With this income, we can afford our regular expenses and plan payment of $2,670. This increase of income, and minor changes to our expenses, resolves all issues raised in the Chapter 13 Trustee's Objection to Confirmation.

7.  My family and I intend to pay off the plan early with our increased income and assistance from family to ensure our Lender is paid in full as quickly as possible. The loss of our home, which has significant equity of approximately $700,000, would be a devastating financial blow, and the fear of foreclosure has caused us extreme anxiety.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: September 3, 2025

L ARA F AKHOURY

MOTION FOR RECONSIDERATION

# EXHIBIT A





# EXHIBIT B



Tracking Number:



94701361061942744900 67

Copy    Add to Informed Delivery





# EXHIBIT C





# EXHIBIT D

# ELJO, LLC

2209 East Baseline Road, Suite 307 Claremont, CA 91711

## September 3, 2025

## RE: Employment Verification for Majed Fakhoury

To Whom It May Concern:

My name is Kal Elias, and I am the Chief Executive Officer of ELJO, LLC. We are a business that works in real estate development and investment.

This letter is to confirm that Mr. Majed Fakhoury has been hired by our company as a Finance Manager. His employment commenced on September 2, 2025, at our facility in Rialto, California.

Mr. Fakhoury's compensation is $7,100.00 every two weeks, resulting in a monthly gross income of approximately $14,200.00.

Should you require any further information, please do not hesitate to contact me by email at law4y2k@aol.com or by phone at (310) 502-1785.

Sincerely,

Kal Elias
Chief Executive Officer
ELJO, LLC

X

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**3090 Bristol Street #400
Costa Mesa, CA 92626**

A true and correct copy of the foregoing document entitled (*specify*): **AMENDED MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO CONTINUE THE AUTOMATIC STAY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 9/4/2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Rod Danielson (TR)     notice-efile@rodan13.com
Edward A Treder     cdcaecf@bdfgroup.com
United States Trustee (RS)     ustpregion16.rs.ecf@usdoj.gov
Darlene C Vigil     cdcaecf@bdfgroup.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 9/4/2025 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Judge Scott H. Yun
3420 Twelfth Street
Suite 345 / Courtroom 302
Riverside, CA 92501

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed (state method for each person or entity served):

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 9/3/2025 | **Benjamin Heston** | **/s/Benjamin Heston** |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

EXHIBIT 24



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**STATEMENT OF INFORMATION**
**LIMITED LIABILITY COMPANY**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 657-5448

| For Office Use Only |
| --- |
| **-FILED-** |
| File No.: BA20251732469 |
| Date Filed: 8/27/2025 |

| Entity Details | |
| --- | --- |
| Limited Liability Company Name | ELJO, LLC |
| Entity No. | 201732410267 |
| Formed In | CALIFORNIA |

| Street Address of Principal Office of LLC | |
| --- | --- |
| Principal Address | 2209 E BASELINE RD SUITE 300 -307 CLAREMONT, CA 91711 |

| Mailing Address of LLC | |
| --- | --- |
| Mailing Address | 2209 E BASELINE RD SUITE 300 -307 CLAREMONT, CA 91711 |
| Attention | |

| Street Address of California Office of LLC | |
| --- | --- |
| Street Address of California Office | 2209 E BASELINE RD SUITE 300 -307 CLAREMONT, CA 91711 |

| Manager(s) or Member(s) | |
| --- | --- |
| Manager or Member Name | Manager or Member Address |
| ELIAS FAKHOURY | 2058 N MILLS AVE  327 CLAREMONT, CA 91711 |
| JOSEPH FAKHOURY | 2058 N MILLS AVE  327 CLAREMONT, CA 91711 |

| Agent for Service of Process | |
| --- | --- |
| Agent Name | KHALID FAKHOURY |
| Agent Address | 2058 N MILLS AVE  327 CLAREMONT, CA 91711 |

| Type of Business | |
| --- | --- |
| Type of Business | REAL ESTATE DEV  AND INVESTMENT SERVICES |

| Email Notifications | |
| --- | --- |
| Opt-in Email Notifications | No, I do NOT want to receive entity notifications via email. I prefer notifications by USPS mail. |

| Chief Executive Officer (CEO) | |
| --- | --- |
| CEO Name | CEO Address |
| ELIAS FAKHOURY | 2209 E BASELINE RD 300-307 CLAREMONT, CA 91711 |

| Labor Judgment |
| --- |
| A Manager or Member, as further defined by California Corporations Code section 17702.09(a)(8), has an outstanding final judgment issued by the Division of Labor Standards Enforcement or a court of law, for which no appeal is pending, for the violation of any wage order or provision of the Labor Code. |

EXHIBIT 24

B3966-4613 08/27/2025 11:22 AM Received by California Secretary of State

Electronic Signature

☒ By signing, I affirm under penalty of perjury that the information herein is true and correct and that I am authorized by California law to sign.

*Elias Fakhoury*
_____
Signature

*08/27/2025*
_____
Date

B3966-4614 08/27/2025 11:22 AM Received by California Secretary of State

EXHIBIT 25

Electronically
Recorded in Official Records
San Bernardino County

**RECORDING REQUESTED BY:**
**SERVICELINK**

Assessor-Recorder-County Clerk

**DOC# 2025-0280929**

**WHEN RECORDED MAIL TO:**
**BARRETT DAFFIN FRAPPIER**
**TREDER & WEISS, LLP – BDF NO. 10596260**
**3990 E. CONCOURS STREET, SUITE 350**
**ONTARIO, CALIFORNIA 91764**

| | | |
|---|---|---|
| 11/17/2025 08:03 AM SAN | Titles: 1 | Pages: 5 |
| | Fees | $28.00 |
| | Taxes | $0.00 |
| J9784 | CA SB2 Fee | $75.00 |
| | Total | $103.00 |

**APN: 1005-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**

**PROPERTY ADDRESS:**
**1243 JACARANDA PLACE**
**UPLAND, CA 91784**

**"ACCOMMODATION"**

THIS SPACE FOR RECORDER'S USE ONLY

### ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362

**Title of Document**

"This instrument is being recorded as an
ACCOMMODATION ONLY, with no
Representation as to its effect upon title"

EXHIBIT 25

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| DARLENE C. VIGIL<br>CA NO. 223442<br>BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP<br>3990 CONCOURS STREET, SUITE 350<br>ONTARIO, CA 91764<br>Phone: (626) 915-7000, Fax: (972) 661-7726<br>E-mail: CDCAECF@BDFGROUP.COM<br>FILE NO. 10596260 | **FILED & ENTERED**<br><br>NOV 13 2025<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY Mason   DEPUTY CLERK |
| | **CHANGES MADE BY COURT** |
| ☒ *Attorney for Movant*<br>☐ *Movant appearing without an attorney* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION**

| In re:<br><br>MAJED FAKHOURY,<br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 6:25-bk-15967-SY<br>CHAPTER: 7 |
|---|---|
| | **ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (REAL PROPERTY)** |
| | DATE: November 5, 2025<br>TIME:  9:30 a.m.<br>COURTROOM: 302<br>PLACE: 3420 Twelfth Street<br>       Riverside, CA 92501 |

**Movant:** WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF MFRA TRUST 2015-2

1.  The Motion was:   ☒ Opposed   ☐ Unopposed   ☐ Settled by stipulation

2.  The Motion affects the following real property (Property):

   Street address:      1243 JACARANDA PLACE
   Unit/suite number:
   City, state, zip code:   UPLAND, CA 91784

   Legal description or document recording number (including county of recording):

   2015-0029405; SAN BERNARDINO COUNTY

   ☐ See attached page.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Certified true copy by the Clerk of Court on November 13, 2025.

*Kathleen J. Campbell, Clerk Of Court*

3. The Motion is granted under:

   a. ☒ 11 U.S.C. § 362(d)(1)

   b. ☐ 11 U.S.C. § 362(d)(2)

   c. ☐ 11 U.S.C. § 362(d)(3)

   d. ☒ 11 U.S.C. § 362(d)(4). The filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud creditors that involved:

      (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval; and/or

      (2) ☒ Multiple bankruptcy cases affecting the Property.

      (3) ☒ The court ☒ makes ☐ does not make ☐ cannot make a finding that the Debtor was involved in this scheme.

      (4) If recorded in compliance with applicable state laws governing notices of interests or liens in real property, this order shall be binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of this order by the court, except that a debtor in a subsequent case under this title may move for relief from this order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local government unit that accepts notices of interests or liens in real property shall accept any certified copy of this order for indexing and recording.

4. ☒ As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

   a. ☒ Terminated as to the Debtor and the Debtor's bankruptcy estate.

   b. ☐ Modified or conditioned as set forth in Exhibit _____ to this order.

   c. ☒ Annulled retroactively to the bankruptcy petition date. Any postpetition acts taken by Movant to enforce its remedies regarding the Property do not constitute a violation of the stay.

5. ☒ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate except by filing a proof of claim pursuant to 11 U.S.C. § 501.

6. ☐ Movant must not conduct a foreclosure sale of the Property before (*date*) _____.

7. ☐ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Agreement contained within this order.

8. ☐ In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after entry of this order. The secured portion of Movant's claim is deemed withdrawn upon entry of this order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to the contrary, Movant must return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this order.

9. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, as to the same terms and conditions as to the Debtor.

10. ☒ The 14-day stay as provided in FRBP 4001(a)(4) is waived.

11. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

12. Movant, or its agents, may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement. Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

_This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California._

rtified true copy by the Clerk of Court on November 13, 2025.

*Kathleen J. Campbell, Clerk Of Court*

13. ~~Upon entry of this order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).~~

14. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy case concerning the Property for a period of 180 days from the hearing of this Motion

   (a) ☐ without further notice.

   (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

15. ☐ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

16. ☐ This order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:

   (a) ☐ without further notice.

   (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

17. ☐ This order is binding and effective in any future bankruptcy case, no matter who the debtor may be

   (a) ☐ without further notice.

   (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

18. ☐ Other (*specify*):

                            ###

Date: November 13, 2025

_Scott H. Yun_
Scott H. Yun
United States Bankruptcy Judge

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014               Page 3                F 4001-1.RFS.RP.ORDER

rtified true copy by the Clerk of Court on November 13, 2025.        *Kathleen J. Campbell, Clerk Of Court*

# Government Code 27361.7

**Under the provisions of Government Code 27361.7, I certify under the penalty of perjury that the following is true copy of illegible wording found in the attached**

**United States Bankruptcy Court Central District of California**

**Place of Execution: Irvine, CA**

**Name of Company: ServiceLink, as agent**

**Signature:** _____

**Loida A Lirio**

**Date: 11/14/2025**

EXHIBIT 26

**Recording Requested By:**
MEICHEN JENNY WANG, A MARRIED .et al

**When Recorded Mail to and Mail Tax Statement to:**
MEICHEN JENNY WANG, A MARRIED .et al
23905 CLINTON KEITH RD. #114-325
WILDOMAR, CA 92595

APN #: 1005-091-24-0-000
**Property Address:**
1243 JACARANDA PLACE
UPLAND, CA 91784

**Recorded in Official Records
San Bernardino County**

**Assessor-Recorder-County Clerk**

## DOC# 2025-0283973

| | | |
|---|---|---|
| 11/18/2025 02:35 PM | Titles: 1 | Pages: 6 |
| SAN | Fees | $29.00 |
| | Taxes | $946.00 |
| F3010 | CA SB2 Fee | $0.00 |
| | Total | $975.00 |

Space above this line for Recorder's use only

Trustee Sale No. : **00000010228930**      Title Order No. : **240446412**

# TRUSTEE DEED UPON SALE

| | |
|---|---|
| ☐ | This instrument does not require an affidavit or declaration under California Civil Code § 2924m(d)* because the grantee was not an "eligible bidder" under California Civil Code § 2924m(a)(3). |
| ☒ | The grantee named herein was an "eligible bidder" under California Civil Code § 2924m(a)(3). The attached affidavit or declaration is a legally required exhibit under California Civil Code § 2924m(d)* and shall not be altered or removed from this instrument. |

\*      Amended by Stats. 2022, Ch. 642, Sec. 9 (AB 1837), effective January 1, 2023

CA - Trustee Deed Upon Sale - 00000010228930                                              Page 1 of 4

EXHIBIT 26

**Recording Requested By:**
MEICHEN JENNY WANG, A MARRIED .et al

**When Recorded Mail to and Mail Tax Statement to:**
MEICHEN JENNY WANG, A MARRIED .et al
23905 CLINTON KEITH RD. #114-325
WILDOMAR, CA  92595

APN #: 1005-091-24-0-000
**Property Address:**
1243 JACARANDA PLACE
UPLAND, CA  91784

Space above this line for Recorder's use only

Trustee Sale No. :  00000010228930     Title Order No. :  240446412

# TRUSTEE DEED UPON SALE

The undersigned grantor declares:
1)  Grantee WAS NOT the foreclosing beneficiary
2)  The amount of the unpaid debt together with cost was  $  **859,159.33**
3)  The amount paid by the Grantee was  $ **859,632.56**
4)  The documentary transfer tax is   $ 946.00
5)  Said property is in the city of **UPLAND**

**BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP**, as the duly appointed Trustee under the Deed of Trust hereinafter described, does hereby grant and convey, but without covenant or warranty, express or implied, to:

**MEICHEN JENNY WANG, A MARRIED WOMAN**

(herein called Grantee), all of its right, title and interest in and to that certain real property situated in the County of SAN BERNARDINO, State of CALIFORNIA, described as follows:

LOT 13, TRACT NO. 13794, IN THE CITY OF UPLAND, COUNTY OF SAN BERNARDINO,STATE OF CALIFORNIA, AS PER PLAT RECORDED IN BOOK 208 OF MAPS, PAGE(S) 58 TO 60, INCLUSIVE, RECORDS OF SAID COUNTY.

RECITALS:
This conveyance is made pursuant to the powers conferred upon Trustee by that certain Deed of Trust dated **01/25/2019** and executed by **LARA FAKHOURY, A SINGLE WOMAN** Trustor(s), and **Recorded on 01/29/2019 as Instrument No. 2019-0029406** of official records of **SAN BERNARDINO** County, CALIFORNIA, and after fulfillment of the conditions specified in said Deed of Trust authorizing this conveyance.

Default occurred as set forth in a Notice of Default and Election to Sell which was recorded in the Office of the Recorder of said County, and such default still existed at the time of sale.

Trustee has complied with all requirements of law regarding the mailing of copies of notices or the publication of a copy of the Notice of Default or the personal delivery of the copy of the Notice of Default or the posting of copies of the notice of sale or the publication of a copy thereof.

Trustee, in compliance with said Notice of Trustee's Sale and in exercise of its powers under said Deed of Trust, sold the real property at public auction on **09/04/2025**. Grantee, being the highest bidder, became the purchaser of said property for the amount bid being **$ 859,632.56** in lawful money of the United States or by credit bid if the Grantee was the beneficiary of said Deed of Trust.

If Grantee was an "eligible bidder" under California Civil Code § 2924m(a)(3), then a copy of the affidavit or declaration delivered to Trustee is attached hereto as a legally required exhibit under California Civil Code § 2924m(d) and shall not be removed.

If Grantee was an "eligible bidder" under subparagraphs (C) to (G) of California Civil Code § 2924m(a)(3), then the property is subject to restrictive covenants under California Civil Code § 2924o(a).

**BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP as Trustee**

Jesus Angulo
Operations Manager

11/14/2025
DATED

State of    TEXAS      }
County of  DALLAS   }

On 11/14/2025 before me, __Brandon Solis__ Notary Public, personally appeared __Jesus Angulo__ who is known to me to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature: _____ (Seal)

My commission expires: _10/06/2026_

BRANDON SOLIS
Notary Public, State of Texas
My Commission Expires
October 06, 2026
NOTARY ID 13400297-9

CA - Trustee Deed Upon Sale - 0000010228930

Page 3 of 4

| EXHIBIT "A" |

## AFFIDAVIT OR DECLARATION OF ELIGIBLE BIDDER

The attached affidavit or declaration of eligible bidder is a legally required exhibit to this Trustee's Deed under California Civil Code § 2924m(d) and shall not be altered or removed prior to recording.

# DECLARATION OF ELIGIBLE BIDDER
(Civ. Code § 2924m)

State of California } ss.
County of _San Bernardino_ }

TS No. _10228930_
Property: _1243 jacaranda pt. upland, CA_

The undersigned, of legal age, being first duly sworn under oath, deposes and says as follows:

☑ The undersigned is a natural person and "prospective owner occupant" (Civ. Code § 2924m(a)(1)), and:

   A. I will occupy the property as my primary residence within 60 days of the trustee's deed being recorded, and will maintain my occupancy for at least one year; and

   B. I am not the mortgagor or trustor, or the child, spouse or parent of the mortgagor or trustor; and

   C. I am not the grantor of a living trust that was named in the title to the property when the notice of default was recorded; and

   D. I am not an employee, officer, or member of the mortgagor or trustor, or a person with ownership interest in the mortgagor, unless the mortgagor is a publicly traded company; and

   E. I am not acting as the agent of any other person or entity in purchasing the real property.

☐ The undersigned is a natural person and "eligible tenant buyer" (Civ. Code § 2924m(a)(2)), and:

   A. At the time of the trustee's sale, I occupied the real property as my primary residence under a rental or lease agreement entered into as the result of an arm's length transaction with the mortgagor or trustor, or with the mortgagor or trustor's predecessor in interest, on a date before recording of the Notice of Default against the real property; and

   B. I have attached a copy of my dated and signed rental or lease agreement, or if not available, then one of the following: evidence of rent payments I made for the six months before the recording of the notice of default, or copies of utility bills for the property that I paid for the six months before the recording of the notice of default as required by Civ. Code § 2924m(a)(2)(B) and § 2924m(a)(4); and

   C. I am not the mortgagor or trustor, or the child, spouse or parent of the mortgagor or trustor; and

   D. I am not acting as the agent of any other person or entity in purchasing the real property.

   E. I have not filed a petition under Chapter 7, 11, 12, or 13 of Title 11 of the United States Code at any time during the period from the date of the trustee's sale of the property to the 45th day after the trustee's sale, or the next business day following the 45th day if the 45th day is a weekend or holiday.

☐ The undersigned is the representative of all "eligible tenant buyers" who are natural persons; and:

   A. At the time of the trustee's sale, they occupied the real property as their primary residence under a rental or lease agreement entered into as the result of an arm's length transaction with the mortgagor or trustor on a date before recording of the Notice of Default against the property; and

   B. None of them is the mortgagor or trustor, or the child, spouse or parent of the mortgagor or trustor.

☐ The undersigned is a nonprofit association, nonprofit corporation, or cooperative corporation in which an "eligible tenant buyer" is a voting member or director (Civ. Code § 2924m(a)(3)(C)).

☐ The undersigned is an eligible nonprofit corporation with all of the following attributes (Civ. Code § 2924m(a)(3)(D)):

   A. It has a determination letter from the Internal Revenue Service affirming its tax-exempt status pursuant to Section 501(c)(3) of the Internal Revenue Code and is not a private foundation as defined in Section 509 of the Internal Revenue Code; and

   B. It has its principal place of business in California; and

   C. The primary residences of all of its board members are in California; and

   D. The development and preservation of affordable rental or homeownership housing in California is one of its primary activities; and:

E.  It is registered and in good standing with the Attorney General's Registry of Charitable Trusts, pursuant to the Supervision of Trustees and Fundraisers for Charitable Purposes Act (Government Code §§ 12580, et seq.).

☐  The undersigned is a limited liability company that is wholly owned by one or more of the eligible nonprofit corporations described in Civ. Code §§ 2924m(a)(3)(C) or (D) (Civ. Code § 2924m(a)(3)(E)).

☐  The undersigned is a community land trust, as defined in clause (ii) of subparagraph (C) of paragraph (11) of subdivision (a) of Section 402.1 of the Revenue and Taxation Code (Civ. Code § 2924m(a)(3)(F)).

☐  The undersigned is a limited-equity housing cooperative, as defined in Civ. Code § 817 (Civ. Code § 2924m(a)(3)(G)).

☐  The undersigned is the state, the Regents of the University of California, a county, city district, public authority, or public agency, or any other political subdivision or public corporation in the state. (Civ. Code § 2924m(a)(3)(H)).

**If the winning bid is placed by a person or entity who is eligible to bid under Civ. Code §§ 2924m(a)(3)(C) through (G), the undersigned affirms the bidder's duty to comply with Civ. Code § 2924o(a) for the benefit of tenants occupying the real property.**

**The undersigned declares under penalty of perjury under the laws of the State of California that the foregoing statements are true and correct.**

Dated and signed this _4th_ day of _September_ 20_25_ at _Wildomar_ , California.

| | |
|---|---|
| Signature of authorized party: | _(signature)_ |
| Name and title of authorized signer: | MEICHEN Jenny Wang |
| Name of eligible bidder entity: | MEICHEN, Penny Wang |
| Return Mailing Address of eligible bidder: | 23905 Clinton Keith RD#114-325 Wildomar CA 92595 |
| Email and Telephone number of eligible bidder: | meijan789@gmail.com   714-287-9188 |

**Page 2 of 2**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
3990 E. Concours Street, Suite 350, Ontario, CA 91764

A true and correct copy of the foregoing document entitled (*specify*): <u>Request for Judicial Notice in Support of Defendant's
Amended Motion to Dismiss Plaintiff's Complaint</u>  will be served or was served **(a)** on the judge in chambers in the form
and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
<u>December 8, 2025</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

U.S Trustee/(RS):  ustpregion16.rs.ecf@usdoj.gov
Debtor's Attorney:  Benjamin Heston:  bhestonecf@gmail.com, benheston@recap.email,
      NexusBankruptcy@jubileebk.net
Chapter 7 Trustee :  Charles W. Daff:  charleswdaff@gmail.com, c122@ecfcbis.com
Attorney for Chapter 7 Trustee:  Tinho Mang:  tmang@marshackhays.com, tmang@ecf.courtdrive.com;
      alinares@ecf.courtdrive.com; cmendoza@ecf.courtdrive.com; cmendoza@marshackhays.com

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) <u>December 8, 2025,</u> I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge <u>will be completed</u> no later than 24 hours after the document is filed.

Debtor:  Majed Fakhoury, 1243 Jacaranda Pl., Upland, CA 91784

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) <u>December 8, 2025</u>, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is
filed.

☐  Service information continued on attached page

Hon. Scott H. Yun
United States Bankruptcy Court
Central District of California
3420 Twelfth St., Suite 345
Riverside, CA 92501-3819.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/08/2025 | DARLENE VIGIL | /s/ Darlene Vigil |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                              **F 9013-3.1.PROOF.SERVICE**